# EXHIBIT B

# AFFIDAVIT OF SERVICE

STATE OF MINNESOTA )
                         ) ss
COUNTY OF RAMSEY  )                   Court File No. _____

Timothy L. Wolter, being duly sworn, on oath says: that on the 25th day of January, 2013 at 8:22 AM he served the attached Summons; Complaint; Exhibits to Complaint; Plaintiff's First Set of Interrogatories; Plaintiff's First Set of Requests for Admissions upon John Lawrence Steele, therein named, personally at 300 South Sixth Street, Minneapolis, County of Hennepin, State of Minnesota, by handing to and leaving with John Lawrence Steele, a true and correct copy thereof.

_____

Subscribed and sworn to before me
this 28th day of January, 2013.

_____
Notary Public



Carrielynn M. Veitch
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN 31 2015

Client / Matter #: Alan Cooper v. John L. Steele, et al

| STATE OF MINNESOTA<br>COUNTY OF HENNEPIN | DISTRICT COURT<br>FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Alan Cooper,<br><br>      Plaintiff<br><br>v.<br><br>John Lawrence Steele, Prenda Law Inc., AF Holdings, LLC, Ingenuity13, LLC,<br><br>      Defendants | Court File No.:<br><br><br><br>**Complaint** |

Alan Cooper, for his Complaint states and alleges as follows:

## INTRODUCTION

Defendant John Steele and the law firm Prenda Law, Inc. have falsely used Plaintiff Alan Cooper's name as an officer or director of two St. Kitts & Nevis based limited liability companies for the purpose of concealing the their true owners and to defraud others. All Defendants have worked together and used Plaintiff's name in furtherance of their scheme to demand settlements relating to alleged copyright infringement from individuals across the nation. Plaintiff asks this court for damages and injunctive relief so that he can be compensated for unlawful use of his name and to prevent any further unlawful use.

## JURISDICTION AND VENUE

1. Plaintiff is an individual residing in Mille Lacs County, Minnesota.
2. Defendant John Lawrence Steele is an individual residing in Cook County, IL. Steele's tortious conduct described in this Complaint was directed at Minnesota and he has knowingly caused the injuries described in this Complaint within Minnesota.

1

Furthermore, he also owns land in Aitkin County, MN. Therefore he is subject to personal jurisdiction pursuant to Minn. Stat. § 543.19.

3. Defendant Prenda Law, Inc. is a corporation with principal offices in Chicago, Illinois. Prenda has directed its tortious activities described in this Complaint towards individuals residing in the State of Minnesota and otherwise directed its business activities within the State of Minnesota including filing lawsuits within the State and sending settlement demands to residents of Minnesota.

4. Defendant Prenda Law, Inc. has at various times operated under the names "Steele Hansmeier, PLLC" and "Anti Piracy Law Group" but these entities are either identical, alter-ego identities, or are successor or predecessor firms. All of these law firms have the same principals, business model, and clients.

5. Defendant AF Holdings, LLC is a Nevis based limited liability company and has brought several lawsuits in the State of Minnesota fraudulently using Plaintiff's name as an officer or director. AF Holdings, LLC's conduct directed at Minnesota subjects it to personal jurisdiction within the state because this lawsuits arises out of its activities within Minnesota.

6. Defendant Ingenuity13, LLC is a Nevis based limited liability company and has brought several lawsuits in the State of Minnesota fraudulently using Plaintiff's name as an officer or director. Ingenuity13, LLC's conduct directed at Minnesota subjects it to personal jurisdiction within the state because this lawsuits arises out of its activities within Minnesota.

7. Venue is appropriate in Hennepin County because the tortious acts occurred in part within Hennepin County, including the use of Alan Cooper's name, by Defendants and for the benefit of Defendants in lawsuits filed in the U.S. District Court for the

District of Minnesota, located in Hennepin County.

## FACTS

8. Plaintiff had been hired in 2006 as a caretaker for a property Steele owns in Aitkin County.

9. Plaintiff was allowed to stay in a guest house on the property and helped with remodeling and general maintenance of the property.

10. While visiting his property, Steele had on several occasions discussed his plans and early successes in carrying out a massive, nationwide copyright enforcement litigation strategy.

11. Steele had also told Plaintiff that if anyone asked about any companies, that Plaintiff was not to answer and to call Steele directly.

12. Plaintiff confronted Steele, but was unable to determine what companies Steele was talking about.

13. Steele has in fact sued tens of thousands of individuals for copyright infringement nationwide.

14. Plaintiff has not participated in any part of Steele's litigation activities.

15. Steele and his law firm, Steele Hansmeier, PLLC, now known as Prenda Law, Inc. have gained significant attention due to the scope of their litigation.

16. Steele claims that he is merely "of counsel" with Prenda Law, Inc., but in fact controls operations at Prenda Law, Inc.

17. Sometime in November 2012, Plaintiff was informed that his name was being used as an officer or director of AF Holdings, LLC, a client of Prenda Law, Inc.

18. In various lawsuits filed in the past year, AF Holdings, LLC through its counsel has filed copies of copyright assignment agreements that bear the signature of an "Alan

3

Cooper" signing on behalf of AF Holdings, LLC.

19. A copy of one such assignment is attached as Exhibit A to this Complaint.

20. The signature of "Alan Cooper" in Exhibit A was not made by Plaintiff.

21. On at least one occasion, an "Alan Cooper" has acted as the manager of another client of Prenda Law, Ingenuity13, LLC.

22. A copy of one such document is attached as Exhibit B to this Complaint.

23. Again, Plaintiff did not sign the document shown as Exhibit B.

24. As described above, Steele and Plaintiff entered into an agreement for Cooper to care for Steele's property, a copy of that agreement is attached as Exhibit C.

25. Steele and the other Defendants used the signature in Exhibit C or another of Plaintiff's signatures as the model for creating the signature that appears on Exhibit A.

26. AF Holdings, LLC has filed over 200 copyright lawsuits in federal district courts across the nation within the past year.

27. Ingenuity13, LLC has filed over 50 copyright lawsuits in federal district courts across the nation within the past year.

28. All Defendants knew that Plaintiff's name was being used, without Plaintiff's knowledge, as an officer, director, or shareholder of both AF Holdings, LLC and Ingenuity13, LLC.

29. All Defendants intended to use Alan Cooper's name for their own benefit on AF Holdings, LLC and Ingenuity13, LLC documents.

30. All Defendants have in fact benefited from using Plaintiff's name for their own benefit on AF Holdings, LLC and Ingenuity13, LLC documents.

31. Defendants knew that Alan Cooper had not authorized the use of his name or signature on AF Holdings, LLC and Ingenuity13, LLC documents.

4

32. Both Steele and Prenda Law, Inc. participated in the creation of AF Holdings, LLC and Ingenuity13, LLC.

33. Defendants Steele and Prenda Law have actual control of Defendants AF Holdings LLC and Ingenuity13, LLC.

34. AF Holdings, LLC and Ingenuity13, LLC exist solely as instruments of Steele and Prenda Law, Inc.

35. Both Steele and Prenda Law, Inc. chose to organize AF Holdings, LLC and Ingenuity13, LLC in the nation of St. Kitts & Nevis because of the strict corporate privacy laws in that country.

36. Plaintiff's counsel made several attempts to contact Defendants about the use of the name "Alan Cooper" in lawsuits by AF Holdings, LLC and Ingenuity13, LLC.

37. Defendant Steele, when he heard that Prenda Law, Inc. had been contacted by Plaintiff's counsel did not respond to Plaintiff's counsel but rather called Plaintiff several times within a matter of minutes.

38. Despite repeated requests by Plaintiff's counsel, Defendants have not offered any explanation as to why Alan Cooper's name appears on documents relating to lawsuits filed by AF Holdings, LLC and Ingenuity13, LLC.

39. Plaintiff through his counsel filed the letter attached as Exhibit D in cases filed by AF Holdings, LLC and Ingenuity13, LLC in the District of Minnesota.

40. Defendants have claimed that the letter is "false" but have never attempted to explain what in particular about the allegations contained within that letter are false.

41. Defendants have never identified another person by the name of Alan Cooper who could plausibly have signed the documents shown as Exhibit A or Exhibit B.

## COUNT I

## INVASION OF PRIVACY - APPROPRIATION

42. Plaintiff repeats and realleges the above as if fully set forth below.

43. Defendants have appropriated Plaintiff's name for their own benefit.

44. Defendants did not have Plaintiff's permission to use his name to sign documents on behalf of AF Holdings, LLC or Ingenuity13, LLC

45. Defendants knew that the did not have Plaintiff's permission to use his name to sign documents on behalf of AF Holdings, LLC or Ingenuity13, LLC

46. Defendants intended to benefit and in fact did benefit by using Alan Cooper's name for corporate documents to conceal the true identities of officers, directors, and shareholders of AF Holdings, LLC and Ingenuity13, LLC.

## COUNT II

## VIOLATION OF MINN. STAT. § 325D.44

47. Plaintiff repeats and realleges the above as if fully set forth below.

48. Defendants, working in concert, have engaged in the following deceptive trade practices prohibited by Minn. Stat. § 325D.44.

49. By using Plaintiff's name as if he had signed documents on their behalf, Defendants have caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

50. Plaintiff is not the source of any of Defendants' goods or services and has never sponsored, approved or certified any of Defendants' goods or services.

51. By using Plaintiff's name in connection with documents signed on behalf of AF Holdings, LLC and Ingenuity13, LLC, Defendants have caused a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or

certification by, another, namely Alan Cooper.

52. Plaintiff has no affiliation, connection, or association with Defendants and has never certified Defendants or their actions.

53. By filing documents in court, bearing Plaintiff's name, Defendant Prenda Law, Inc. has created the false appearance of affiliation, connection, association, or certification of Defendants' activities

54. Defendants actions, taken as a whole, create a likelihood that there would be confusion or misunderstanding relating to whether Alan Cooper was involved in any way with Defendants and their business activities.

## COUNT III

## CIVIL CONSPIRACY

55. Plaintiff repeats and realleges the above as if fully set forth below

56. All Defendants have entered an agreement to use Plaintiff's name as if he were an officer or director of Defendants AF Holdings, LLC and Ingenuity13, LLC.

57. The use of Plaintiff's name in this manner is both unlawful and tortious.

58. By entering into this agreement, all Defendants have conspired to commit tortious acts as described within this Complaint.

59. Plaintiff has been damaged by these unlawful and tortious acts.

60. Each Defendant must therefore be held liable for any tortious act committed by any other Defendant.

## COUNT III

## ALTER EGO - PIERCING CORPORATE VEIL - AF HOLDINGS, LLC

61. Plaintiff repeats and realleges the above as if fully set forth below.

62. AF Holdings, LLC is not a properly organized limited liability corporation.

7

63. Upon information and belief, AF Holdings, LLC is a mere instrumentality of Steele and Prenda Law, Inc.

64. AF Holdings, LLC has never had an officer or director named Alan Cooper who signed the document shown as Exhibit A.

65. Upon information and belief, either Steele or someone working at his request signed the document as "Alan Cooper" shown as Exhibit A.

66. Upon information and belief, AF Holdings, LLC has no true officers or directors.

67. Upon information and belief, AF Holdings, LLC has fraudulently used Plaintiff's name and thereby used the LLC to perpetrate a fraud.

68. Upon information and belief, AF Holdings, LLC is and at all times was insufficiently capitalized for purposes of corporate undertaking.

69. Upon information and belief, AF Holdings, LLC observed little or no corporate formalities.

70. Upon information and belief, AF Holdings, LLC was insolvent or non-existent at time of the copyright assignment in question and throughout 2012 when it initiated numerous lawsuits.

71. Upon information and belief, AF Holdings, LLC's funds, to the extent it had any, were used solely for the benefit of the dominant members.

72. Upon information and belief, AF Holdings, LLC did not have functioning officers or directors other than its attorneys including Defendant John Steele.

73. Upon information and belief, AF Holdings, LLC has little or no corporate records.

74. Upon information and belief, AF Holdings, LLC's existence was a mere facade for individual dealings of its dominant members.

75. For the reasons above, AF Holdings, LLC's owners or members must be liable for AF

Holdings, LLC's actions.

## COUNT IV

### ALTER EGO - PIERCING CORPORATE VEIL - INGENUITY13, LLC

76. Plaintiff repeats and realleges the above as if fully set forth below.

77. Ingenuity13, LLC is not a properly organized limited liability corporation.

78. Upon information and belief, Ingenuity13, LLC is a mere instrumentality of Steele and Prenda Law, Inc.

79. Ingenuity13, LLC has never had an officer or director named Alan Cooper who could have signed the document shown as Exhibit B.

80. Defendant Prenda Law, Inc. is obligated to retain the original signed version of the document shown as Exhibit B.

81. Plaintiff's counsel has requested to see or to be provided with a copy of the original signed version of the document shown as Exhibit B.

82. Defendants have not produced for Plaintiff's counsel copies of the signed version of the document shown as Exhibit B.

83. Upon information and belief, Ingenuity13, LLC has no true officers or directors.

84. Upon information and belief, Ingenuity13, LLC has fraudulently used Plaintiff's name and thereby used the LLC to perpetrate a fraud.

85. Upon information and belief, Ingenuity13, LLC is and at all times was insufficiently capitalized for purposes of corporate undertaking.

86. Upon information and belief, Ingenuity13, LLC observed little or no corporate formalities.

87. Upon information and belief, Ingenuity13, LLC was insolvent or non-existent at time of the copyright assignment in question and throughout 2012 when it initiated

9

numerous lawsuits.

88. Upon information and belief, Ingenuity13, LLC's funds, to the extent it had any, were used solely for the benefit of the dominant members.

89. Upon information and belief, Ingenuity13, LLC did not have functioning officers or directors other than its attorneys including Defendant John Steele.

90. Upon information and belief, Ingenuity13, LLC has little or no corporate records.

91. Upon information and belief, Ingenuity13, LLC's existence was a mere facade for individual dealings of its dominant members.

92. For the reasons above, Ingenuity13, LLC's owners or members must be liable for Ingenuity13, LLC's actions.

## COUNT V

## ALTER EGO - PIERCING CORPORATE VEIL - PRENDA LAW, INC.

93. Plaintiff repeats and realleges the above as if fully set forth below.

94. Prenda Law, Inc. was an Illinois based corporation engaged in the practice of law.

95. Prenda Law, Inc. was not properly organized as a professional services corporation under Illinois law, as required of law firms organized as corporations.

96. Prenda Law, Inc. did not file an annual renewal due in late 2012.

97. Despite having not filed an annual renewal, Prenda Law, Inc. continued to provide legal services including litigating cases on behalf of AF Holdings, LLC and Ingenuity13, LLC which made use of documents purportedly signed by Plaintiff.

98. Upon information and belief, Prenda Law, Inc. is a mere instrumentality of Steele.

99. Upon information and belief, officers of Prenda Law, Inc. have fraudulently used Plaintiff's name and thereby used the corporation to perpetrate a fraud.

100. Upon information and belief, Prenda Law, Inc. is and at all times was *insufficiently*

capitalized for purposes of corporate undertaking.

101. Upon information and belief, Prenda Law, Inc. observed little or no corporate formalities.

102. Upon information and belief, Prenda Law, Inc. was insolvent or non-existent at time of transaction in question.

103. Upon information and belief, Prenda Law, Inc.'s funds, to the extent it had any, were used solely for the benefit of the dominant shareholder.

104. Upon information and belief, Prenda Law, Inc. has little or no corporate records.

105. Upon information and belief, Prenda Law, Inc. was controlled by individuals other than its shareholders.

106. Upon information and belief, Prenda Law, Inc.'s existence was a mere facade for individual dealings of Steele.

107. For the reasons above, Prenda Law, Inc.'s owners or shareholders must be liable for it's actions.

WHEREFORE, Plaintiff Alan Cooper prays for judgment of the Court against the Defendants for the following relief:

1. Monetary damages against all parties;
2. Reasonable costs and disbursements;
3. Injunctive relief, including, an order forbidding the further use of Plaintiff Alan Cooper's name in connection with any of Defendants' activities;
4. Declarative relief, including, a determination that Plaintiff never acted signed documents on behalf of AF Holdings, LLC or Ingenuity13, LLC and has never been an officer or director of AF Holdings, LLC or Ingenuity13, LLC;

5. Leave of the Court to amend this Complaint to add a claim for punitive damages;

6. For such other relief as the Court determines to be fair and equitable.

Dated: January 23, 2013                GODFREAD LAW FIRM, PC

                                        By: _____
                                        Paul Godfread (389316)
                                        100 South Fifth Street, Suite 1900
                                        Minneapolis, MN 55402
                                        (612) 284-7325

                                        Attorney for Plaintiff, Alan Cooper

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minnesota Statutes § 549.211, subd. 2, to the party against whom the allegations in this pleading are asserted.

Dated: January 22, 2013                GODFREAD LAW FIRM, PC

                                        By: _____
                                        Paul Godfread (389316)