**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PRENDA LAW | Case No. 3:13-cv-00207-DRH-SCW |
| Plaintiff, | Removed from: |
| v. | The Circuit Court of St. Clair County, IL<br>Case No. 13-L-0075 |
| PAUL GODFREAD, ALAN COOPER, and JOHN DOES 1-10, | |
| Defendants. | Honorable David R. Herndon<br>Honorable Stephen C. Williams |

**MEMORANDUM IN SUPPORT OF DEFENDANTS PAUL GODFREAD & ALAN COOPER MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TRANSFER VENUE TO THE NORTHERN DISTRICT, EASTERN DIVISION OF ILLINOIS**

Defendants, Alan Cooper and Paul Godfread (collectively "Defendants"), find themselves subject to a series of retaliatory lawsuits filed by the Plaintiff and its associates, all stemming from a claim Defendant Cooper filed in Minnesota to clear his name. Complaint, ¶¶ 6-7.

As a preliminary matter, venue cannot be maintained in the Southern District of Illinois because the venue provision of 28 U.S.C. §1391 confers venue to the United States District Court for the Northern District, Eastern Division of Illinois—which is the district a) that encompasses the location where the defamatory harm is alleged to have been felt; and b) where the Plaintiff's principal place of business is located. *See* 28 U.S.C. §1391 *et al*. Consequently, this matter should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3).

If the Court concludes that dismissal is not the appropriate remedy, then transfer of this matter to the Northern District, Eastern Division of Illinois is appropriate pursuant to 28 U.S.C. §1406(a). Alternatively, should this Court determine that venue is proper in the Southern District of Illinois, a transfer of venue is still appropriate under 28 U.S.C. §1404(a) for the convenience of the parties. *See*, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988); *Willis v. Caterpillar Inc.*, 199 F.3d 902, 905 & n.4 (7th Cir. 1999). In addition to the Northern District, Eastern Division of Illinois being a proper venue for this action, it is also the locus of the operative claim, the venue where most

of the witnesses are located, and the location where all of the relevant documents are stored. Thus, dismissal or transfer to the Northern District, Eastern Division of Illinois is appropriate under these circumstances.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Prenda Law, Inc. is a law firm whose attorneys, John Steele, Paul Duffy and Paul Hansmeier, have developed a lucrative practice monetizing copyright infringement allegations of pornographic films. To date, Plaintiffs have filed over 200 multiple defendant cases against more than 20,000 defendants. However, the fundamental element has remained the same: pay a "settlement" to make the accusations go away, or face the embarrassment and expense required to prove your innocence.

Defendant Alan Cooper was hired in 2006 as a caretaker for property John Steele owns in Aitkin County, Minnesota. While visiting his property, Steele discussed with Cooper on several occasions his plans and early successes in carrying out a massive, nationwide copyright enforcement litigation strategy. It was during one of these conversations Steele told Cooper that if he was contacted regarding his role in any companies, that Cooper was not to answer and to call Steele immediately. Sometime thereafter, Cooper became aware that his name was being used as an officer of AF Holdings, LLC and Ingenuity13, LLC, clients of Prenda Law, Inc.

In November 2012, Cooper retained Godfread for purposes of confirming that it was a different Alan Cooper who was the CEO of AF Holdings, LLC and Ingenuity13, LLC, and not him. What followed was two months of evasive answers and uncooperative behavior on the Plaintiffs' part, prompting Cooper to file suit on January 25, 2013 to resolve the issue.[1] *Alan Cooper v. John Steele, et al.*, No. 27-cv-13-3463 (4th Dist., Hennepin Cty., MN) (Jan. 25, 2013).

Eighteen days after Cooper filed his complaint, Plaintiff filed the first of its state court defamation claims.

Plaintiff, Prenda Law, Inc., an Illinois corporation with its principal place of business in Chicago, Illinois, filed its Complaint on February 12, 2013. The action bears the same title and state court case number as noted above and is docketed in the Circuit Court for the Twentieth Judicial

[1] For a judicial record of the Alan Cooper issue and Plaintiff's conduct, Defendants point the court to the proceedings in *Ingenuity 13 v. John Doe*, No. 12-cv-8333-ODW (C.D. Cal. 2012) beginning with ECF No. 48.

Circuit, St. Clair County, Illinois. Defendants removed this action to the Southern District of Illinois on Feb. 28, 2013, No. 13-cv-00207.

Paul Duffy, an Illinois citizen residing in Chicago, Illinois and "sole principal" of Prenda Law, filed his Complaint in Cook County on February 15, 2013. *Paul Duffy v. Paul Godfread, Alan Cooper & John Does 1-10*, No. 13-L-001656, (Cir. Court, Cook Cty., IL). Defendants removed this action to the Northern District of Illinois on Feb. 28, 2013, No. 13-cv-1569.

John Steele, counsel for Prenda Law, filed his Complaint on February 25, 2013 in the Circuit Court for the Eleventh Judicial Circuit, Miami-Dade County, Florida. *John Steele v. Paul Godfread, Alan Cooper & John Does 1-10*, No.13-6680 CA 4, (11th Cir., Miami-Dade Cty., FL.). Defendants removed this action to the Southern District of Florida on March 1, 2013, No. 13-cv-20744. Steele voluntarily dismissed his action March 6, 2013.[2]

As to the issues of proper venue, and the proper district within Illinois, the following facts apply. First, the Plaintiff is an Illinois law firm with its principal place of business in Chicago, Cook County, Illinois. Complaint, ¶ 5. The effects of the alleged defamation described in the instant complaint were felt in Chicago, Cook County, Illinois. The firm's principal, Paul Duffy, resides in and does business in Cook County, Illinois. Finally, all records and documents relating to this action are located in or near Chicago, Cook County, Illinois.

## II. ARGUMENT

Defendant moves to have this matter dismissed or, in the alternative, transferred from the Southern District to the Northern District of Illinois, not to a state or a foreign court. As such, the common law doctrine of *forum non conveniens* is inapplicable.

[2] Upon available information and belief, the reason for the dismissal was threefold 1) a pending sanctions motion against Prenda Law in another matter before the assigned judge; 2) Steele, whose complaint referred to himself as counsel and requested attorney's fees, had already run afoul of the Florida Bar for the unlicensed practice of law; and 3) Steele represented himself as a Florida citizen, yet two months prior filed an affidavit claiming Nevada citizenship in a sanctions motion against him in Florida.

**A. Venue is Improper in the U.S. District Court for the Southern District of Illinois and Dismissal is Warranted.**

Where venue is improper, a case is appropriately dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(3). In considering a motion to dismiss for improper venue, the plaintiff bears the burden of establishing proper venue. *Solis v. Wallis,* No. 11-cv-3019, 2012 U.S. Dist. LEXIS 124610 (N.D. Ill. Aug. 30, 2012) (citing *Int'l Travelers Cheque Co. v. BankAmerica Corp*., 660 F.2d 215, 222 (7th Cir. 1981)).

Based on the plain language of 28 U.S.C. § 1391, and as set forth below, Plaintiff's claims are improperly venued in the Southern District of Illinois for several reasons. First, none of the defamatory acts alleged by Plaintiff occurred in the Southern District of Illinois. Though Plaintiff sweepingly declare that the alleged false statements were published online, "theoretically extending to every person on Earth" (Complaint, ¶ 3), Plaintiff fails to proffer any allegation establishing any act by the Defendants in the Southern District of Illinois. Instead, Plaintiff alleges that "some or part of the transactions described herein occurred in this county and upon information and belief, one or more of the Defendants reside in St. Clair County, Illinois." Complaint, ¶ 11. But Plaintiff has already identified Defendants as being citizens of Minnesota, (Complaint, ¶¶ 6-7), and the source of the defamation as being "allegations in a complaint filed in the District Court for the Fourth Judicial District of Minnesota." *Id.* Second, the Northern District of Illinois is the location where Plaintiff is based, "Plaintiff is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in Chicago, Illinois." Complaint, ¶ 5. Likewise, any records and documents relevant to Plaintiff's allegations are maintained in the Northern District of Illinois. Plaintiff has made no allegation, nor is there a plausible assumption, that supports venue in the Southern District of Illinois, other than the retaliatory nature of Plaintiff's defamation actions. Plaintiffs' attempt to maintain venue in the Southern District of Illinois based upon its pleadings alone is unsustainable.

Accordingly, this Court should dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

**B. This Court Has Discretion to Transfer this Action to the Northern District of Illinois Pursuant to 28 U.S.C. § 1406(a).**

Although dismissal is warranted under the venue provisions of 28 U.S.C. §1391, should this Court decide not to dismiss the Complaint, transfer of this matter to the United States District Court for the Northern District of Illinois is appropriate. *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (holding transfer proper instead of dismissal where dictated by justice). *See also, Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964); *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989). Pursuant to §1406(a), a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a).

For the reasons set forth above, the Northern District of Illinois is a proper venue for this action. The alleged harm occurred in that District, any witnesses are likely located in that District, and any relevant records are maintained in that District. Further, Plaintiff can be found in that District as its principal place of business is in that District. Accordingly, if this Court determines that dismissal is not appropriate in these circumstances, this action should be transferred to the Northern District, Eastern Division of Illinois where venue is proper.

**C. Alternatively, this Action is Properly Transferred to the Northern District of Illinois Pursuant to 28 U.S.C. § 1404(a) .**

Alternatively, if this Court determines that venue is proper in the Northern District of Illinois, transfer is still warranted under 28 U.S.C. §1404(a). *Advanced Fresh Concepts Franchise Corp. v. Lwin Family Co.*, No. 03-cv-2255, 2004 U.S. Dist. LEXIS 6722, * 2 (N.D. Ill. Jan. 20, 2004) ("A prerequisite to invoking § 1406(a) is that the venue must be improper … If the original forum was a proper venue, § 1406(a) cannot apply and 28 U.S.C.A. §1404(a) is the relevant statute"). In considering a motion to transfer venue pursuant to §1404(a), the Court must accept as true all well-pleaded facts in the Complaint, unless they conflict with affidavits or other evidence submitted by the defendant. *J & L Mgmt. Corp. of Ohio v. Arcelormittal Wierton, Inc.,* No. 08-cv-4749, 2008 U.S. Dist. LEXIS 96115, *1-2 (N.D. Ill. Nov. 25, 2008)

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Under Seventh Circuit precedent, three prerequisites must be satisfied before a case may be transferred pursuant to §1404(a): 1) venue must be proper in the transferor court; 2) venue must be proper in the transferee court; and 3) the transfer must serve the convenience of the parties and witnesses, and be in the interest of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

Courts generally consider five factors in determining which venue is most convenient to the parties and witnesses, including: 1) the plaintiff's choice of forum; 2) the situs of material events; 3) the relative ease of access to sources of proof; 4) the convenience of the witnesses; and 5) the convenience to the parties of litigating in the respective forums. *Morton Grove Pharm., Inc. v. Nat'l Pediculosis Ass'n, Inc.,* 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007). Applying these settled standards, it is clear that a transfer to the Northern District of Illinois is proper.

While a plaintiff's choice of venue is normally given deference, "[a] plaintiff's choice of forum is afforded less deference, however, when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events." *Powell v. Sparrow Hosp.*, No. 09-cv-3239, 2010 U.S. Dist. LEXIS 13665, *7 (N.D. Ill. Feb. 12, 2010); (citing *Morton Grove Pharms., Inc. v. Nat'l Pediculosis Ass'n, Inc.*, 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007)). Furthermore, the plaintiff's choice of venue "is given less weight when the plaintiff is a non-resident of the chosen forum." *Countryman v. Stein, Roe & Farnham*, 681 F. Supp. 479, 482-83 (N.D. Ill. 1987). Here, the Northern District of Illinois has a much stronger relationship to the dispute, while the Southern District has virtually no connection to any event, material or otherwise, alleged in the Complaint. Furthermore, Plaintiff is a resident of Chicago Illinois. Complaint ¶ 5 (identifying Plaintiff's principal place of business as Chicago, Illinois). Thus, Plaintiff's choice of forum should be provided no deference.

The Court's consideration of the relative ease of access to sources of proof should also favor transfer. The vast majority of proof (in the form of both witness and document production) will

inevitably come from the Plaintiff. Therefore, the location of Plaintiff's sources of proof should be weighed significantly in the transfer analysis. Notably, because Plaintiff does not reside in the Southern District nor is there any reason to believe that they maintain their records in the Southern District, permitting this action to proceed here would be just as inconvenient for the Plaintiff as the Defendants.

The same holds true for the convenience of witnesses. Because Plaintiff does not reside in the Southern District, they will be required to travel. On the other hand, each of the probable witnesses in Plaintiff's Complaint are likely located in or around Chicago, Illinois. *Cf. Cont'l Cas. Co. v. Staffing Concepts, Inc*., No. 06-cv-5473, 2009 U.S. Dist. LEXIS 86370, *17-18 (N.D. Ill. Sept. 18, 2009) (stating that the location of non-party witnesses is a crucial factor in the transfer analysis). Forcing a bevy of witnesses to travel from Chicago to the East St. Louis area, would impose both a financial and logistical burden on the witnesses and potentially on the Court. *Buehler v. S & G Enters. Inc.,* No. 09-cv-1396, 2009 U.S. Dist. LEXIS 46201, *14 (N.D. Ill. June 2, 2009) (stating that when evaluating the convenience of the parties a court is advised to consider issues that "make trial of a case easy, expeditious, and inexpensive"). Thus, this factor also favors transfer.

## III. CONCLUSION

On the basis of Plaintiff's Complaint alone, venue cannot be maintained in the Southern District of Illinois because the venue provision of 28 U.S.C. §1391. Consequently, this matter should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3).

If the Court concludes that dismissal is not appropriate, then transfer of this matter to the Northern District, Eastern Division of Illinois is appropriate pursuant to either 28 U.S.C. §1406(a) or 28 U.S.C. §1404(a).

Dated: March 26, 2013

Respectfully submitted,

/s/ Erin Kathryn Russell
Counsel for Defendants
Paul Godfread and Alan Cooper

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of March, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Erin Kathryn Russell