IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PRENDA LAW, INC., | ) | Case No. 3:13-cv-00207-DRH-SCW |
| | ) | |
| Plaintiff, | ) | Removed from: |
| | ) | |
| v. | ) | The Circuit Court of St. Clair County, IL |
| | ) | Case No. 13-L-0075 |
| PAUL GODFREAD, ALAN COOPER, | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' OPPOSITION IN RESPONSE TO PLAINTIFF'S
<u>MOTION TO REMAND</u>

COME NOW Defendants Paul Godfread and Alan Cooper, by and through counsel, and in opposition to Plaintiff's Motion to Remand show the Court as follows:

I.    INTRODUCTION

This matter was properly removed from the Circuit Court of St. Clair County on March 1, 2013. Plaintiff has since filed a Motion to Remand riddled with inaccuracies, misstatements and misrepresentations.

The crux of Plaintiff's argument in support of remand is that, prior to removal, they allegedly filed an amended complaint in St. Clair County that would destroy diversity by adding a Minnesota plaintiff, Alpha Law Firm. [ECF No. 12, p. 4]. However, the amended complaint referred to by Plaintiff is a legal nullity, and cannot be considered for the purposes of assessing diversity, or for any other purpose.

Under Illinois law, unlike under the Federal Rules of Civil Procedure, the court must authorize all amendments to pleadings, except those made to conform pleadings to the proof. Plaintiff never filed a motion for leave to amend the St. Clair County complaint, and no order granting such relief was ever issued. Instead, their counsel, Kevin Hoerner, personally delivered

the amended complaint to the clerk's office and falsely represented to a supervisor in the clerk's office that no motion to amend was required because none of the defendants had yet been served. Based on that representation, the supervisor accepted the amended complaint and stamped it. However, at the time the amended complaint was filed with the clerk's office, both Defendant Godfread and Defendant Cooper had been served with summons and copies of the original complaint, a fact that was known to Prenda[1].

Plaintiff also failed to timely file their Motion to Remand. A motion to remand based on a procedural defect must be filed within 30 days of the Notice of Removal. Plaintiffs filed nine days late.

Defendants' removal of this case was proper. Plaintiff's Motion to Remand must be denied, and Plaintiff should be ordered to pay Defendants' reasonable attorneys' fees in responding to it.

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

Prenda Law, Inc. is a law firm whose attorneys, John Steele, Paul Duffy and Paul Hansmeier, have developed a lucrative practice monetizing copyright infringement allegations of pornographic films. To date, Plaintiffs have filed over 200 multiple defendant cases against more than 20,000 defendants. However, the fundamental element has remained the same: pay a "settlement" to make the accusations go away, or face the embarrassment and expense required to prove your innocence.

### A.    The Theft Of The Identity Of Alan Cooper.

Defendant Alan Cooper ("Cooper") was a caretaker from 2006-2012 for property John Steele ("Steele") owned in Aitkin County, Minnesota. While visiting his property, Steele, on several

---

[1] Prenda attorney John Steele called and left a message gloating about service having been made on Godfread within an hour of service being made.

occasions, discussed with Cooper his plans and early successes in carrying out a massive, nationwide copyright enforcement litigation strategy. It was during one of these conversations Steele told Cooper that if he was ever contacted regarding "any of my law firm[s] or anything that has to do with me, don't answer and call me." ECF No. 15-2, p. 23. Sometime thereafter, Cooper became aware that his name was being used as an officer of AF Holdings and Ingenuity 13—clients of Prenda Law.

In November 2012, Cooper retained Godfread for purposes of confirming that it was a different Alan Cooper who was the CEO of AF Holdings, LLC and Ingenuity13, LLC, and not him. Godfread made several inquiries with Steele asking that he confirm that it was a different Alan Cooper, and not his client, who was the alleged CEO of AF Holdings and Ingenuity 13[2]. What followed was two months of evasive answers and uncooperative behavior on the Plaintiffs' part. *See* ECF No. 15-3; ECF No. 15-4, p. 9. Ultimately, Cooper had no choice but to file suit against Steele, Prenda, AF Holdings and Ingenuity 13 to resolve the issue. ECF No. 15-5[3].

B.    Retaliation Against Godfread And Cooper.

Steele was served with Defendants' Minnesota complaint on January 25, 2013. [ECF No. 13, p. 2].  Eighteen days later, and before Plaintiff answered Defendants' complaint, Plaintiff filed the first of its three retaliatory state court defamation claims.

Plaintiff, Prenda Law, Inc., an Illinois corporation with its principal place of business in Chicago, Illinois, filed its retaliatory Complaint on February 12, 2013. The action bears the same title and state court case number as noted above and is docketed in the Circuit Court for the

---

[2] The Prenda litigation scheme, and the theft of the identity of Alan Cooper, was exposed in detail by the Honorable Otis D. Wright II of the United States District Court for the Central District of California in an order issued on May 6, 2013, in which he levied monetary sanctions against Attorneys Steele, Duffy and Hansmeier as well as Prenda Law; referred Steele, Duffy and Hansmeier to their respective state and federal bars for discipline; and referred Steele, Duffy, Hansmeier, Prenda and others to both the United States Attorney's Office as well as the IRS CID Investigation Unit for criminal investigation. (Ex. D)[2]. Judge Wright directed that a copy of his order be delivered to every judge before whom any of these attorneys has a case. (Ex. D, p. 10-11). In his sanctions order, Judge Wright made a specific finding of fact that Steele, Hansmeier and Duffy stole the identity of Defendant Alan Cooper. (Ex. D, p. 5).

[3] Steele, Prenda, AF Holdings and Ingenuity 13 all failed to timely answer the Minnesota complaint, and a motion for default is pending. (Ex. E).

Twentieth Judicial Circuit, St. Clair County, Illinois. Defendants removed this action to the Southern District of Illinois on March 1, 2013, No. 13-cv-00207. [ECF No. 15-7]

Paul Duffy, an Illinois citizen residing in Chicago, Illinois and one of the principals of Prenda Law, filed his Complaint in Cook County on February 15, 2013. *Paul Duffy v. Paul Godfread, Alan Cooper & John Does 1-10*, No. 13-L-001656, (Cir. Court, Cook Cty., IL). Defendants removed this action to the Northern District of Illinois on Feb. 28, 2013, No. 13-cv-1569. [ECF No. 1]

John Steele, counsel for Prenda Law, filed his Complaint on February 25, 2013 in the Circuit Court for the Eleventh Judicial Circuit, Miami-Dade County, Florida. *John Steele v. Paul Godfread, Alan Cooper & John Does 1-10*, No.13-6680 CA 4, (11th Cir., Miami-Dade Cty., FL.). Defendants removed this action to the Southern District of Florida on March 1, 2013, No. 13-cv-20744. Steele voluntarily dismissed his action March 6, 2013. [ECF No. 15-10].

The original St. Clair County complaint, executed by Prenda's St. Clair County counsel, Kevin Hoerner, was served on Godfread on February 15, 2013 and on Cooper on February 20, 2013. (Ex. B and C).

C.    The Sham Amended Complaint.

On February 21, 2013, Kevin Hoerner, counsel for Prenda and a partner in a Belleville, Illinois law firm, personally delivered to the clerk's office for the St. Clair County Circuit Court an "amended complaint"[4]. [ECF No. 12-1]. Upon information and belief, when the clerk's office employee at the window expressed reservation about accepting an amended complaint without

---

[4] The "amended complaint" purports to add a plaintiff, Alpha Law, LLC, a Minnesota law firm owned and operated by Prenda principal Paul Hansmeier. However, there is not a single substantive difference between the sham amended complaint and the original complaint other than counsel for Plaintiff having slapped the name Alpha Law on to the caption of the case and at the beginning of the document as a party. Not a single factual allegation was changed or added to reflect any reason for Alpha to be added as a party. This supports Defendants' position, and a very obvious conclusion, that the sham amended complaint was hustled through the St. Clair County Circuit Clerk's Office in an attempt at fraudulently joining a non-diverse party. Since the amended complaint is a legal nullity, Defendants have not fully advanced the obvious fraudulent joinder argument here.

an order granting a motion to amend, as required under Illinois law, Judy Kent, a supervisor in the Small Claims and Civil Division of the St. Clair County Circuit Clerk's Office, was brought in to look at the document and make a determination as to whether it would be accepted.

In response to questioning by Ms. Kent as to why there was no motion for leave to amend or order granting such a motion, Attorney Hoerner falsely represented to her that no motion to amend was required because none of the defendants had yet been served. *See* Ex. A. However, as is evident from the affidavits of service attached as Exhibits B and C, both Defendant Godfread and Defendant Cooper had been served the original complaint at the time Mr. Hoerner made his representations to Ms. Kent.

At the time those representations were made to Judy Kent in order to convince her to accept their "amended complaint", Prenda <u>knew</u> service of the original complaint had been achieved, at least as to service on Godfread. Prenda attorney John Steele called Godfread on February 15, 2013, within an hour of Godfread being served, and left the following voice mail message:

> "Mr. Godfrey. This is John Steele calling. I understand that you just got served. So, I do need to know if you are going to be representing Mr. Cooper in this suit as well. Obviously there is a conflict of interest that I can see but obviously I'm going to have to defer that decision about whether you are going to represent your co-defendant to you. Uhm and I leave the question as to the other suits that are coming your way in the next few days, I'll just wait until you actually get served before I bringing those up, but at least on this issue, this suit, I do need to know if I may contact Mr. Cooper directly or if I will be working through you. All right. Thank you."

Ms. Kent could not have known both Defendants had already been served. She checked the computers at the Clerk's office and saw no affidavits of service. (Ex. A). However, Prenda did not file the affidavits of service until March 5, 2013. (Ex. B and C).

D.    <u>Removal Based On The Only Operative Complaint</u>.

Defendants filed their Notice Of Removal on March 1, 2013. [ECF No. 2]. At the time of removal, the only operative complaint filed in St. Clair County was the original complaint. It was this complaint upon which Defendants based their removal.

At that time, neither Defendants nor undersigned counsel were aware of any alleged attempt by Plaintiffs to amend the St. Clair County complaint. Plaintiff's Motion to Remand also misrepresents the status of the St. Clair County case in this regard. Contrary to Plaintiff's false assertion, counsel for Defendants never appeared in the St. Clair County case[5]. *See* St. Clair County docket, a copy of which is attached hereto as Exhibit F. Undersigned counsel first became aware of the "amended complaint" when it was emailed to Erin Russell on March 1, 2013, after the removal had been filed. [ECF No. 12-3]. Defendant Godfread received a copy in the mail on March 2, 2013, in an envelope postmarked from Belleville, Illinois on February 27, 2013[6]. (Ex. G).

II.    ARGUMENT AND CITATION OF AUTHORITY

A.    <u>Plaintiff's Amended Complaint Is A Nullity</u>.

Under Illinois law, leave to amend is always required. An amendment to a pleading made without leave of court is a nullity. *Moyer v. Southern Illinois Hospital Service Corp.,* 327 Ill.App.3d 889, 895 (Ill.App.3d 2002); *Kurczaba v. Pollock*, 742 N.E.2d 425, 439 (Ill. App.3d 2000) (collecting cases) ("while a filing is a part of the public record upon its submission and acceptance by the circuit court, it is not a part of a judicial proceeding, *e.g.,* a *valid* filing, until

---

[5] Plaintiff's counsel certainly did not act as if he believed counsel had appeared for Godfread and Cooper in St. Clair County. The certificates of service for both the "amended complaint" and the motion for leave to conduct early discovery filed by Plaintiff contain only references to service on Godfread and Cooper. *See* ECF No. 12-1 and Ex. H.

[6] The "amended complaint" has a certificate of service dated February 21, 2013. [ECF No. 12-1]. The certificate also purports to serve copies of the "amended complaint" on Godfread at his office address and to Cooper *in care of Godfread*[6]. The copy of the "amended complaint" received by Godfread in the envelope postmarked on February 27 is the same as the "amended complaint" attached to Plaintiff's Motion to Remand. It includes the certificate of service dated February 21.

leave to file has been granted."); *Midwest Bank & Trust Co. v. Village of Lakewood*, 447 N.E.2d 1358, 1362 (Ill. App.3d 1983) (a pleading filed without leave of court must be disregarded on review). There is not an absolute right to amend and whether to allow amendment is a matter addressed to the court's sound discretion. Amendments to the pleadings are regulated by 735 ILCS 5/2-616. *Westfield Ins. Co. v. Birkey's Farm Store*, 924 N.E.2d 1231, 1247 (Ill. App.3d 2010) ("A party's right to amend pleadings … is not absolute or unlimited"). 735 ILCS 5/2-616, in contrast to FRCP 15, contains no period of time during which an amendment to the pleadings made without leave of court. 3 ILPRAC § 26:1.

There is no "amended complaint". As demonstrated above, Plaintiff misled a supervisor in the St. Clair County Circuit Clerk's office and filed an unauthorized amended complaint without leave of court on February 21, 2013. It cannot be considered in support of a Motion to Remand.

        B.      <u>Diversity Of Citizenship Exists And Is Unaffected By Plaintiff's Sham Amended Complaint</u>.

For removal purposes, diversity of citizenship generally is ascertained as of the time the lawsuit is commenced and again as of the time of removal. Under *Murphy Brothers,* the timeliness of removal turns on when, if at all, service was affected. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (time for removal is triggered by formal service).

Defendant Godfread was served a copy of the original St. Clair County complaint on February 15, 2013. (Ex. B). Defendant Cooper was served a copy of the original St. Clair County complaint on February 20, 2013. (Ex. C). <u>Each</u> Defendant had 30 days from the date of service to file a notice of removal. 28 U.S.C. §1446(b)(2)(B). As such, Defendant Godfread had until March 18, 2013 (the 30th day falling on Sunday, March 17, 2013) and Defendant Cooper had until March 22, 2013 to file a notice of removal. The Defendants filed their Notice of Removal on March 1, 2013. [ECF No. 2].

C.    Removal Based On The Original Complaint Was Proper.

It is axiomatic that the propriety of removal is determined on the basis of Plaintiff's pleading as it existed at the time of removal. *Momans, et al v. St. John's Northwestern Military Academy, Inc., et al.*, 2000 U.S. Dist. LEXIS 5129 (N.D. Ill. April 20, 2009), *citing American Fire & Cas. Co., v Finn*, 341 U.S. 6, 14 (1951); *Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir, 1992).

At the time of the removal of this case on March 1, 2013, the only complaint that existed was Plaintiff's original complaint. The original complaint was filed in St. Clair County on February 12, 2013. [ECF No. 2-1] On that date, complete diversity existed. Prenda Law, Inc. was an Illinois corporation, and Defendants Godfread and Cooper were each citizens of the State of Minnesota who were permanently domiciled in Minnesota.

D.    Plaintiff's Motion To Remand Is Untimely.

Procedural challenges to removal must be filed within 30 days of the Notice of Removal. 28 U.S.C. §1447(c). Defendants removed this matter on March 1, 2013. [ECF No. 2]. The time for Plaintiff to move to remand expired on April 1, 2013. Plaintiff filed its Motion to Remand on April 10, 2013. [ECF No. 12].

On March 3, 2013, the Court ordered Defendants to clarify their grounds for the existence of diversity jurisdiction by pleading that they were domiciled in Minnesota rather than residents of Minnesota. [ECF No. 3]. On March 11, 2013, Defendants filed an Amended Notice of Removal showing the Court that Defendants Godfread and Cooper are both domiciled in Minnesota and plan to remain there permanently. [ECF No. 4].

A notice of removal may be freely amended within the 30-day period in which the notice must be filed. Further, amendment may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction. *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. *1982); see Stein v.*

*Sprint Communications Co.*, 968 F. Supp. 371, 376 (N.D. Ill. 1997) (defendant could not amend its removal petition after 30-day limit).

Any defect in Defendants' original Notice of Removal was procedural in nature, not jurisdictional. At the time the Notice of Removal was filed on March 1, 2013, diversity jurisdiction existed. By failing to file its objection within 30 days as required by 28 U.S.C. §1447(c), Plaintiff waived its right to seek remand. 28 U.S.C. §1447(c); *Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) (Defendant's failure to correctly allege grounds for removal jurisdiction was procedural in nature, not jurisdictional, because diversity jurisdiction existed at time of removal; accordingly, plaintiff waived right to seek remand because motion was not made within 30 days after removal).

III.    CONCLUSION

Plaintiff's Motion to Remand is comprised almost entirely of inaccurate statements and misrepresentations. It should be denied, and Plaintiff and its counsel should be ordered to pay Defendants' costs and attorney's fees incurred in responding to it.

There simply is no viable amended complaint that could be used to affect the removal of this case. The circumstances surrounding the engineering of the filing of the amended complaint are clear and unambiguous. As noted herein, Illinois law requires leave of court in order to amend a complaint after service. 735 ILCS 5/2-616. Plaintiff knew its original complaint had been served. *See* transcription of John Steele voice mail left on Defendant Godfread's mobile phone. Prenda attorney John Steele called Paul Godfread within an hour of service of the original complaint to gloat about having served him. A week later, Kevin Hoerner appeared in the St. Clair County Clerk's office and misrepresented the status of the case in order to hornswoggle a supervisor in the Clerk's office into stamping an amended complaint he knew or should have known was improperly filed without leave of court.

Despite having engineered the entire sham amended complaint, Plaintiff has filed a motion to remand insisting that the amended complaint governs and asking the court to penalize

Defendants and their counsel for following the case law governing amended complaints and removal in removing this action to this Court. Their requests, and their motion to remand, are being made in bad faith under the circumstances described herein.

Plaintiff also misrepresented to the Court that Defendants are disregarding their amended complaint "despite the fact that their attorneys appeared in the St. Clair County case." [ECF No. 12-2]. This statement is false. A review of the docket reveals appearances by no party or counsel other than Prenda and Kevin Hoerner. (Ex. F). It is worth noting that if Plaintiff believed counsel had appeared in the St. Clair County case, said counsel would have been entitled to notice of the motions filed by Plaintiff in that case in which they sought leave to conduct early discovery. No such notice was given.

Finally, Plaintiff's Motion to Remand is untimely. Plaintiff had 30 days from the date of removal to file its motion. It failed to do so. Plaintiff's Motion to Remand must be denied.

WHEREFORE, Defendants Paul Godfread and Alan Cooper respectfully request that the Court enter an Order denying Plaintiff's Motion to Remand and awarding Defendants' reasonable attorney's fees incurred in responding to Plaintiff's frivolous Motion to Remand.

Respectfully submitted,

/s/ Erin Kathryn Russell
Counsel for Defendants
Paul Godfread and Alan Cooper

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

/s/ Jason L. Sweet
Counsel for Defendants
Paul Godfread and Alan Cooper
*Admitted Pro Hac Vice*

Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com


CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 10, 2013, she caused the foregoing to be filed with the Court via its CM/ECF electronic filing system, thereby serving a copy on all parties of record.

/s/ Erin Russell