IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRENDA LAW, INC. | ) |
|     Plaintiff, | ) CASE NO.: 1:13-cv-4341 |
| v. | ) Judge: Hon. John W. Darrah |
| PAUL GODFREAD, ALAN COOPER, and JOHN DOES 1-10, | ) |
|     Defendants. | ) |

**MEMORANDUM OF PRENDA LAW, INC. IN RESPONSE TO ALAN COOPER'S AND PAUL GODFREAD'S MOTION FOR SANCTIONS**

The Defendants' motion for sanctions[1] ("Motion") against Plaintiff, Prenda Law, Inc. ("Prenda" or "Plaintiff") and its attorney, Paul Duffy, should be denied because the Motion violates Rule 11; IT cites no valid basis for the imposition of sanctions; it contains materially false representations to the Court; and it misstates applicable Illinois procedural law. Furthermore, for the reasons set forth below, the Court should award Prenda the costs and fees it has incurred in defending against Defendants' patently frivolous Motion.

**BACKGROUND**

Defendants' Motion is a quagmire, short on substance and made up almost entirely of invective, pejoratives, and *ad hominem* attacks. It demonstrates a lack of adequate legal research (Defendants have omitted citation to Illinois Supreme Court --- directly on point --- which contradicts their assertion that the amended complaint filed in State court is a "legal nullity") and

---

[1] The Court ordered Defendants to re-file their sanction motion in the instant case. *See* ECF No. 35 in 13 CV 1569. The Defendants failed to do so. Plaintiff has filed its response in the instant case under the assumption that the Defendants will ultimately comply with the Court's order.

1

suffers from conspicuous procedural violations, tenuous arguments and blatant misstatements of fact.

Perhaps the most disturbing of the statements in Defendants' Motion are outright misstatements of fact to the Court. The introduction, for example, attempts to paint Mr. Duffy's lawsuit against Defendants (13-cv-1569) as a retaliatory lawsuit against Defendants Godfread and Cooper. *See* Doc. No. 34 at 1 ("Defendants filed suit for identity theft against Prenda and its principals, *including attorney Paul Duffy*, in Minnesota in early 2013.") (emphasis added). Yet, Paul Duffy was not named as a defendant in the Minnesota suit and the claim that the dubious Minnesota lawsuit is against Mr. Duffy is demonstrably false.[2] *See Cooper v. Steele et al.*, 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Similarly, the Defendants devote an entire section of their memorandum to describing Duffy and Prenda as having "a significant recent and relevant history of being sanctioned for their litigation conduct." *Id.* at 12. Contrary to those misrepresentations, Duffy has never been sanctioned in any case in which he has appeared as counsel. And while the Central District of California opinion (referenced repeatedly in each filing Defendants have made in this case) did impose sanctions, that is the *only* time that Prenda or the undersigned has been sanctioned, despite repeated efforts by Defendants' attorneys and their allied copyright infringement defense counsel throughout the Nation to obtain them. And the Central District of California order is currently the subject of eight (8) now-consolidated appeals in the Ninth Circuit Court of Appeals.

Prenda will attempt to address the factual and legal matters relevant to the Motion. However, there are eight (8) separate exhibits to the Motion, many of which have little or no connection with this case or the issues in the pending Motion, which relates to the question of

---

[2] The named Defendants in the Minnesota suit were John Steele, Prenda Law, Inc., AF Holdings, LLC, and Ingenuity13, LLC.

whether the Court has jurisdiction over the case. Prenda does not wish to convey the impression that any assertion left unaddressed is accurate. To the contrary, Prenda believes that the most salient factual statements in the sanctions Motion are either misleading or demonstrably false.

## ARGUMENT

The Defendants' sanctions motion should be denied on the merits. Defendants have ignored and violated the "safe harbor" provisions under Federal Rule of Civil Procedure 11, and in any event Rule 11 sanctions are not warranted. Nor are sanctions warranted under 28 U.S.C. § 1927 or the Court's inherent authority.

**I.   Sanctions are not warranted under Rule 11**

Sanctions are not warranted under Rule 11 because: (1) the Defendants failed to comply with mandatory safe harbor requirements; and (2) because Prenda had—and continues to have—a good faith basis for asserting that federal subject matter jurisdiction is lacking in its case.

**A.   Sanctions are not warranted under Rule 11 because the Defendants failed to comply with mandatory safe harbor requirements**

Sanctions are not warranted under Rule 11 because the Defendants failed to comply with mandatory safe harbor requirements. Rule 11 requires a motion for sanctions to be: (1) made separately from any other motion; (2) served pursuant to Rule 5; and (3) not filed or presented to the court unless the challenged paper is not withdrawn or corrected within 21 days. Fed. R. Civ. P. 11. It is clear that a court must deny a Rule 11 motion if the movant fails to observe those safe harbor requirements. *See, e.g., Johnson v. Waddell & Reed, Inc.,* 74 F.3d 147, 151 (7th Cir. 1996) (failure to comply with procedural requirements of amended Rule 11 constitutes an abuse of discretion, requiring sanction to be vacated). The Defendants failed to comply with at least three safe harbor requirements.

3

1. **The Defendants' Rule 11 motion violates the twenty-one day safe harbor requirement.**

Prenda withdrew its challenged paper within the twenty-one day safe harbor window. The only filing that the Defendants explicitly challenge is Prenda's renewed motion to remand. On August 14, 2013, the Defendants threatened Duffy that they would seek sanctions if he did not promptly withdraw Prenda's motion to remand. On the very same day, Prenda filed a motion to withdraw the challenged motion. (*See* ECF No. 42.) Rather than proceed with the motion seeking remand, Prenda chose instead that it would seek leave from its Court to add Alpha Law Firm, LLC (a Minnesota entity) as a plaintiff, in an effort to avoid Defendants' now-predictable pattern of baselessly seeking sanctions at every turn in every case. The motion to withdraw was granted on August 22, 2013. (*See* ECF No. 44.) The Defendants made no attempt, whatsoever, to assure or prove compliance with the twenty-one day safe harbor under Rule 11, which renders their request to obtain Rule 11 relief impermissible. *See Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1026 (7th Cir. 1999) ("We agree with both the Sixth and Ninth Circuits that the twenty-one day safe harbor is not merely an empty formality.").

2. **The Defendants' Rule 11 motion was not brought separately from other motions.**

The Defendants did not bring their motion separately from any other motion. Instead, the Defendants combined their Rule 11 motion with requests for relief under 28 U.S.C. § 1927 and the Court's inherent authority. (*See* ECF No. 34 at 14–16.) The Defendants' request for Rule 11 sanctions should be denied for this reason alone. *See Israel Travel Advisory Serv. Inc. v. Israel Identity Tours, Inc.*, No. 92 C 2379, 1994 U.S. Dist. LEXIS 751, at *16 (N.D. Ill. Jan. 26, 1994), *aff'd*, 61 F.3d 1250 (7th Cir. 1995) (sanctions request denied because it was made in a motion for a new trial, and not separately, as was required under the amended Rule 11); *see also Harris v. Franklin-Williamson Human Service, Inc.*, 97 F.Supp.2d 892, 910 (S.D. Ill. 2000) (denying Rule

11 motion where the motion was brought in conjunction with a 28 U.S.C. § 1927 request for sanctions).

### 3. The Defendants' Rule 11 Motion was not served pursuant to Rule 5.

The Defendants failed to serve their Rule 11 motion pursuant to Rule 5. While the Seventh Circuit has held that a "letter" or a "demand," rather than a "motion" to withdraw an offending pleading, substantially complies with the mandates of Rule 11, Prenda is not aware of any further abrogation to Rule 5's service requirement. *Nisenbaum v. Milwaukee County,* 333 F.3d 804, 808 (7th Cir. 2003). Attorney Russell sent Duffy an e-mail on August 14, 2013, threatening Duffy that she would seek sanctions if he did not promptly withdraw Prenda's motion to remand.  Yet, Rule 5 is clear that service via electronic means is permissible *only if* the person consented to such service in writing. *See* Fed. R. Civ. P.5(b). Duffy has never consented in writing (or otherwise) to accept service of papers via electronic means. Prenda was not served with any warnings in accordance with Rule 5, and sanctions are thus not warranted under Rule 11.

### B. Plaintiff and its counsel satisfied the requirements of Rule 11.

Rule 11 requires attorneys to certify that a paper is not being presented for an improper purpose, that the legal contentions are warranted by existing law, that the factual contentions have evidentiary support and that the denial of factual contentions are warranted on the evidence. *See* Fed. R. Civ. P. 11(b). The centerpiece of the Defendants' sanctions motion is that an amended complaint filed without leave is, as a matter of law, a "legal nullity." (*See* ECF No. 34 at 2.)  Despite the prominence of this argument in their Motion, Defendants have failed cite relevant case authority from the Illinois Supreme Court which rejects their "legal nullity" argument.

While the Illinois Code of Civil Procedure requires a plaintiff to obtain leave of court prior to filing an amended complaint, it is the undersigned's experience that this requirement is not regularly observed or enforced at the early stages of litigation, where a defendant has not appeared or filed an answer in the case. Further—and more importantly—the Illinois Supreme Court has held that a "failure to obtain leave to amend a complaint is not a jurisdictional defect." *Ragan v. Columbia Mut. Ins. Co.*, 183 Ill. 2d 3 701 N.E.2d 493, 499 (Ill. 1998). Indeed, such a failure is a "technical defect[]" and "a party may waive its right to object to the defect." *Id.* Other Illinois appellate court authority notes that the outdated "legal nullity" doctrine runs counter to the "modern trend of cases related to jurisdiction" and that decisions supporting the "legal nullity" doctrine "rely for authority on cases found by the [Illinois Supreme Court] to be unpersuasive." *See Johnson v. Ingalls Memorial Hosp.*, 402 Ill. App. 3d 830, 932 N.E.2d 835, 845 (2d Dist. 2010). Here, while Plaintiff did not obtain leave prior to filing its amended complaint, the Defendants failed to timely request its withdrawal or move to strike it. They instead chose to ignore its existence, proceeding to file a notice of removal as though it did not exist. As such, Prenda had—and continues to have—a good-faith basis for asserting that the amended complaint is the operative filing in this matter and that diversity jurisdiction is lacking. Plaintiff's request to remand this action was based on existing law. The Defendants' citations to outdated authority, and their notable failure to point out relevant Illinois Supreme Court case law directly contrary to their centerpiece legal argument, fail to demonstrate otherwise.

## II. No basis for sanctions under 28 U.S.C. § 1927.

Defendants have also failed to show any basis to seek sanctions under Section 1927. That statute provides, among other things, that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and

6

> vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.

The Seventh Circuit has held that sanctions under Section 1927 are appropriate "'only in instances of a serious and studied disregard for the orderly process of justice'" *Ross v. City of Waukegan,* 5. F.3d 1089 n.6 (7th Cir. 1993) (quoting *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968).

As an initial matter, Defendants cite no authority for the proposition that Prenda—a party in this case—as opposed to its attorney may be sanctioned under Section 1927. Further, the Defendants state no credible basis on which to find that Duffy unreasonably or vexatiously multiplied this litigation. Although it is not entirely clear from the Sanctions Motion how Defendants conclude that Duffy multiplied the litigation, their motion appears to rely on the following conduct: filing the renewed motion to remand and pursuing remand after the amended complaint was claimed, incorrectly and contrary to Illinois Supreme Court authority, to be a "legal nullity."

### A.     Filing the renewed motion to remand.

The Defendants cite to no authority for the proposition that the mere filing of a motion, without more, violates Section 1927. They further make no attempt at a factual showing of how the filing of the Renewed Motion to Remand unreasonably and vexatiously multiplied these proceedings. By the Defendants' own admission, "within hours of the August 14, 2013 status hearing [at which Duffy presented the Renewed Motion to Remand], Duffy filed a Motion to Withdraw Prenda's Renewed Motion to Remand." (*See* ECF no. 34 at 11.) Far from multiplying these proceedings, Duffy's prompt withdrawal (so that Plaintiff could accomplish the same result, and avoid these frivolous sanctions proceedings, by seeking leave from this Court to add

the Minnesota plaintiff) prevented any unreasonable or vexatious multiplication of these proceedings. Indeed, it was Defendants who chose to multiply these proceedings, by filing a response in opposition to the motion to remand nearly a week after Plaintiff agreed to their request to withdraw it, and then bringing their Motion without basis and in blatant violation of the Rule 11's safe harbor provisions.

### B. Pursuing remand after the amended complaint was incorrectly exposed as a "legal nullity."

While the Defendants contend that the amended complaint is a legal nullity, the case law indicates otherwise. As discussed in section I.B, *supra*, filing an amended complaint without leave of court is not a jurisdictional issue, but is instead a waivable technical defect. Further, in the undersigned's experience the prior leave of court is not typically enforced at the early stages of litigation where, as with the amended complaint in St. Clair County, the defendant has not appeared or answered. The Defendants have had ample opportunity to request that Plaintiff withdraw the amended complaint or move to strike it, but they have not done so; they chose instead to ignore its existence, and have thus waived the argument. Finally, the Defendants readily acknowledge that Prenda did not, in fact, pursue the motion to remand but instead moved to withdraw it immediately after the Defendants raised their objection in this case. There was simply no multiplication—vexatious, unreasonable or any other sort—of any proceedings. The Defendants fail to show otherwise.

### III. Sanctions are not warranted under the Court's inherent authority.

The United States Supreme Court has cautioned that "because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980). In imposing sanctions under its inherent authority, a court "must comply with the mandates of due process, both in determining that the

8

requisite bad faith exists and in assessing fees." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). There must be a required finding of "subjective bad faith," which must be supported by "clear and convincing evidence." *S.E.C. v. Smith*, 798 F. Supp. 2d 412, 422 (N.D.N.Y. 2011). Here, there is no basis upon which to make a finding of bad faith, much less clear and convincing evidence of subjective bad faith.

The Defendants assert that the Court should impose sanctions on Prenda under its inherent power for pursuing the renewed motion to remand and for presenting to this Court as valid the amended complaint. Yet, as discussed above, Prenda did not pursue its renewed motion to remand. The facts are uncontested: Within minutes of the August 14, 2013, status hearing, "attorney Russell received an e-mail from [attorney] Duffy" indicating Prenda's intention to withdraw its motion. In a matter of hours thereafter, Prenda did, in fact, move to withdraw its motion. This motion was granted before the Defendants were obligated to do anything in response to Prenda's efforts to remand.[3]

Defendants further assert that sanctions are warranted because Prenda presented to the Court as valid what they pejoratively label a "sham amended complaint." Yet, as discussed above, the amended complaint is the operative complaint in this matter. It is not a "legal nullity" and it was filed before the Defendants' removal of the action to federal court. The Defendants do not dispute that the amended complaint was filed before removal. And they have not pointed to valid case law suggesting that the St. Clair County Clerk had any right to refuse to accept the filing of the second amended complaint, generally a ministerial act, due to a waivable "procedural defect" in connection with it. But Defendants attempt to circumvent those problems by arguing that an amended pleading is only operative upon *service*, rather than *filing*. They do

---

[3] The fact that the Defendants did, in fact, choose to file a response to Prenda's withdrawn motion to remand was a purely gratuitous effort on their part.

9

not cite to any legal authority for this proposition. The Illinois Code of Civil Procedure appears to command a different result. *See, e.g.,* 735 ILCS 5/2-201 ("Every action … shall be commenced by the *filing* of a complaint.") (emphasis added). The procedural rules of service set and modify the deadlines for responding; they do not appear to modify the actual date of filing. Because the amended complaint was *filed* before removal and because it is not a "legal nullity", Prenda had—and has—a good faith basis for asserting that diversity jurisdiction is lacking. "[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

As for the Defendants' misleading allegations regarding the circumstances of the filing of the amended complaint in St. Clair County, there are several points to be made. First, the Defendants have made no showing that attorney Hoerner was aware that service had been accomplished at the time he attempted to file the amended complaint. Indeed, the Defendants acknowledge that *no* "evidence [has] come to light proving that [attorney Hoerner] acted in bad faith and with direct knowledge that, in fact, the Defendants had been served at the time he filed the amended complaint." (*See* ECF No. 34 at 19 n. 7.) Second, notwithstanding the Defendants' concession that they lack evidence of any wrongdoing on Mr. Hoerner's part, they nevertheless accuse him of the same: "The amended complaint was obtained by fraud and deception. Mr. Hoerner misled the Circuit Court Clerk's Office in St. Clair County just to get it filed." (*See id.*) As set forth above, they do not establish that the St. Clair County Clerk had the right to refuse to accept the filing of the second amended complaint due to a waivable "procedural defect" in connection with its filing. Finally, the Defendants' accusations miss an obvious commonsense point: the amount of time that lapsed between service on Cooper and Godfread and the filing of the amended complaint was less than one week. The Defendants provide literally no evidence

10

that the affidavit of service from the process server reached Mr. Hoerner before he attempted to file the amended complaint.

**IV.     The Court should award Prenda the fees it incurred in defending against Defendants' patently frivolous motion.**

Prenda has incurred $16,294.43 in fees in defending itself against the Defendants' twenty-three page sanctions Motion. Courts have the power, even without a motion, to award a party its fees for successfully defending against a sanctions motion. *See, e.g., Caribbean Wholesales & Serv. Corp. v. U.S. JVC Corp.*, 101 F. Supp. 2d 236, 246 (S.D.N.Y. 2000) (applying Rule 11(c)(1)(A) and awarding attorneys' fees to a party forced to defend against sanctions motion). The Court should do so here and allow Plaintiff to submit an application and affidavit detailing its expenses and fees. An award of fees and expenses is particularly appropriate here because the Defendants made repeated, inexcusable misstatements of fact, failed to disclose contrary legal authority and have no colorable excuse for these violations.

## CONCLUSION

The Court should deny the Defendants' sanctions motion and award Prenda the fees and expenses it incurred in defending against the sanctions motion.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 24, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system.

By: s/ Paul A. Duffy