IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL DUFFY, *et al*, | ) | Case No. 1:13-cv-01569 |
| | ) | |
| | ) | Removed from: |
| Plaintiffs, | ) | |
| | ) | The Circuit Court of Cook County, IL |
| v. | ) | Case No. 13-L-001656 |
| | ) | |
| PAUL GODFREAD, ALAN COOPER | ) | Consolidated with 1:13-cv-04341 |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MOTION FOR SANCTIONS</u>

COME NOW Defendants Paul Godfread and Alan Cooper, by and through counsel, and in support of their Motion for Sanctions show the Court as follows:

I.    <u>INTRODUCTION</u>

Defendants filed suit for identity theft against Prenda and its principals, including attorney Paul Duffy, in Minnesota in early 2013. In short order, Prenda and Duffy filed the instant cases to retaliate against Defendants Godfread and Cooper. In an effort to maximize expense and inconvenience to Defendants, Plaintiffs filed identical lawsuits in distant jurisdictions. Paul Duffy filed his defamation case against Defendants in Cook County, Illinois. Prenda Law, Inc. ("Prenda") filed its identical lawsuit in St. Clair County, Illinois. John Steele, an attorney and Prenda principal, filed his nearly identical lawsuit in Florida. The state court lawsuits were each quickly removed to the appropriate respective federal courts[1].

Prior to the removal of the St. Clair County case Kevin Hoerner, Prenda's counsel in St. Clair County, made material misrepresentations to the St. Clair County Circuit Clerk's office on Prenda's behalf in an effort to file a amended complaint without leave of court, as required by

---

[1] Steele's Florida case was also quickly voluntarily dismissed. [ECF No.11-10].

Illinois law. Filed without leave of court, the amended complaint is a legal nullity. The amended complaint is central to efforts by Duffy and Prenda to have *Prenda Law, Inc. v. Godfread, et al.* remanded to St. Clair County. It is also central to Defendants' contention that both Duffy and Prenda should be sanctioned.

After the St. Clair County case was removed to the Southern District of Illinois, Prenda, through its attorney, principal and co-Plaintiff Paul Duffy, made false and misleading statements to the undersigned counsel, to the Southern District of Illinois, and to this Court regarding the procedural history of the St. Clair County case in an effort to have the case remanded to St. Clair County.

II.    STATEMENT OF FACTS

A.    PARTIES

1.    PRENDA

Prenda Law, Inc. was an Illinois corporation. It was voluntarily dissolved on July 26, 2013. (Ex. H). The principals of Prenda were John Steele, Paul Hansmeier, Brett Gibbs and Paul Duffy. (Ex. E).

2.    PAUL DUFFY

Paul Duffy is a resident of the city of Chicago and a citizen of the State of Illinois. He is an attorney licensed to practice in Illinois and California. He was the sole officer of Prenda Law, Inc. until it was voluntarily dissolved on July 26, 2013. (Ex. H). He was at all times relevant a principal of Prenda.

B.    RELEVANT PROCEDURAL HISTORY OF THE INSTANT CASES

1.    Prenda Filed Their Amended Complaint in St. Clair County Without Leave of Court as Required by Illinois law by Deceiving the Office of the St. Clair County Clerk of Courts.

On March 1, 2013, the undersigned removed the St. Clair County case to the United States District Court for the Southern District of Illinois. [ECF No. 1]. On that date, attorney Duffy contacted attorney Erin Russell via email and alleged that an amended complaint had been filed in St. Clair County in which an additional plaintiff had been added, destroying diversity. Mr. Duffy provided a copy of the amended complaint via email and threatened to file a motion seeking sanctions if the undersigned did not withdraw the removal. [ECF No. 39-3; 13-cv-4341].

The undersigned immediately commenced an investigation into the purported alleged complaint and ascertained that: a) it had been procured by deception, and without leave of court, making it a legal nullity; and b) it had been served on Defendants Godfread and Cooper after the case was removed to the Southern District and therefore was irrelevant to the removal analysis even if there was an error and the amended complaint had been properly filed. Having confirmed that there was in fact diversity,

a.    Prenda Made Material Misrepresentations to the Circuit Court of St. Clair County in an Attempt to File an Amended Complaint Without Leave of Court to Fraudulently Join Alpha Law, LLC as a Party.

The St. Clair County case was filed on behalf of Prenda on February 12, 2013. [ECF No. 11-9]. Mr. Godfread was served on February 15, 2013. [ECF No. 24-2; 13-cv-4341]. Mr. Cooper was served on February 20, 2013. [ECF No. 24-3; 13-cv-4341].

On February 21, 2013, Kevin Hoerner, counsel for Prenda and a partner in a Belleville, Illinois law firm, personally delivered to the St. Clair County Circuit Court Clerk's office an

3

"amended complaint"[2] and asked that it be accepted and filed. [ECF No. 12-1; 13-cv-4341], (Ex. C). However, no motion for leave to amend the complaint had been filed, nor had any St. Clair County judge entered an order granting leave to amend[3].

According to representatives at the Clerk's office, the clerk's office employee at the window expressed reservations about accepting an amended complaint without an order granting a motion to amend. Judy Kent, a supervisor in the Small Claims and Civil Division of the St. Clair County Circuit Clerk's Office, was brought in to look at the document and make a determination as to whether it would be accepted.

In response to questioning by Ms. Kent as to why there was no motion for leave to amend or order granting such a motion, Attorney Hoerner falsely represented to her that no motion to amend was required because none of the defendants had yet been served. *See* Ex. C.

However, as is evident from the affidavits of service, both Defendant Godfread and Defendant Cooper had been served the original complaint at the time Mr. Hoerner made his representations to Ms. Kent. [ECF No. 24-2 and 3; 13-cv-4341].

---

[2] The "amended complaint" purports to add a plaintiff, Alpha Law, LLC, a Minnesota law firm owned and operated by Prenda principal Paul Hansmeier. However, there is not a single substantive difference between the sham amended complaint and the original complaint other than counsel for Plaintiff having slapped the name Alpha Law on to the caption of the case and at the beginning of the document as a party. Not a single factual allegation was changed or added to reflect any reason for Alpha to be added as a party. This supports Defendants' position, and a very obvious conclusion, that the sham amended complaint was hustled through the St. Clair County Circuit Clerk's Office in an attempt at fraudulently joining a non-diverse party. Since the amended complaint is a legal nullity, Defendants have not fully advanced the obvious fraudulent joinder argument here.

[3] Under Illinois law, leave to amend a complaint is always required. An amendment to a pleading made without leave of court is a nullity. *Moyer v. Southern Illinois Hospital Service Corp.,* 327 Ill.App.3d 889, 895 (Ill.App.3d 2002); *Kurczaba v. Pollock*, 742 N.E.2d 425, 439 (Ill. App.3d 2000) (collecting cases) ("while a filing is a part of the public record upon its submission and acceptance by the circuit court, it is not a part of a judicial proceeding, e.g., a valid filing, until leave to file has been granted."); *Midwest Bank & Trust Co. v. Village of Lakewood*, 447 N.E.2d 1358, 1362 (Ill. App.3d 1983) (a pleading filed without leave of court must be disregarded on review). There is not an absolute right to amend and whether to allow amendment is a matter addressed to the court's sound discretion. Amendments to the pleadings are regulated by 735 ILCS 5/2-616. *Westfield Ins. Co. v. Birkey's Farm Store*, 924 N.E.2d 1231, 1247 (Ill. App.3d 2010) ("A party's right to amend pleadings … is not absolute or unlimited"). 735 ILCS 5/2-616, in contrast to FRCP 15, contains no period of time during which an amendment to the pleadings made without leave of court.

4

At the time the false representations were made to Judy Kent in order to convince her to accept its "amended complaint", Prenda <u>knew</u> service of the original complaint had been achieved, at least as to service on Godfread. Prenda attorney John Steele called Godfread on February 15, 2013, within an hour of Godfread being served, and left the following voice mail message:

> "Mr. Godfread. This is John Steele calling. I understand that you just got served. So, I do need to know if you are going to be representing Mr. Cooper in this suit as well. Obviously there is a conflict of interest that I can see but obviously I'm going to have to defer that decision about whether you are going to represent your co-defendant to you. Uhm and I leave the question as to the other suits that are coming your way in the next few days, I'll just wait until you actually get served before I bringing those up, but at least on this issue, this suit, I do need to know if I may contact Mr. Cooper directly or if I will be working through you. All right. Thank you."

Ms. Kent could not have known both Defendants had already been served copies of the original complaint. She checked the computers at the Clerk's office and saw no affidavits of service. (Ex. C). The acceptance of the amended complaint was predicated solely on the misrepresentations made by Kevin Hoerner on behalf of Prenda.

> b.   The Sham Amended Complaint was not Timely Served and Would not have Been Relevant to the Removal Issue Even if it had Been a Valid Document Rather Than a Legal Nullity.

On March 2, 2013, the amended complaint arrived in the mail at Defendant Godfread's office in Minnesota. It had been mailed to Mr. Godfread by Kevin Hoerner's office. Illinois Supreme Court Rule 12 governs service of documents and the effective date of such service. *Ill. Sup. Ct. Rule 12*. Rule 12(b)(3) requires an affidavit of a non-attorney who mails the document that attests to the time and place of mailing, the complete address on the envelope, and the fact that the postage was prepaid. Rule 12(c) provides that the effective date of service by mail is four days after mailing.

Mr. Hoerner's office mailed the amended complaint to Mr. Godfread on February 27, 2013[4]. [ECF No. 24-7; 13-cv-4341]. Four days after February 27, 2013 would have been Sunday, March 3, 2013, making the actual effective date March 4, 2013, three days *after* the case was removed to the Southern District.

The propriety of removal is determined on the basis of Plaintiff's pleading *as it existed at the time of removal. Momans, et al v. St. John's Northwestern Military Academy, Inc., et al.*, 2000 U.S. Dist. LEXIS 5129 (N.D. Ill. April 20, 2009), *citing American Fire & Cas. Co., v Finn*, 341 U.S. 6, 14 (1951); *Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir, 1992) (emphasis added). At the time of the removal of this case on March 1, 2013, the only complaint that existed was Plaintiff's original complaint. The original complaint was filed in St. Clair County on February 12, 2013. [ECF No. 2-1] On that date, complete diversity existed. Prenda Law, Inc. was an Illinois corporation, and Defendants Godfread and Cooper were each citizens of the State of Minnesota who were permanently domiciled in Minnesota.

The amended complaint was obtained dishonestly and served late. Due to the fact that it was obtained without a court order, it is a legal nullity. Even if the amended complaint was not a legal nullity and complete sham engineered by Prenda and its attorneys for their own benefit, to harass defendants and to vexatiously expand these proceedings, it still would not govern the removal analysis in this case. It had not been served as of the date the case was removed. As such, for the purposes of removal, it essentially did not exist.

---

[4] Note that the certificate of service signed by someone in Mr. Hoerner's office is dated February 21, 2013. However, the envelope in which the documents arrived is clearly postmarked on February 27, 2013. [ECF No. 12-1 and 24-8; 13-cv-4341].

2.    Prenda and Duffy Presented the Sham Amended Complaint to The Southern District in Their Motion to Remand.

On April 10, 2013, attorney Duffy, as counsel for Prenda, filed a Motion to Remand the Southern District case back to St. Clair County. [ECF No. 12; 13-cv-4341]. In response, Defendants filed their Opposition to Motion to Remand, in which they provided the court with information regarding how Prenda obtained the amended complaint by deception, showed that the amended complaint was not timely served on Godfread and Cooper and would have been irrelevant to the removal analysis even if it had not been a sham and a legal nullity, and also showed the court that the motion to remand was not timely filed. [ECF No. 24].

The Motion to Remand also includes an assertion that the undersigned appeared for Defendants in the St. Clair County case. This assertion is false. A simple review of the docket for the Circuit Court of St. Clair County reveals that neither attorney Russell nor attorney Sweet (who is not licensed to practice law in Illinois) appeared for Defendants in that matter. [ECF No. 24-6; 13-cv-4341]. (*See also* Declaration of Erin Kathryn Russell, attached hereto as Exhibit L).

On June 6, 2013, the Honorable David R. Herndon issued a ruling on Defendants' pending motion to transfer the Southern District case to the Northern District of Illinois. [ECF No. 29]. In a footnote to that ruling, Judge Herndon adopted the factual assertions made by Defendants and denied Prenda's Motion to Remand. [ECF No. 29, n. 1].

3.    Prenda and Duffy Opposed Defendants' Motion to Transfer and Consolidate by Advancing the Preposterous Argument That The two Cases are not Related.

On June 13, 2013, Defendants filed their Motion to Transfer and Consolidate the related cases. [ECF No. 19]. The case removed from Cook County was assigned to the Honorable John W. Darrah with docket number 1:13-cv-1569. The case transferred from the Southern District of Illinois was assigned to the Honorable Matthew F. Kennelly with docket number 1:13-cv-04341.

As the complaints in the two related cases were virtually identical, it was Defendants' position that transfer and consolidation would be appropriate. The Motion to Transfer and Consolidate was noticed for presentment on June 19, 2013. [ECF No. 21]. On June 18, 2013, Courtroom Deputy Melanie Foster emailed the undersigned and attorney Paul Duffy and asked if there would be any objections to the motion. (Ex. J). Mr. Duffy wrote in response that he objected to the motion and wanted a briefing schedule. Ms. Foster then wrote informing us that we should appear the following day[5]. (Ex. J).

The parties appeared on Defendants' Motion to Transfer and Consolidate on June 25, 2013. On that date, Duffy represented to the Court that he objected to the reassignment because he disagreed with Defendants' position that the cases are identical. (*See* Ex. A, Transcript of Proceedings from June 25, 2013, p. 3, lines 5-7).

At that time, the Court reminded Duffy of his obligations under Rule 11 in the following colloquy:

> THE COURT: Any objection to the reassignment –
>
> MR. DUFFY: Yes, I have objections. These cases are not identical. They –
>
> THE COURT: Counsel, I'm going to let you file a response.
>
> MR. DUFFY: May I have –
>
> THE COURT: I'm very familiar now with these issues. You can file a response. I caution you, though, that your response must comply with Rule 11's requirements.
>
> If you're representing to me that there is a material difference between this case and the case pending before Judge Kennelly, I'll let you put that in writing. How much time do you need to do that?

---

[5] On the following day the undersigned was delayed in another courtroom and arrived late for this Court's motion call. The matter was reset for June 25, 2013.

MR. DUFFY: May I have seven days?

THE COURT: Seven days it is.

Transcript of Proceedings, June 25, 2013; p. 3; lines 5-19 (Ex. A).

After being warned that his objection would need to satisfy the requirements of Rule 11, Duffy notified the Court that his objection was withdrawn. The Motion to Transfer and Consolidate was granted. (*See* June 28, 2013 minute order, ECF No. 26.)

4. Prenda and Duffy Renewed Their Motion to Remand Based on the Sham Amended Complaint.

Despite Judge Herndon's ruling, in which he adopted the assertions and reasoning provided by Defendants in their opposition to Plaintiff's motion to remand in the Southern District, Duffy filed a Renewed Motion to Remand in this Court on behalf of Prenda, asking the Court to remand the Prenda case back to St. Clair County. [ECF No. 39; 13-cv-4341]. The Renewed Motion to Remand is virtually identical to the version filed in the Southern District of Illinois and denied by Judge Herndon. [ECF No. 12; 13-cv-4341]. The Renewed Motion to Remand contains no explanation or acknowledgment of the allegations concerning the circumstances of the filing of the amended complaint in St. Clair County, nor any additional facts or legal reasoning.

On August 14, 2013, attorney Russell emailed Duffy and informed him of Defendants' position that the Renewed Motion to Remand lacked merit and contained false statements. Attorney Russell warned Duffy that if he proceeded with the motion, she would move for sanctions and attorney's fees. (Ex. M). On that date the parties appeared for a status hearing, and Duffy presented Prenda's Renewed Motion to Remand. [ECF No. 40; 13-cv-4341]. The transcript of the hearing is attached hereto as Exhibit B. During the hearing, Duffy made numerous false statements.

The Court asked numerous questions of Mr. Duffy regarding the amended complaint, and the fact that the amended complaint contains a typographical error identifying Alpha Law as an Illinois corporation rather than a Minnesota corporation. (Ex. B; 2:16-3:8). In response, Duffy represented to the Court that he had informed the undersigned of the typographical error. (Ex. B; 3:9-10). This representation is false. The only communication the undersigned had with Duffy regarding the amended complaint was the email from Duffy in which he revealed its existence. (*See* Declaration of Erin Kathryn Russell, a copy of which is attached hereto as Exhibit L).

Duffy admitted that he had filed substantially the same motion in the Southern District, and that his motion had been denied. (Ex. B; 4:15-18). He then went on to misrepresent Judge Herndon's ruling on the motion to remand, claiming that Judge Herndon had indicated that "on the four corners of the complaint, it stated that it was a Minnesota corporation." Judge Herndon made no such comment in the ruling on Plaintiff's motion to remand. The ruling was made in a footnote to the court's order granting Defendants' motion to transfer this matter to the Northern District of Illinois. [ECF No. 29, n. 1; 13-cv-4341]. There is no mention in that footnote of the four corners of anything. In fact, the ruling on Prenda's motion to remand, in its entirety, reads as follows:

> Most notably, plaintiff has filed a motion to remand. The Court adopts the reasoning and assertions of defendants' response in opposition to remand and accordingly DENIES plaintiff's motion to remand.

[ECF No. 29, n. 1; 13-cv-4341].

The Court then questioned Duffy about the fact that he altered the caption of this case on the Renewed Motion to Remand by including Alpha Law, LLC as a party. Duffy again dishonestly represented to the Court that an amended complaint had been filed in St. Clair

County prior to the removal of that case to the Southern District and that Alpha Law was a party to this case. (Ex. B; 5:11-22).

The Court then asked attorney Erin Russell about the amended complaint. Ms. Russell informed the Court of her investigation into the purported amended complaint, and the fact that Ms. Kent had provided an affidavit explaining the misrepresentations made to her office that caused her to accept the document for filing despite the fact that no court order permitting that filing had been entered. (Ex. B; 6:6-7:11).

The Court asked attorney Russell to file a response to the Renewed Motion to Remand, expressly requesting information regarding the docketing activity in St. Clair County. (Ex. B; 7:12-8:12). Duffy asked for one or two days to reply, and was given seven. (Ex. B; 7:23-8:2).

Within minutes of leaving the courthouse after the status hearing, attorney Russell received an email from Duffy that read: "I disagree with your statements regarding the motion but will agree to withdraw it. Thanks." (Ex. M).

5.      Prenda and Duffy Filed a Motion to Withdraw the Renewed Motion to Remand in Which They Again Attempted to Refute Defendants' Representations Regarding the Amended Complaint.

Within hours of the August 14, 2013 status hearing described above, Duffy filed a Motion to Withdraw Prenda's Renewed Motion to Remand. [ECF No. 41]. In its Motion to Withdraw, Duffy and Prenda wrote that Prenda "vehemently disagrees" with the statements made by attorney Russell at the August 14, 2013 hearing, and again affirmatively asserted that the amended complaint had been properly filed in St. Clair County, that Alpha Law had been properly added as a party in St. Clair County, and that diversity jurisdiction was lacking.

Pursuant to the Court's instructions, Defendants filed their opposition to the Renewed Motion to Remand on August 20, 2013. [ECF No. 44]. In their opposition brief, Defendants set

forth for the Court the sequence of events starting in St. Clair County and continuing through the case's time in the Southern District of Illinois, including the fraudulent means by which the amended complaint was filed, Judge Herndon's ruling, the fact that the amended complaint was untimely served on Defendants, and the fact that Prenda's motion to remand in the Southern District had been untimely.

On August 20, 2013, the parties appeared and Duffy presented Prenda's Motion to Withdraw the Renewed Motion to Remand. On that date, the Court inquired as to whether Defendants would be filing a Rule 11 motion, which attorney Russell answered in the affirmative.

III.   PRENDA AND DUFFY HAVE A SIGNIFICANT RECENT AND RELEVANT HISTORY OF BEING SANCTIONED FOR THEIR LITIGATION CONDUCT

   A.   *Ingenuity 13, LLC v. John Doe*, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal., May 6, 2013)

*Ingenuity 13* is the most significant of the cases in which Prenda and Paul Duffy have been sanctioned. In it, the Honorable Otis D. Wright II held a series of motion and evidentiary hearings to discover why Prenda failed to honor a discovery-stay order, filed claims without reasonable investigation, and defrauded the court by asserting a copyright assignment secured with a stolen identity (the identity of Defendant Alan Cooper). One of those hearings was held on April 2, 2013. (Ex. D). At that hearing, the Prenda principals, including attorney Paul Duffy, asserted their right against self-incrimination under the Fifth Amendment and declined to testify or to respond to any of Judge Wright's questions. (Ex. D; 9:2-20).

Judge Wright made numerous findings of fact, including some based on adverse inferences drawn from the refusal of the Prenda principals, including Mr. Duffy, to testify. Judge Wright found that the principals were attorneys with shattered law practices who conspired to

12

form front companies for the sole purpose of litigating copyright infringement lawsuits. He held that the principals, including Mr. Duffy, had stolen the identity of Defendant Alan Cooper. He also held that the Prenda principals "have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared. Plaintiff's representations about their operations, relationships, and financial interests have varied from feigned ignorance to outright lies." *Ingenuity* at *9.

Judge Wright invoked his inherent authority and awarded attorney's fees to the defendant in the amount of $40,659.86. As a punitive measure he then doubled the award. "This punitive multiplier is justified by Plaintiff's brazen misconduct and relentless fraud." *Ingenuity* at *15. Judge Wright also imposed a penalty of $1,000 per day per entity subject to the sanction award for every day the fees were not paid. By the time Prenda posted a bond for their appeal, it totaled $101,000. [ECF No. 170; *Ingenuity 13, LLC v. John Doe,* 2:12-cv-08333-ODW-JC; C.D. Cal., May 23, 2013).

Judge Wright also held that "there is little doubt that Steele, Hansmeier, Duffy, Gibbs suffer from a form of moral turpitude unbecoming an officer of the court. To this end, the Court will refer them to their respective state and federal bars. Third, though Plaintiffs boldly probe the outskirts of law, the only enterprise they resemble is RICO… The Court will refer this matter to the United States Attorney for the Central District of California. The (sic) will also refer this matter to the Criminal Investigation Division of the Internal Revenue Service and will notify all judges before whom these attorneys have pending cases." *Ingenuity* at *15-16.

B.      *AF Holdings, LLC v. Joe Navasca*, C-12-2396-EMC (N.D. Cal.)

Judge Wright found that AF Holdings was one of the entities created and controlled by the Prenda principals, including Paul Duffy. *Ingenuity* at *5-6. On July 22, 2012, the Honorable

Edward M. Chen entered an order granting Navasca's motion for attorney's fees in the amount of $22,531.93. In his ruling, he cited Judge Wright's April 2, 2013 order and made a finding that AF Holdings was not motivated to file suit to protect a copyright, but rather to coerce a settlement from defendants. (Ex. F, p. 4).

C.   *Guava LLC v. Spencer Merkel,* 27-CV-12-20976, District Court for the Fourth Judicial District of Minnesota, Hennepin County, Minnesota

Guava is one of the entities created and controlled by the Prenda principals, including Paul Duffy, in *Ingenuity 13*. On August 30, 2013, the Honorable Tanya M. Bransford entered an order in which she found that Guava had participated in a scheme "markedly similar to a fraudulent scheme as found by Judge Otis Wright, United States District Judge of the Central District of California. In that case, Judge Wright found that Steele, Hansmeier and Paul Duffy conspired to send cease and desist letters to IP address holders alleging that such IP address holders illegally stole a pornographic movie, and offer to settle…or be sued. Judge Wright found that this strategy was vexatious litigation…[6]" (Ex. G, p. 6). Judge Bransford entered monetary sanctions against Guava and attorney Michael Dugas of Alpha Law firm. Judge Bransford invoked her inherent authority and awarded a total of $63,367.52 in costs and attorney's fees. (Ex. G, p. 18).

III.   LEGAL STANDARD

A.   <u>Federal Rule of Civil Procedure 11</u>

Rule 11 allows the court to impose an appropriate sanction on any attorney…or party that has presented a document to the court for any improper purpose, such as harassing the opposing party or causing unnecessary delay. *Fed. R. Civ. P. 11(c)(1)*. The rule is intended to deter

---

[6] It is noteworthy that on June 27, 2013, this Court entered an order denying a motion for early discovery filed by attorney Paul Duffy on behalf of Guava, LLC due to concerns about the same vexatious litigation scheme. *Guava, LLC v. Does 1-5*, 2013 U.S. Dist. LEXIS 90346.

frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them. *Lumpkin v. Cook County Public Defender*, 2013 U.S. Dist. LEXIS 85707 (N.D. Ill. June 18, 2013) (Gottschall, J.), *citing Kapco Mfg. Co., Inc. v. C&O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989). Sanctions are warranted only when a party exhibits "a callous disregard for governing law." *Lumpkin*, *citing Allison v. Dugan*, 951 F.2d 828, 834 (7th Cir. 1992). Specifically, a court may impose Rule 11 sanctions for arguments that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose. *Smart Options v. Jump Rope, Inc.*, 2013 U.S. Dist. LEXIS 17743 (N.D. Ill. February 11, 2013) (St. Eve, A.).

The central goal of Rule 11 is to deter abusive litigation practices. *Reed v. Lincare, Inc.*, 2012 U.S. Dist. LEXIS 167160 (E.D. Wis. November 21, 2012). *Affirmed on appeal; Reed v. Lincare, Inc.*, 2013 U.S. App. LEXIS 15451 (7th Cir. July 30, 2013). The test of Rule 11 is objective. *Reed* at *24. The district court enjoys broad discretion in setting a sanction award it believes will serve the deterrent purpose of Rule 11 and may direct the offending party to pay the other party's reasonable attorney's fees." *Reed* at *24, *citing Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003); *Fries v. Helsper*, 146 F.3d 452, 459 (7th Cir. 1998).

The history of Plaintiff and its counsel in other matters is relevant to the Court's analysis of a motion for sanctions, and consideration of sanctions that will be sufficient to deter future misconduct by them. *Reed* at *28.

B.    28 U.S.C. §1927

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct". *28 U.S.C. §1927.*

"A court has discretion to impose §1927 sanctions when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice; pursued a claim that is without plausible legal or factual basis and lacking in justification; or pursued a path that a reasonably careful attorney would have known after appropriate inquiry to be unsound." *Hollander v. Bauknight*, 2013 U.S. Dist. LEXIS 107938, at *2 (N.D. Ill. August 1, 2013) (Reinhard, P.). In order to impose sanctions under §1927, a court may impose sanctions only upon a finding of bad faith. Bad faith has been defined as extreme negligence, serious and studied disregard for the orderly process of justice, pursuit of claims without plausible factual or legal bases, or conduct that a reasonably careful attorney would know to be unsound. *Id*. at *4, citing *Olson v. Reynolds*, 484 Fed. Appx. 61 (7th Cir. 2012).

C.    Inherent Authority

The inherent powers of federal courts are those that are "necessary to the exercise of all others," and include the "well-acknowledged inherent power…to levy sanctions in response to abusive litigation practices." *Roadway Express v. Piper*, 447 U.S. 752, 764-765 (1980). Sanctions under a court's authority are appropriate if the court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled." *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946). "Contumacious conduct merits strong sanctions, and when the court uses its inherent power to root out contumacious conduct, no showing of willfulness, bad faith, fault or even prejudice is required." *Illiana Surgery & Med. Ctr., LLC v. Hartford Fire Ins. Co.*, 2013 U.S. Dist. LEXIS 70153 at *10-11 (N.D. Ind. 2013).

Sanctions under the Court's inherent authority go beyond a court's equitable concerns regarding the relationships and equities between the parties, and go directly to a court's ability to police itself, thereby serving two distinct purposes: "vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponents obstinancy." *Id.* In fact, the most common use of inherent powers sanctioning authority is a sanction administered "to protect the due and orderly administration of justice" and "maintain the authority and dignity of the court." *Cooke v. United States*, 267 U.S. 517, 539 (1925).

IV.     ARGUMENT

Plaintiff Prenda Law and its attorney, Paul Duffy, have blazed a trail of sanctionable conduct from St. Clair County, Illinois, through the United States District Court for the Southern District of Illinois, and continuing before this Court. At every turn, Prenda and Duffy have seized opportunities to present false evidence, make material misrepresentations, and to attempt to deceive court officials and judges alike. They have also knowingly falsely accused counsel for Defendants of wrongdoing, asking both this Court and the Southern District of Illinois to sanction defense counsel in an attempt to cover their fraud and deception. They have been brazen in their willingness to test the Court's tolerance for this conduct, as well as Defendants' determination to bring that conduct to light before the Court. That determination is unwavering. The conduct of Prenda and Duffy is sanctionable under Rule 11, 28 U.S.C. § 1927 and this Court's inherent authority.

A.    The Court Should Exercise its Power Under Both Rule 11 and its Inherent Authority and Sanction Prenda and Duffy for Pursuing The Renewed Motion to Remand And Presenting to This Court as Valid the Sham Amended Complaint And Their Cases Should Be Dismissed.

As noted above, the central purpose of Rule 11 is to deter abusive litigation practices. *Reed v. Lincare*, *infra*. Courts may consider whether the responsible party is trained in the law to determine whether to award sanctions. *Id* at *23-24.

This Court enjoys broad discretion in setting a sanction award it believes will serve the deterrent purpose of Rule 11. *Id* at *24. Contumacious conduct merits strong sanctions, and when the court uses its inherent power to root out contumacious conduct, no showing of willfulness, bad faith, fault or even prejudice is required. *Illiana Surgery & Med. Ctr., LLC v. Hartford Fire Ins. Co.*, 2013 U.S. Dist. LEXIS 70153 at *10-11. Dismissal is the most severe sanction, and generally is applied only when a party has displayed exceptional misconduct or when less drastic sanctions have proven unavailing. *Illiana Surgery & Med. Ctr., LLC v. Hartford Fire Ins. Co.*, 2013 U.S. Dist. LEXIS 70153 at *10-11.

The history of Plaintiff and its counsel in other matters is relevant to the Court's analysis of a motion for sanctions, and consideration of sanctions that will be sufficient to deter future misconduct by them. *Reed* at *28.

Prenda and Duffy should be sanctioned for filing the "Renewed Motion to Remand," for the misrepresentations contained therein, and for Duffy's misrepresentations on the record before this Court about the Renewed Motion to Remand, its procedural history and its contents as set forth above.

In the shadow of the scathing sanctions order issued by Judge Wright, being reported to the ARDC and the State Bar of California, ordered to pay many thousands of dollars in

attorney's fees and being referred for criminal investigation by the U.S. Attorney's Office and the Internal Revenue Service, as well as the other sanctions orders mentioned above, Prenda and Duffy brazenly presented this Court with false documents and false statements made by Mr. Duffy.

The amended complaint was obtained by fraud and deception. Mr. Hoerner misled the Circuit Court Clerk's Office in St. Clair County just to get it filed. It was filed without seeking leave of court, which would have required notice to Godfread and Duffy. Despite having filed the amended complaint without leave, Prenda and Duffy knowingly made affirmative misrepresentations, orally and in writing, that the amended complaint is valid. They represented such to attorney Erin Russell when Duffy emailed her and threatened to file a motion for sanctions and attorney's fees if she did not withdraw the remand of the case. They represented such to Judge Herndon when they filed their Motion to Remand in the Southern District. And they represented such to this Court when they filed their Renewed Motion to Remand. Mr. Duffy also affirmatively represented on the record before this Court that the amended complaint was valid. (Ex. B).

At all times relevant the true facts regarding the amended complaint were within the knowledge and control of Prenda and Duffy. Even if one were to assume *arguendo* that somehow attorney Hoerner was not acting in bad faith when he filed the amended complaint[7], he is charged with the knowledge of his client, and Prenda certainly knew Godfread and Cooper had been served. Defendants have proved knowledge of service on Godfread by producing the

---

[7] Defendants are not seeking sanctions against attorney Kevin Hoerner at this time. Considering the seriousness of the conduct alleged herein, and giving Mr. Hoerner the benefit of the doubt, Defendants will not seek sanctions against Mr. Hoerner unless evidence comes to light proving that he acted in bad faith and with direct knowledge that, in fact, the Defendants had been served at the time he filed the amended complaint. If such evidence is developed, Defendants will be filing a motion for sanctions against Mr. Hoerner at that time.

transcript of the taunting voice mail left by Prenda principal John Steele within an hour of service on Godfread.

Prenda and Duffy were undeterred in their conduct by Judge Wright's sanctions order, being referred for discipline to the ARDC, being ordered to pay many thousands of dollars in attorney's fees and being referred for criminal investigation by the U.S. Attorney's Office and the Internal Revenue Service. Any reasonable person, and certainly any reasonable attorney, would take significant pains in the wake of such a ruling to ensure that their every step was the very definition of honest, forthright and upstanding. Prenda and Duffy have not acted reasonably. In fact, their continued course of conduct before this Court shows that only the strongest of sanctions has any hope of deterring future misconduct by them as contemplated in *Reed*.

In light of the extensive and pervasive history of misconduct by Prenda and Duffy, and in light of their unrelenting course of obstructive and vexatious conduct in the instant cases (and elsewhere), Defendants respectfully request that the Court invoke its powers under Rule 11 and its inherent authority and dismiss the claims filed against Defendants by Prenda and Paul Duffy in their entirety. No lesser sanction has proved effective.

B.     The Court Should Exercise its Power Under Rule 11 and its Inherent Authority and Sanction Prenda and Duffy for Pursuing The Renewed Motion to Remand And Presenting to This Court as Valid the Sham Amended Complaint By Awarding Defendants' Attorneys' Fees.

Rule 11 is intended to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them. *Lumpkin v. Cook County Public Defender*, 2013 U.S. Dist. LEXIS 85707 at *3.

In the instant case, Defendants' attorneys have been forced to dedicate a great deal of time, effort and resources to refuting the validity of the amended complaint. As noted above, even an incredibly generous view of the events that transpired in St. Clair County, and later in

the Southern District of Illinois leads one to the obvious conclusion that Prenda and Duffy knew before they filed their Renewed Motion to Remand that the amended complaint was invalid. The evidence suggests that they knew all along, and that the amended complaint and its filing were engineered by Prenda and Duffy to harass Defendants and to unnecessarily and vexatiously multiply these proceedings by keeping one of these related cases in St. Clair County, Illinois.

Attorney Duffy was less than forthcoming before the Court when he made misrepresentations about Judge Herndon's ruling on the motion to remand filed by Prenda and Duffy in the Southern District of Illinois, claiming that somehow Judge Herndon had addressed the issue of Alpha Law's location or the "four corners of the complaint". (Ex. B). Those comments are simply false.

Attorney Duffy displayed and continues to display a callous disregard for governing law by repeatedly representing to this Court that the amended complaint is valid, and that Alpha Law was added as a party to the St. Clair County case before it was removed to the Southern District. He also continues to ignore the fact that Judge Herndon adopted Defendants' arguments in opposition to remand, including the fact that in addition to the other defects present, Prenda and Duffy failed to file their motion to remand in a timely fashion.

B.      Duffy Should be Sanctioned Under 28 U.S.C. §1927 for Filing the Renewed Motion to Remand and Pursuing Remand After The Amended Complaint was Exposed as a Legal Nullity.

A court has discretion to impose §1927 sanctions when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice; pursued a claim that is without plausible legal or factual basis and lacking in justification; or pursued a path that a reasonably careful attorney would have known after appropriate inquiry to be unsound. *Hollander v. Bauknight*, 2013 U.S. Dist. LEXIS 107938

(N.D. Ill., August 1, 2013), *citing Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

Defendants have shown clearly that Paul Duffy should be sanctioned under §1927 for his conduct in this case. Duffy is not only counsel for Prenda, but was a principal in the organization and its sole officer. He has represented Prenda, as well as himself, throughout the pendency of these cases in the Southern District of Illinois and here in the Northern District. Though Duffy may not have filed an appearance in the Prenda case in St. Clair County, as its sole officer and one of its principals he surely knew Defendants had been served.

Even if Duffy did not know the amended complaint was improperly filed and was a legal nullity when he first emailed the undersigned and raised the issue, he clearly should have made appropriate inquiries after Defendants filed their opposition to the motion to remand in the Southern District and provided an affidavit from Judy Kent, as well as documents proving that the amended complaint, valid or invalid, was not timely served. Filing a Renewed Motion to Remand in this Court without any evidence of such an investigation is unreasonable. The Renewed Motion to Remand is virtually indistinguishable from the version filed in the Southern District.

As for Prenda's failure to make a timely motion to remand in the Southern District (another grounds for the Court to have denied it), Duffy need look no further than himself and a calendar. The deadline for the filing of a motion to remand was clear, and Duffy simply missed it. Re-filing the same motion in "renewed" form in the Northern District of Illinois with no additional facts, law or legal theories, particularly in the face of the objection filed by Defendants in the Southern District and Judge Herndon's extraordinarily brief "footnote" ruling on the motion to remand, is objectively unreasonable.

Defendants respectfully request that the Court enter an Order for sanctions in the form of attorney's fees and costs against Duffy in and in favor of Defendants.

V.     CONCLUSION

In every conceivable way, Prenda and Duffy have crafted their own doom. Lying to court officials, presenting false documents, making material misrepresentations on the record in this Court, filing documents in this Court with full knowledge that they lacked legal merit, pursuing legal arguments that lack merit, all while under siege by state and federal courts issuing crushing sanctions orders, and at all times following a course of action from which any reasonably prudent attorney would run. The sanction of dismissal of these actions under Rule 11 and the Court's inherent authority is appropriate. If the Court is not inclined to impose dismissal as a sanction against both Prenda and Duffy, Defendants respectfully request that the Court order Prenda and Duffy to pay all costs and attorneys' fees incurred because of their conduct with regard to the amended complaint and the removal issue.

Respectfully submitted,

/s/ Erin Kathryn Russell
Counsel for Defendants
Paul Godfread and Alan Cooper

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

/s/ Jason L. Sweet
Counsel for Defendants
Paul Godfread and Alan Cooper
*Admitted Pro Hac Vice*

Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 24, 2013, she caused the foregoing to be re-filed with the Court under docket number 1:13-cv-04341 via the Court's CM/ECF electronic filing system, thereby serving a copy on all parties of record.

/s/ Erin Russell