**STATE OF MINNESOTA**                                    **DISTRICT COURT**

**COUNTY OF HENNEPIN**                          **FOURTH JUDICIAL DISTRICT**

---

Guava LLC,                                          CASE TYPE: Civil Other/ Misc.
                                                    Court File No. 27-CV-12-20976
                        Plaintiff,                  The Hon. Tanya M. Bransford

v.

                                                    **MEMORANDUM FOLLOWING**
Spencer Merkel,                                     **ORDER GRANTING IN PART NON-**
                                                    **PARTY JOHN DOES AND NON-**
                        Defendant.                  **PARTY ISP'S MOTION FOR**
                                                    **ATTORNEYS' FEES AND COSTS**

---

        The above entitled action came on for hearing before the Honorable Tanya M. Bransford, District Court Judge, on April 23, 2013, upon Non-Party John Does and Non-Party ISPs Motions for Attorneys' Fees and Costs and on an Order to Show Cause. This Court ordered further submissions due on April 26, 2013. The record closed on May 9, 2013 upon the Court's receipt of a letter submitted by Attorney Paul Godfread and a letter in response by Attorney Michael Dugas.

        Michael K. Dugas of Alpha Law Firm LLC, 900 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402, appeared on behalf of Plaintiff Guava LLC. No appearances were made by a representative of Guava LLC.

        Trina E. Morrison, Attorney at Law, appeared on behalf of Defendant Spencer Merkel.

        David E. Camarotto of Bassford Remele, P.A., 33 South Sixth Street, Suite 3800, Minneapolis, Minnesota 55402, appeared on behalf of Non-Party ISPs.

        Mark C. Santi of Thompson Hall Santi Cerny & Dooley, 901 Marquette Avenue South, Suite 1675, Minneapolis, Minnesota 55402, appeared on behalf of multiple Non- Party John Does.

        Paul A. Godfread of Godfread Law Firm, P.C., 100 South Fifth Street, Suite 1900, Minneapolis, Minnesota 55402, appeared on behalf of multiple Non-Party John Does.

        Edward P. Sheu of Best & Flanagan LLP, 225 South Sixth Street, Suite 4000, Minneapolis, Minnesota 55402, appeared on behalf of one Non-Party John Doe.

        Philip Gainsley of Phillip Gainsley, Attorney at Law, 222 South Ninth Street, Suite 1600, Minneapolis, Minnesota 55402, waived his appearance to the hearing on behalf of one Non-Party John Doe but joined in the Motion for Attorneys' Fees and Costs upon written submissions.

On August 7, 2013, this Court issued an Order Granting in Part Non-Party John Does and Non-Party ISPs' Motions for Attorneys' Fees and Costs. This memorandum follows.

**BY THE COURT:**

Dated: ___August 30, 2013_____            _____

The Honorable Tanya M. Bransford
Judge of the District Court
Fourth Judicial District

## MEMORANDUM

## PROCEDURAL HISTORY[1]

On October 17, 2012, Plaintiff Guava, LLC ("Guava" or "Plaintiff"), by and through its

attorney Michael K. Dugas, Esq. ("Dugas") of the Alpha Law Firm LLC, 900 IDS Center, 80

South Eighth Street, Minneapolis, Minnesota 55402 ("Alpha"), filed this action against

Defendant Spencer Merkel ("Merkel"), alleging violations of Minn. Stat. § 626A.02 *et seq.* and a

civil conspiracy. The complaint identified Guava as "a limited liability company that owns and

operates protected computer systems, including computer systems accessible throughout

Minnesota." (Compl. ¶ 2). The complaint does not identify whether Guava is a limited liability

---

[1] This case has a relatively short but peculiar procedural history. This Court was presented with virtually no factual evidence during the pendency of this "litigation." The Non-Party John Does and Non-Party ISPs have requested that this Court take judicial notice of judicial decisions rendered by other courts in various jurisdictions to support the factual contention that Plaintiff and its counsel have perpetrated a sham upon this Court in this case and the requested amount of attorneys' fees and costs are a proper remedy for the fraud in this action. Pursuant to the Minnesota Rules of Evidence, a court may take judicial notice of adjudicative facts in a civil case when a fact is "not subject to reasonable dispute in that it is… capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned." Minn. R. Evid. 201(a), (b) (2012). In this case, this Court shall take judicial notice that the decisions were rendered by other courts in various jurisdictions as that fact is readily verifiable and not in dispute. But, this Court makes clear that the factual findings in the noticed decisions are not incorporated herein into this Court's memorandum. The facts presented in other cases are: 1) disputed by the parties and/ or 2) not present in the current action; therefore, the factual findings in other court decisions do not satisfy the requirements of Minn. R. Evid. 201(b) and this Court relies solely on the procedural history of this case. *See generally In the Matter of Zemple*, 489 N.W.2d 818, 819-820 (holding that district court took proper judicial notice of domestic abuse action in civil commitment proceeding but erred by taking judicial notice of testimony in the domestic abuse action that was disputed).

company organized under the laws of any state or country, and Guava's counsel did not provide any competent evidence of Guava's existence as a corporate entity. The Complaint did not specify Merkel's location or residence. (Compl. ¶ 3). The substantive allegations in the Complaint were similarly vague. Plaintiff alleged barebones facts, citing no dates or specific information regarding Merkel's alleged hacking into its computer systems. Plaintiff additionally alleged that Plaintiff "operates computer systems that distribute third-party content." (Compl. ¶ 7) but instead of alleging factual evidence to explain Plaintiff's operations, Plaintiff used an analogy to illustrate its operations. *Id*. In alleging civil conspiracy, Plaintiff maintained that Merkel "colluded with multiple members of a hacking community to intercept electronic communications taking place on Plaintiff's protected computer systems." (Compl. ¶ 17). Plaintiff alleged no conduct in Minnesota other than Plaintiff's "computer systems accessible throughout Minnesota." (Compl. ¶ 2).

On October 30, 2012, attorney Paul R. Hansmeier, Esq. ("Hansmeier"), of Prenda Law, Inc. ("Prenda"), 40 South Seventh Street, Suite 212-307, Minneapolis, Minnesota 55402, noticed his appearance for Guava as "of counsel."

On October 25, 2012, Guava filed Plaintiff's Unopposed Discovery Motion for Authorizing Order. Dugas and Hansmeier appeared before the Court on October 31, 2012, with no appearance from Merkel, for an order permitting the issuance of subpoenas to over 300 internet service providers ("ISPs"). Guava's stated purpose in seeking court permission in connection with subpoenas under Minn. R. Civ. P. 45, which does not require court permission, was to order the ISPs to disclose their customers' names and addresses. Dugas and Hansmeier represented to the Court that the motion was particularly time sensitive and treated the motion as an "emergency." Following an October 31, 2012 hearing, this Court denied Guava's motion

finding that Guava did not demonstrate that the personally identifying information was relevant and material to the action and that the request was broad and excessive. (Nov. 2, 2012 Ord.)

On November 6, 2012, Guava filed Plaintiff's Emergency Renewed Unopposed Discovery Motion for Authorizing Order to the Court requesting an order permitting discovery on 17 ISPs, which the Court granted on the condition that the recipients of any subpoenas would be permitted the opportunity to move to quash the subpoenas. (Nov. 7, 2012 Ord.). At the hearing, Merkel was represented by Trina Morrison, Attorney at Law. Ms. Morrison did not object to the issuance of the order even after inquiry by the Court on the record. On December 19, 2012, at Guava's request, the Court issued a request for judicial assistance to the Alaska Superior Court so that Guava could serve discovery in that state in connection with this action.

In December 2012, several non-parties, including certain ISPs and certain ISP customers ("John Does"), filed motions seeking to quash Guava's subpoenas, a protective order preventing Guava's discovery, and a dismissal of Guava's action. Guava moved to strike portions of certain pleadings. Non-Party ISPs CenturyTel Broadband Services, Inc., Embarq Communications, Inc., Midcontinent Media, Inc., and Qwest Communications Company LLC were represented by David E. Camarotto, Attorney at Law. David E. Weslow and Matthew J. Dowd, licensed attorneys in the District of Columbia and State of Maryland and Timothy M. Gebhart, licensed attorney in the State of South Dakota assisted Mr. Camarotto in the representation of the four Non-Party ISPs in this action. Non-Party John Does 173.23.48.174, 24.179.242.216, 24.107.13.178, 97.90.236.57, 71.83.133.82, 96.41.247.223, 68.117.42.66, 68.114.17.151 and 68.114.237.237 were represented by Mark C. Santi, Attorney at Law. Non-Party John Does 24.111.103.45, 173.19.137.181, 173.18.209.64, 96.3.7.73, 96.3.142.193, 173.28.83.32, 146.115.81.58, 173.20.105.170, 24.197.177.11, 71.9.52.234 and 66.191.233.188 were

represented by Paul A. Godfread, Attorney at Law. Non-Party John Doe 173.19.225.224 was represented by Edward P. Sheu, Attorney at Law. Becky S. Knutson and Matthew A. Warner-Blankenship, licensed attorneys in the State of Iowa, assisted Mr. Sheu in the representation of the Non-Party John Doe in this action. Lastly, one Non-Party John Doe, not identified by IP Address, was represented by Philip Gainsley, Attorney at Law.

On January 25, 2013, the Court heard the ISPs' and John Does' motions, and Guava's motion to strike. At the January 25, 2013 hearing in this matter, Guava's counsel John L. Steele, Esq. ("Steele"), an Illinois attorney who appeared for Guava *pro hac vice*, along with Dugas and Hansmeier, represented that Guava was a limited liability company with an office in Las Vegas, Nevada and that he believed Guava to be based in "Nevis," referring to the Federation of St. Kitts and Nevis.  (Jan. 25, 2013 Hr'g Tr. at 9-11).  When asked by the Court if Guava had any presence in Minnesota, Mr. Steele did not directly respond: "It's my understanding that they do have some computer equipment and various offices and one of the places would be Illinois and Las Vegas."  (Hr'g Tr. at 10). After being pressed by the Court, Mr. Steele stated that the lawsuit was brought in Minnesota "because the location and progress verifying various activities were trying to show that much of the activity, or certain amounts of the activity, was occurring in Minnesota so it's the acts themselves that are occurring in Minnesota." (Hr'g Tr. At 10-11). Stated differently, Mr. Steele did not state that the evidence previously collected pointed toward activity in Minnesota but that Plaintiff was trying to show that "much of the activity or certain amounts of activity, was occurring in Minnesota." *See id*. During the entire hearing, Plaintiff's counsel evaded the Court's inquiry into jurisdiction over this case and did not assert any concrete connections to Minnesota. In response to the Non-Parties' argument that Plaintiff did not file the proper document to bring suit pursuant to Minnesota Statute. §322B.94 subd. 1 (2012),

5

Plaintiff's counsel maintained that Plaintiff was not transacting business in Minnesota and that if necessary Plaintiff would file a Certificate of Authority that same day. (*See* Hr'g Tr. at 37-40). The Court received no evidence that a Certificate of Authority has been filed with the Secretary of State.

Also at the January 25, 2013 hearing, the Court took sworn testimony of Merkel's counsel, Trina Morrison, and received into the court record an Affidavit of Spencer Merkel dated January 24, 2013. ("Merkel Aff."). In the affidavit Merkel stated that he was a Beaverton, Oregon resident and that he received a September 26, 2012 letter from Prenda's Paul Duffy ("Duffy"), claiming that Merkel had illegally downloaded a movie named *Amateur Allure-MaeLynn*[2] and that Merkel could pay Prenda $3,400 by October 11, 2012 to avoid being named in the lawsuit, *Hard Drive Productions, Inc. v. Does 1-1,495*, which had been filed in the United States District Court for the District of Columbia. Merkel Aff. at ¶ 1; Exhibit A. Before the deadline, Merkel states that he called Prenda Law and spoke with someone named Mike or Michael. *Id*. at ¶ 2. Merkel attests that he informed "Michael" that he was unable to pay the settlement amount but inquired if they could settle the case. *Id*. According to the affidavit, "Michael" told Merkel that to settle he would have to agree to the following: Merkel would be sued, Merkel had to provide a bit-torrent log from his computer, and Prenda would dismiss the claim against Merkel after receiving the bit-torrent information. *Id*. at ¶ 3. During the discussion with "Michael," Merkel states that he was told that a pro-bono attorney may be willing to take the case in Minnesota and that "Michael" did not know any pro-bono attorneys in Oregon. *Id*. at

---

[2] This action appears to be markedly similar to a fraudulent scheme as found by Judge Otis Wright, United States District Judge of the Central District of California. In that case, Judge Wright found that Steele, Hansmeier and Paul Duffy conspired to send cease and desist letters to IP Address holders, alleging that such IP Address holders illegally stole a pornographic movie, and offered to settle for $4,000.00 or be sued. *Ingenuity 13 LLC v. Doe*, 2:12-CV-8333-ODW (JCx), 2013 WL 1898633 (C.D. Cal, May 6, 2013). Judge Wright found that this strategy was vexatious litigation designed to coerce settlement and extract settlement proceeds from defendants who did not want the social stigma of litigation relating to stolen pornographic movies attached to their names. *See id*.

¶ 4. Merkel states he agreed to be sued in Minnesota because he could not afford an attorney and obtained his attorney, Trina Morrison, based upon the information he received from Prenda. *Id*. Merkel also attests that he had never heard of Guava LLC or Alpha Law Firm LLC until this lawsuit; he believed that the opposing parties would be Prenda and Hard Drive Productions, Inc. *Id*. at ¶ 5-6. On January 15, 2013, Merkel received a voicemail from someone at Prenda stating that he "needed to make payment arrangements or [he] would be sued." *Id*. at ¶ 8. According to Merkel, Guava had not requested either his bit-torrent log information or the names of any alleged co-conspirators. *Id*. at ¶ 9.[3] Merkel's counsel testified that she graduated from law school with Guava's counsel Dugas and that she was approached to represent Merkel on a pro-bono basis after informing Mr. Dugas and Mr. Hansmeier that she may be interested in taking on a case pro-bono to gain experience. (*See* Hr'g Tr. At 17-20).

Upon inquiry at the January 25, 2013, Guava's counsel informed the Court that no discovery had been served upon Merkel since the case had been filed with the Court October 17, 2012, which is consistent with Merkel's statement. (*See* Hr'g Tr. At 28-31); Merkel Aff. ¶ 9. Merkel never appeared before this Court.

On March 1, 2013, before this Court ruled on the motions to quash, motions for protective order and motion to strike, Guava and Merkel filed a stipulation for dismissal in which Guava agreed to dismiss all claims against Merkel with prejudice. This Court signed and filed the Stipulation of Dismissal with Prejudice and Order on March 5, 2013 and judgment was

---

[3] The Court would note that Attorney Michael Dugas submitted a Declaration of Michael Dugas in Support of Plaintiff's Response to Court's Order to Show Cause ("Dec. of Dugas"), which states that Dugas is the only individual by the name of Mike or Michael at either Alpha Law Firm LLC or Prenda Law but that he never spoke to Merkel. Dec. of Dugas at ¶ 2-3. Dugas also claims that he never offered a settlement to Merkel and the first discussion of settlement was with Merkel's attorney Trina Morrison on February 14, 2013. *Id*. at ¶ 5-6. Finally, Dugas claims that this action is wholly unrelated to *Hard Drive Productions, Inc. v. Does 1-1,495*, filed in the United States District Court for the District of Columbia. *Id*. at ¶ 7. This Court finds that Dugas lacks any credibility with this Court based upon the actions he has taken in this matter. Therefore, any declaration and testimony offered is discredited with this Court.

entered by Hennepin County District Court Administration. Also on March 1, 2013, one of the non-party John Does in this action, represented by Attorney Sheu, filed a request for attorney fees and costs against Guava and its counsel. This Court issued an Order to Show Cause, dated March 6, 2013, ordering Plaintiff and its attorney Michael K. Dugas to show cause why the Court should not award reasonable attorneys' fees and costs to the Non-Party John Does. An Amended Order to Show Cause, dated March 7, 2013, was issued by the Court, which permitted the John Does and ISPs to file verified fee petitions to this Court in connection with the Motions for Attorneys' Fees and Costs. The Amended Order to Show Cause did not name John Steele, Paul Hansmeier, Prenda Law, Inc., Live Wire Holdings LLC, or the Anti-Piracy Law Group.

On April 23, 2013, the Court heard the John Does' and ISPs' requests for fees and costs and permitted all interested parties and their counsel to be heard. Despite this Court's Amended Order to Show Cause, no corporate representative of Plaintiff Guava appeared before the Court. Plaintiff's counsel Dugas stated that he was appearing on behalf of his client as well as himself; however, Dugas did not represent to the Court that he was a principal or officer of Plaintiff.

## ANALYSIS

### I.  Applicable Law

In Minnesota, foreign companies must conform to certain statutory requirements before an action may be brought within the state. "A foreign limited liability company transacting business in this state may not maintain any action, suit, or proceeding in any court of this state until it possesses a certificate of authority." Minn. Stat. §322B.94 subd. 1 (2012).

In civil actions, a foreign company must post a bond under Minn. Stat. §549.18 (2012), which provides, in relevant part,

> When an action is begun in the district court by a plaintiff who . . . is a
> nonresident or a foreign corporation . . . such plaintiff shall file a bond to the court
> administrator, before service of summons . . . in the sum of at least $75,

8

conditioned for the payment of all costs and disbursements that may be adjudged against the plaintiff. . .

Minn. Stat. §549.18 (2012). Further,

When any party shall commence an action without filing a bond, or fail to provide an additional bond when so required, the court, on motion of defendant, may order a stay of all proceedings in such action, or a dismissal thereof at the cost of the attorney commencing the same.

Minn. Stat. §549.19 (2012).

Minnesota Statutes and Minnesota Rules of Civil Procedure require all attorneys to plead cases in good faith to Minnesota Courts. *See* Minn. Stat. §549.211 (2012); *see also* Minn. R. Civ. P. 11. Minn. Stat. §549.211 states in relevant part:

Subd. 2. Effect of acknowledgment. By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
Subd. 3. Sanctions may be imposed. If, after notice and a reasonable opportunity to respond, the court determines that subdivision 2 has been violated, the court may, subject to the conditions in this section, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision 2 or are responsible for the violation.

Minn. Stat. §549.211 subd. 2; subd. 3 (2012). Furthermore, "[a] sanction imposed for violation of this section must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated…" and the sanction may consist of an order to pay reasonable attorneys' fees and costs of the movant. *Id*. at subd. 5(a). "Monetary sanctions

may not be awarded against a represented party for a violation of subdivision 2, clause (2)." *Id*. at subd. 5(b). But, the statute "does not apply to disclosures and discovery requests, responses, objections, and motions that are subject to discovery provisions and remedies of the Rules of Civil Procedure." *Id*. at subd. 6(a). Additionally, the statute provides a 21-day safe harbor, which prohibits a motion for sanctions from being filed with the Court "unless, within 21 days after service of the motion, or another period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." *Id*. at subd. 4(a).

Plaintiff argues that the Non-Party John Does violated the 21-day safe harbor rule by bringing the Motion for Attorneys' Fees and Costs prior to 21 days after service and that Minn. Stat. §549.211 does not apply because the Non-Party John Does and Non-Party ISPs filed this motion pursuant to costs related to Plaintiff's service of a subpoena to the Non-Party ISPs.

This Court questions the applicability of the 21-day safe harbor rule as the case was settled prior to the motions for attorneys' fees and costs being filed with the Court and because Plaintiff had almost two months notice of the hearing. But, even if the statute does not apply to this case, as it undoubtedly concerns discovery requests, the Court finds that an award of attorneys' fees and costs is not barred.

Minnesota Rules of Civil Procedure provide in relevant part:

A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

Minn. R. Civ. P. 45.03(a) (2012).

Minnesota case law holds that

district courts possess inherent authority to impose sanctions as necessary to protect their "vital function—the disposition of individual cases to deliver remedies for wrongs and justice freely and without purchase; completely and without denial; promptly and without delay, conformable to the laws." *Patton v. Newmar Corp.*, 538 N.W.2d 116, 118 (Minn.1995) (quotations omitted) (excluding expert witness testimony for spoliation of evidence). This includes awarding attorney fees. *Frazier v. Burlington Northern Santa Fe Corp.*, 788 N.W.2d 770, 783 (Minn.App.2010), review granted (Minn. Nov. 23, 2010). Attorney fees may be an appropriate sanction when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991) (citation omitted). A finding of bad faith is necessary before awarding attorney fees under the court's inherent power. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 2465, 65 L.Ed.2d 488 (1980); see also *Harlan v. Lewis*, 982 F.2d 1255, 1260 (8th Cir.1993) (characterizing *Chambers* and *Roadway* as setting bad-faith standard for attorney fee awards, although not for all exercises of inherent power). While the district court has the inherent authority to award attorney fees as a sanction, the bad-faith basis must be identified and supported by the record.

*Peterson v. 2004 Ford Crown Victoria VIN: 2FAHP74WX4X158445*, 792 N.W.2d 454, 462 (Minn. Ct. App. 2010).

Based upon the record, this Court concludes that Plaintiff Guava LLC and its counsel Michael K. Dugas of Alpha Law Firm LLC acted in bad faith and without a basis in law and fact to initiate this action in Minnesota State District Court. This Court finds that an award of attorneys' fees is an appropriate and just sanction pursuant to the Court's inherent authority.

First, this lawsuit was filed in Hennepin County District Court with none of the parties residing in Minnesota and none of the alleged unlawful conduct in the Complaint arising out of Minnesota. Plaintiff is allegedly a limited liability corporation based out of the Federation of Saint Kitts and Nevis and Defendant is an Oregon resident. If Plaintiff conducted business in this state, then this lawsuit was filed in violation of Minn. Stat. §322B.94 subd. 1. This violation alone illustrates bad faith on the part of Plaintiff because it commenced this action without the Certificate of Authority and when the matter was brought to the Plaintiff's attention, nothing was done to obtain the Certificate of Authority. If, on the other hand, the Court were to accept

Plaintiff's premise that it was not transacting business in Minnesota, jurisdiction of this Court is further undermined and the vexatious and oppressive nature of this action become clearer because any connection to the State of Minnesota between these two parties is eliminated. In either view, Plaintiff's claims were asserted in bad faith from the outset and rests upon an agreement to be sued in a jurisdiction with no tie to the alleged illegal conduct.

Next, the course of this "litigation" does not support a good faith suit against Merkel in this case. Plaintiff filed this Complaint, allegedly against Merkel and almost immediately petitioned this Court for authorization to subpoena Non-Party ISPs citing the need to identify Merkel's co-conspirators. This fishing expedition for IP addresses of the alleged conspirators without regard to their relation to Merkel became abundantly clear to the Court during the January 25, 2013 hearing, over three months after the lawsuit had been filed, when Plaintiff's attorney admitted that no discovery had been served upon Merkel. (*See* Hr'g Tr. At 28-31). If there was a true civil conspiracy at play in this action, the Court cannot imagine a scenario where discovery of what Merkel knew regarding his alleged co-conspirators would not be vital information. With no good faith pursuit against Merkel in this case, the Court is left only with Plaintiff's attempts to harass and burden Non-Parties through obtaining IP addresses to pursue possible settlement rather than proceed with potentially embarrassing litigation regarding downloading pornographic movies. Therefore, the Court is using its inherent authority to issue the sanctions set forth below.

Minn. Gen. R. Prac. 119.01 (2012) provides in relevant part: "In any action or proceeding in which an attorney seeks the award, or approval, of attorneys' fees in the amount of $1,000.00 for the action, or more, application for award or approval of fees shall be made by motion."

The motion shall be accompanied by an affidavit of any attorney of record which establishes the following:

1. A description of each item of work performed, the date upon which it was performed, the amount of time spent on each item of work, the identity of the lawyer or legal assistant performing the work, and the hourly rate sought for the work performed;

2. The normal hourly rate for each person for whom compensation is sought, with an explanation of the basis for any difference between the amount sought and the normal hourly billing rate, if any;

3. A detailed itemization of all amounts sought for disbursements or expenses, including the rate for which any disbursements are charged and the verification that the amounts sought represent the actual cost to the lawyer or firm for the disbursements sought; and

4. That the affiant has reviewed the work in progress or original time records, the work was actually performed for the benefit of the client and was necessary for the proper representation of the client, and that charges for any unnecessary or duplicative work has been eliminated from the application or motion.

Minn. Gen. R. Prac 119.02 (2012).

Minnesota follows the lodestar method of calculating reasonable attorney fees. *Milner v. Farmers Ins. Exchange*, 748 N.W.2d 608, 620 (Minn. 2008) (citations omitted). The lodestar method requires the district court to determine the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate. *Id*. at 621 (citations omitted) (quotations omitted). "In determining the reasonableness of the hours and the reasonableness of the hourly rates, the court considers all relevant circumstances." *Id*. (citing *State v. Paulson*, 290 Minn. 371, 373, 188 N.W.2d 424, 426 (1971)) (internal quotations omitted).

Factors considered in determining reasonableness include the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and the fee arrangement existing between counsel and the client. When the reasonableness of the requested attorney fees is challenged, the district court must provide a concise but clear explanation of its reasons for the fee award.

*Id.* (citations omitted) (quotations omitted); *See also Green v. BMW*, --- N.W.2d ---, No. A11-0581, 2013 WL 513241 (Minn. February 13, 2013) (affirming the lodestar factors and holding that the amount awarded and the results obtained are relevant factors to consider when determining the reasonable amount of attorneys' fees).

## II.  Attorney Camarotto's Motion for Attorneys' Fees and Costs

Attorney David Camarotto submitted an affidavit requesting attorneys' fees and costs in the amount of $24,383.09, which represents $22,465.00 in attorneys' fees, $618.09 in costs and $1,300.00 in estimated additional costs and fees. Attorney David Weslow submitted an affidavit requesting attorneys' fees and costs in the amount of $43,301.50. Attorney Timothy Gebhart submitted an affidavit requesting attorneys' fees and costs in the amount of $2,709.36. Using the lodestar factors, this Court finds that $21,324.27 is a reasonable award for attorneys' fees and costs for Mr. Camarotto and his colleagues in this case. This total represents $13,000.00 in reasonable attorneys' fees for Mr. Camarotto, $618.09 for costs, $5,000.00 in reasonable attorneys' fees for the services of Mr. Weslow and Mr. Dowd and $2,706.18 in reasonable attorneys' fees for the services of Mr. Gebhart.[4]

This Court utilized the following lodestar factors: the amount of work required, the attorneys' experience and a reasonable hourly rate of $325.00 for Mr. Camarotto. Mr. Camarotto has 12 years of experience as an attorney and has practiced since 2000. Mr. Camarotto represented all four Non-Party ISPs in this action and submitted that his firm completed 70.2 hours of work on this case. This Court does not dispute that significant work was required to represent the Non-Party ISPs; however, using the lodestar factors and all the relevant

---

[4] The discrepancy between the amount request by Mr. Gebhart and the amount awarded by this Court represents a calculation error and not a substantive determination. Mr. Gebhart reported that spent 11.1 hours on this case at a rate of $230.00 per hour for a total amount of $2,556.00. The Court's calculation totals $2,553.00. Taken together with the statutory tax the total amount shall be $2,706.18 and not $2,709.36.

circumstances, the Court concludes that no more than 40 hours of work was required during the pendency of this action. This case did not go to trial, no discovery was completed and the merits of the lawsuit were not reached. Mr. Camarotto, as an attorney for Non-Party ISPs, was required to complete work for two motions before this Court. Thus, 40 hours is a reasonable number of hours required on this case pursuant to the lodestar test. Attorney David Weslow requested an additional $43,301.50, which appears to be duplicative and unreasonable when local counsel Mr. Camarotto appeared in court and prepared all of the motions and supporting documents. Additionally, the Court finds that the hourly rate claimed by Mr. Weslow and Mr. Dowd of $450.00 and $445.00 respectively was an unreasonable hourly rate by comparison to legal fees for equally experienced attorneys in the Minnesota Twin Cities legal market. Mr. Weslow stated in his affidavit that he has practiced in intellectual property and information technology law since 2001. The affidavit does not contain information regarding Mr. Dowd's years of experience. The affidavit further states that the charged rates in this case, $450.00 and $445.00, were discounted from $555.00 and $530.00, respectively. From the information in the affidavit, the Court concludes that such rates are not reasonable fees in the Twin Cities legal market based upon the attorneys' experience. The Court therefore reduces the amount of the claimed attorneys' fees from the D.C. firm to $5,000.00, which is comparable to the awards for the other out of state attorneys and reasonable in light of the lodestar factors. This Court will not award any estimated additional costs as this amount is speculative.

### III.  Attorney Santi's Motion for Attorneys' Fees and Costs

Attorney Mark Santi submitted an affidavit requesting attorneys' fees and costs in the amount of $21,143.00, which represents $17,777.00 in attorneys' fees, $1,046.00 in disbursements and costs and $2,320.00 in estimated additional costs and fees. Using the lodestar

factors, this Court finds that $12,646.00 is a reasonable award for attorneys' fees, costs and disbursements in this case. This total represents $11,600.00 in reasonable attorneys' fees and $1,046.00 for disbursements and costs. This Court utilized the following lodestar factors: the amount of work required, Mr. Santi's experience and a reasonable hourly rate of $290.00. Mr. Santi represented nine (9) Non-Party John Does in this action. Mr. Santi has been licensed to practice law since 2007 and has six years of experience as an attorney. Mr. Santi submitted an affidavit stating that he completed 61.3 hours of work on this case. This Court does not dispute that significant work was required to represent the Non-Party John Does; however, using the lodestar factors the Court concludes that no more than 40 hours of work was required during the pendency of this action. This case did not go to trial, no discovery was completed and the merits of the lawsuit were not reached. Mr. Santi, as an attorney for Non-Party John Does, was required to complete work for two motions before this Court. Thus, 40 hours is a reasonable number of hours required on this case pursuant to the lodestar test. Furthermore, this Court will not award any estimated additional costs as this amount is speculative.

## IV. Attorney Godfread's Motion for Attorneys' Fees and Costs

Attorney Paul Godfread submitted an affidavit requesting attorneys' fees and costs in the amount of $4,537.00, which represents $4,347.50 in attorneys' fees and $190.00 in fees and costs. Mr. Godfread was admitted to practice law in 2008 has five years of experience as an attorney. Additionally, Mr. Godfread represented eleven (11) Non-Party John Does in this action. Using the lodestar factors, this Court finds that Mr. Godfread's requested attorneys' fees and costs are reasonable based upon the amount of work required, Mr. Godfread's experience and a reasonable hourly rate of $185.00.

V.     **Attorney Sheu's Motion for Attorneys' Fees and Costs**

Attorney Edward Sheu submitted an affidavit requesting attorneys' fees and costs in the

amount of $14,950.25, which represents $13,910.50 in attorneys' fees, $539.75 in disbursements

and $500.00 in additional costs and fees. Attorney Becky Knutson submitted an affidavit, on

behalf of herself and Matthew Warner-Blankenship, requesting attorneys' fees and costs in the

amount of $5,330.05. Using the lodestar factors, this Court finds that $18,334.75 is a reasonable

award for attorneys' fees, costs and disbursements in this case for Mr. Sheu and his colleagues.

This total represents $13,200.00 in reasonable attorneys' fees for Mr. Sheu, $539.75 for

disbursements and $4,595.00 in reasonable attorneys' fees for the services of Ms. Knutson and

Mr. Warner-Blankenship. This Court utilized the following lodestar factors: the amount of work

required, the attorneys experience and a reasonable hourly rate of $330.00 for Mr. Sheu. Mr.

Sheu has been licensed to practice law since 2001 and has twelve years of experience as an

attorney. Mr. Sheu represented one (1) Non-Party John Doe in this action but from the Court's

perspective, Mr. Sheu was lead counsel for the Non-Parties as he initiated the filing of the

motions and made the arguments that other counsel joined. Mr. Sheu contacted this Court to

schedule the Order to Show Cause Hearing as well as obtained the Order to Show Cause. For the

same reasons stated above, the Court finds that 40 hours of work is the maximum reasonable

hours for this matter. In her affidavit, Ms. Knutson stated that the hourly fees were $295.00 for

Ms. Knutson and $185.00 for Mr. Warner-Blankenship. The affidavit does not state the years of

experience for either attorney. However, the Court finds that the number of hours submitted, 20.2

hours, and the hourly rates of the attorneys are reasonable when compared to the amount of work

required and completed by other attorneys in this matter. This Court will not award any

estimated additional costs as this amount is speculative. Additionally, Ms. Knutson's request for

$735.05 for legal services performed by Mr. Sheu as a cost is denied as duplicative and therefore unreasonable under the lodestar factors.

**VI.     Attorney Gainsley's Motion for Attorneys' Fees and Costs**

Attorney Philip Gainsley submitted an affidavit requesting attorneys' fees and costs in the amount of $6,750.00. However, upon review of Mr. Gainsley's submitted, itemized list of time and fees, the amount of attorneys' fees total $6,525.00. Mr. Gainsley has been practicing law since 1965 and has 48 years of experience as an attorney. Using the lodestar factors and resolving the discrepancy in favor of the itemized list of fees, this Court finds that Mr. Gainsley's requested attorneys' fees are reasonable based upon the amount of work required, Mr. Gainsley's experience and a reasonable hourly rate of $450.00.

## CONCLUSION

Based upon the foregoing reasons, this Court invokes its inherent authority to impose sanctions upon Plaintiff Guava LLC and its counsel Michael K. Dugas and Alpha Law Firm LLC for bad faith litigation in this matter. For the reasons stated above, Plaintiff, Dugas and Alpha Law Firm shall be liable to the Non-Party ISPs and Non-Party John Does, jointly and severally, in the total amount of $63,367.52, as itemized in this Court's August 7, 2013 Order Granting in Part Non-Party John Does and Non-Party ISP's Motion for Attorneys' Fees and Costs.

TMB