EXHIBIT I

1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

EUREKA DIVISION

7

8

AF HOLDINGS LLC,

Plaintiff,

Case No. 12-cv-02396-EMC (NJV)

9

v.

10

**ORDER RE AUGUST 28, 2013
EVIDENTIARY HEARING**

JOE NAVASCA,

11

Defendant.

12
13
14

The parties should be prepared to address the following issues during the August 28, 2013

15

evidentiary hearing on defendant Joe Navasca's motion for sanctions:

16

1. In his May 6, 2013 opinion, Judge Wright of the Central District of California made

17

extensive findings regarding the corporate structure of AF Holdings LLC and the

18

relationships between AF Holdings, Prenda Law, Steele Hansmeier PLC, John Steele,

19

Paul Hansmeier, Peter Hansmeier, Patrick Duffy, and Brett Gibbs. *See Ingenuity 13*

20

*LLC v. Doe*, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. May 6, 2013). What legal effect

21

do these findings have in this action?

22

2. The district court awarded Navasca attorneys' fees and costs on July 22, 2013. *See*

23

Doc. No. 100.

24

a. Has AF Holdings paid these fees and costs? If so, is the motion for sanctions

25

moot?

26

b. If AF Holdings has not paid these fees and costs, what is the proper remedy?

27

i. Should AF Holdings be held in contempt of court?

28

ii. Is the award a "judgment"? If so, why is Navasca proceeding by filing a

United States District Court
Northern District of California

motion for sanctions rather than proceeding under California's enforcement of judgment law?

3. Navasca moves for sanctions under the district court's inherent power and 28 U.S.C. § 1927.[1] *See* Doc. No. 93. Sanctions under the district court's inherent power can be awarded against a person or entity who controls the litigation and is responsible for the abusive conduct, even if not a party thereto. *See In re Rainbow Magazine, Inc.*, 77 F.3d 278, 282-83 (9th Cir. 1996) (explaining *Lockary v. Kayfetz*, 974 F.2d 1166, 1169-70 (9th Cir. 1992)). Sanctions under 28 U.S.C. § 1927 can only be awarded against the attorney whose conduct is improper. How can Paul Hansmeier or John Steele be held liable for sanctions under 28 U.S.C. § 1927?

4. On February 19, 2013, Paul Hansmeier appeared as the Fed. R. Civ. P. 30(b)(6) deponent on behalf of AF Holdings in this action. *See* Doc. No. 93-11 (Ex. J).

    a. Hansmeier testified that AF Holdings was owned by a trust, but he could not testify about the name of the trust. *Id*. at 51:17-22. In a May 2, 2013 filing, Mark Lutz, who identifies himself as someone who "manage[s] various adult content related companies, including AF Holdings LLC," declared that "Salt Marsh is the name of the trust that owns AF Holdings" (Doc. No. 80, ¶ 2).[2] At the hearing, AF Holdings should be prepared to identify the name of its owner and any entity or person having a financial interest in the outcome of this case, beyond Salt Marsh.

    b. AF Holdings should be prepared to explain why it represented that there were "no known persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (other than the parties themselves) that may have personal or affiliated financial interest in the subject

---

[1] Judge Wright found that there was "at least specific jurisdiction over these persons because of their pecuniary interest and their active, albeit clandestine participation in these cases." Doc. No. 98-4 (Plaintiff's Opp'n, Ex. I to M. Lutz letter).

[2] Hansmeier testified that "Mr. Lutz is the sole manager/employee of AF Holdings." Doc. No. 93-11 (Ex. J) at 127:3-10. In another case, Lutz identified himself as the CEO of AF Holdings LLC. *See* Doc. No. 98-4 (Ex. E) ¶ 1.

2

matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceeding other than the parties." Doc. No. 2 (Certificate of Interested Entities).

c. AF Holdings should be prepared to explain why Paul Hansmeier was designated as its 30(b)(6) deponent instead of Mark Lutz.

d. Paul Hansmeier was unable to testify about "the exact mechanisms by which the money goes from" to AF Holdings from the law firms that represent it. Doc. No. 93-11 (Ex. J) at 95:2-96:22. AF Holdings should be prepared to explain these "exact mechanisms" at the hearing, and also should be prepared to provide an accounting of the funds it has received from persons it has sued or threatened to sue for copyright violation based on allegedly illegal downloading of its adult titles.

**IT IS SO ORDERED**.

Dated: August 20, 2013

NANDOR J. VADAS
United States Magistrate Judge

United States District Court
Northern District of California