IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRENDA LAW, INC., | ) | Case No. 1:13-cv-04341 |
| | ) | |
| | ) | Removed from: |
| Plaintiff, | ) | |
| | ) | The Circuit Court of St. Clair County, IL |
| v. | ) | Case No. 13-L-0075 |
| | ) | |
| PAUL GODFREAD, ALAN COOPER and JOHN DOES 1-10, | ) | Consolidated with 1:13-cv-01569 |
| | ) | |
| | ) | |
| Defendants. | ) | |

### REPLY IN SUPPORT OF MOTION FOR SANCTIONS

COME NOW Defendants Paul Godfread and Alan Cooper, by and through counsel, and in support of their Motion for Sanctions show the Court as follows:

**I.  Sanctions Pursuant to Rule 11 are Appropriate and Warranted.**

A court may impose Rule 11 sanctions for arguments that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose. *Smart Options v. Jump Rope, Inc.*, 2013 U.S. Dist. LEXIS 17743 (N.D. Ill. February 11, 2013) (St. Eve, A.).

The central goal of Rule 11 is to deter abusive litigation practices. *Reed v. Lincare, Inc.*, 2012 U.S. Dist. LEXIS 167160 (E.D. Wis. November 21, 2012). *Affirmed on appeal; Reed v. Lincare, Inc.*, 2013 U.S. App. LEXIS 15451 (7th Cir. July 30, 2013). The test of Rule 11 is objective. *Reed* at *24. The district court enjoys broad discretion in setting a sanction award it believes will serve the deterrent purpose of Rule 11 and may direct the offending party to pay the other party's reasonable attorney's fees." *Reed* at *24, *citing Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003); *Fries v. Helsper*, 146 F.3d 452, 459 (7th Cir. 1998).

Prenda and Duffy should be sanctioned under Rule 11 for advancing their arguments in support of remand relying on the amended complaint they knew or should have known, based on their own actions and based on the information revealed in Defendants' response to their attempt to remand the case from the Southern District of Illinois, were legally unreasonable, without factual foundation and asserted for an improper purpose.

    **A.    Prenda and Duffy Should Be Sanctioned Under Rule 11 Because They Failed To Withdraw Their Position Concerning The Amended Complaint.**

When analyzing compliance with Rule 11, courts are permitted to examine whether a party has substantially complied with notice, whether compliance was impossible, or whether the party subject to the Rule 11 motion waived their right to a 21-day safe harbor. *Methode Electronics, Inc. v. Adam Technologies, Inc.*, 372 F.2d 923, 926-927 (7th Cir., June 14, 2004). (holding that the target of the Rule 11 motion waived its 21-day safe harbor by proceeding with a hearing on the issue, thereby rejecting the earlier warning).

Prenda has never withdrawn its argument regarding the validity of the amended complaint. In fact, in Prenda's "Motion to Withdraw its Renewed Motion to Remand the Case", Prenda expressly asserted as follows:

> 1. Plaintiff on August 12, 2013 filed its Renewed Motion to Remand The Case tot eh (sic)Circuit Court of Cook County. The reason for the Motion was that Alpha LawGroup, LLC, which was added as a Plaintiff Ian amended complaint filed in theCircuit Court of St. Clair County, Illinois, is a Minnesota resident and thus there was not diversity jurisdiction in this Court.

    2. Plaintiff vehemently disagrees with representations made by Defendants counsel at the August 14, 2013 hearing regarding its Motion, but nevertheless due to the apparent confusion arising from Plaintiff's Motion, Plaintiff seeks to withdraw it motion. Rather than renew its motion, Plaintiff intends to, at the appropriate time if any, amend its complaint to ad Alpha Law Group LLC as a Plaintiff.

    3. Plaintiff therefore respectfully requests that this Court grant it leave to withdraw its August 12, 2013 Motion seeking to remand the case to the State Court.

[ECF No. 41].

Prenda and Duffy's reliance on Rule 11's safe harbor provision is unwarranted on several grounds. First, Prenda and Duffy cannot claim to have withdrawn their position regarding the amended complaint within the 21-day safe harbor period because they have steadfastly refused to withdraw it, and to this day have not done so. Instead, they filed a motion to withdraw their Renewed Motion to Remand in which they once again asserted that they "vehemently disagree" with Defendants' assertions (regarding the amended complaint), thereby reiterating the argument. Prenda and Duffy resserted the argument in their opposition to Defendants' Motion for Sanctions.

    **B.    Prenda and Duffy Waived Their 21-day Safe Harbor.**

Moreover, Prenda and Duffy waived any rights they had under the safe harbor provision by proceeding with the hearing on their Renewed Motion to Remand on August 14, 2013. In fact, on that date, despite a significant amount of questioning from the Court and an explanation of the events that transpired surrounding amended complaint and the motion for remand in the Southern District, Duffy, on behalf of Prenda, asked for a briefing schedule to further brief the issue.

Prenda and Duffy first advanced their theory regarding removal and the amended complaint on April 10, 2013, in their Motion to Remand, which was filed in the Southern District of Illinois. [ECF No. 12]. They have been on notice of Defendants' position regarding the amended complaint since May 10, 2013, when Defendants filed their Opposition to the Motion to Remand in the Southern District of Illinois. [ECF No. 24].

And yet, despite having been put on notice of Defendants' position on the amended complaint on May 10, 2013, Prenda and Duffy filed their Renewed Motion to Remand without in any way addressing the merits of the arguments raised by Defendants in the Southern District pertaining to the amended complaint. In fact, the "renewed" motion was virtually identical to the version filed in the Southern District and denied by Judge Herndon. [ECF No. 39].

There are two viable theories under which the Court could find that Prenda and Duffy are not entitled to a 21-day safe harbor. The Court could find that the 21 days expired sometime in June when both Prenda and Duffy were made aware of Defendants' knowledge of the facts surrounding the amended complaint, as set forth in their opposition to the motion to remand filed in the Southern District of Illinois. The Court could also find that Prenda and Duffy waived their 21-day safe harbor by proceeding with the hearing on August 24, 2013 and seeking a briefing schedule, and thereafter filing a motion to withdraw the Renewed Motion to Remand while restating their assertion that Defendants made intentional misrepresentations about the amended complaint, as well as their insistence that the amended complaint is valid or should have controlled the remand question, thereby withdrawing the filed document, but still reasserting the argument that is the subject of Defendants' Rule 11 motion.

4

**C.      Duffy Consented to Electronic Service When he Registered for and Continued to Utilize the Court's Electronic Filing System.**

Strangely, Prenda and Duffy argued in their opposition to Defendants' sanctions motion that they were not properly served under Fed. R. Civ. P. 5 because "Duffy has never consented in writing (or otherwise) to accept service of papers via electronic means." This assertion shows a lack of understanding by Duffy of his obligations as a user of the Court's ECF system.

Duffy consented to electronic service in this case, and all other cases in which he appears in this District, when he became an E-Filer and began e-filing documents with this Court. General Order 2011-24, the General Order on Electronic Case Filing, governs use of the "ECF" or "Electronic Case Filing System". *See* General Order on Electronic Case Filing (hereinafter "the Order"), a copy of which is attached hereto as Exhibit A. The Order provides that registration as an E-Filer constitutes consent to electronic service of all documents as provided in the General Order, and in accordance with the Federal Rules of Civil Procedure. (Ex. A, §IV(C)). The Order expressly provides that the Clerk of Court use a registration form that contains an express consent to service by electronic means in accordance with Fed. R. Civ. P. 5(b)(2)(D) and Fed. R. Crim. P. 49(b). (Ex. A, §IV(C)). Attorney Duffy is an E-Filer, as evidenced by the fact that he filed the brief in which he raised his service argument using the Court's ECF system. [ECF No. 50].

Plaintiffs' argument that service was improper is frivolous and without any legal merit. Duffy is an E-Filer and waived service of documents in cases pending before this Court via electronic means when he registered as an E-Filer.

    **D.    Prenda's Argument Regarding the Illinois Supreme Court Precedent on Amending a Complaint Misrepresents the Law.**

Plaintiff has raised yet another argument regarding the validity of the amended complaint, yet again alleging that Defendants "ignored" Illinois Supreme Court precedent on the issue. This is simply false.

Plaintiff cites *Ragan v. Columbia Mut. Ins. Co.*, 183 Ill.2d 342 (1998) in support of the proposition that good faith existed for advancing their arguments regarding the validity of the amended complaint. However, *Ragan* simply does not support that conclusion. In *Ragan*, the Illinois Supreme Court examined the effect of the failure of a party to amend a complaint to include a prayer for relief at the end of each count on a party's ability to appeal an issue raised in a count where no specific prayer for relief appeared in the complaint. *Ragan* at 353-354. However, the court expressly distinguished that argument, which involved claims being litigated between existing parties to the case, from cases in which there were attempts to amend a complaint to add new parties. *Ragan* at 354, *citing Greene v. Helis*, 252 Ill.App.3d 957 (1993) (failure to obtain leave to substitute a representative of estate for decedent), *Torley v. Foster G. McGaw Hospital*, 116 Ill.App.3d 19, 72 (1983) (failure to obtain leave to add party to a medical malpractice suit); and *Glickauf v. Moss*, 23 Ill.App.3d 679 (1974) (failure to obtain leave to add corporation as a defendant). The "jurisdictional" question in *Ragan* was whether the court of appeals had jurisdiction to hear an appeal on an issue that had not been properly amended in the complaint before the trial court. It has no bearing on the issue in the instant case, where the amended complaint was legally defective at all times relevant because Prenda never sought leave to amend the complaint to add a party, as required by Illinois law. *See Ragan*, *infra.*

The fact that Prenda and Duffy included this argument in their opposition to Defendants' sanctions motion underscores the very point being made by Defendants: Plaintiffs have failed to

6

withdraw the offending argument, which is clearly unsupported by law, and continue, even in the briefing on the motion for sanctions itself, to advance it.

It remains true that the propriety of removal is determined on the basis of Plaintiff's pleading as it existed at the time of removal. *Momans, et al v. St. John's Northwestern Military Academy, Inc., et al.*, 2000 U.S. Dist. LEXIS 5129 (N.D. Ill. April 20, 2009), *citing American Fire & Cas. Co., v Finn*, 341 U.S. 6, 14 (1951); *Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir., 1992). Plaintiff has failed to acknowledge in any manner the uncontested fact that at the time of removal to the Southern District, the amended complaint had not been served on Defendants.

  **E. Defendants Enumerated Other Cases in Which Plaintiff has Been Sanctioned Because it is Relevant to the Court's Ability to Fashion an Appropriate Sanction in the Instant Case.**

Prenda and Duffy have asserted that Defendants raised the issue of other sanctions against Prenda and its principals for an improper purpose in this proceeding. Nothing could be further from the truth. In making this argument, Prenda and Duffy are ignoring the Seventh Circuit case law that specifically provides that the conduct of a party and its counsel in other matters is relevant to this Court's analysis of a motion for sanctions, and consideration of sanctions that will be sufficient to deter future misconduct by them. *Reed v. Lincare, Inc.*, 2013 U.S. App. LEXIS 15451 (7th Cir., July 30, 2013). This is the only purpose for which Defendants included mention of other sanctions against Prenda and its principals in their Motion for Sanctions.

In this regard, Prenda and its counsel made a significant misrepresentation to the Court. Prenda asserted on page 4 of its opposition that it wished to avoid "Defendants' now-predictable pattern of baselessly seeking sanctions at every turn in every case." [ECF No. 50, p. 4]. Defendants respectfully request that the Court examine this claim carefully as Defendants have

never filed a motion for sanctions of any kind against Prenda or any of its principals in any jurisdiction. Attorney Erin Russell has never filed a motion for sanctions against Prenda or any of its principals. Attorney Jason Sweet has filed a single Motion for Attorneys' Fees in a case known as *Lightspeed v. Anthony Smith*, 3:12-cv-00889-GPM-SCW (ECF No. 61, Southern District of Illinois).

II.   **Sanctions Under §1927 and the Court's Inherent Authority are Warranted Because the Actions of Prenda and Duffy In Advancing Their Arguments Regarding the Amended Complaint Are Objectively Unreasonable and Should Have Been Abandoned After Defendants Filed Their Opposition to the Motion to Remand in the Southern District of Illinois.**

A court has discretion to impose §1927 sanctions when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice; pursued a claim that is without plausible legal or factual basis and lacking in justification; or pursued a path that a reasonably careful attorney would have known after appropriate inquiry to be unsound. *Hollander v. Bauknight*, 2013 U.S. Dist. LEXIS 107938 (N.D. Ill., August 1, 2013), *citing Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

Defendants have shown clearly that Paul Duffy should be sanctioned under §1927 for his conduct in this case. Duffy is not only counsel for Prenda, but was a principal in the organization and its sole officer. He has represented Prenda, as well as himself, throughout the pendency of these cases in the Southern District of Illinois and here in the Northern District. Though Duffy may not have filed an appearance in the Prenda case in St. Clair County, as its sole officer and one of its principals he surely knew Defendants had been served.

Even if Duffy did not know the amended complaint was improperly filed and was a legal nullity when he first emailed the undersigned and raised the issue, he clearly should have made

8

appropriate inquiries after Defendants filed their opposition to the motion to remand in the Southern District and provided an affidavit from Judy Kent, as well as documents proving that the amended complaint, valid or invalid, was not timely served. Filing a Renewed Motion to Remand in this Court without any evidence of such an investigation is unreasonable. The Renewed Motion to Remand is virtually indistinguishable from the version filed in the Southern District.

As for Prenda's failure to make a timely motion to remand in the Southern District (another grounds for the Court to have denied it), Duffy need look no further than himself and a calendar. The deadline for the filing of a motion to remand was clear, and Duffy simply missed it. Re-filing the same motion in "renewed" form in the Northern District of Illinois with no additional facts, law or legal theories, particularly in the face of the objection filed by Defendants in the Southern District and Judge Herndon's extraordinarily brief "footnote" ruling on the motion to remand, is objectively unreasonable.

Even if the Court sees fit to deny sanctions under Rule 11, Defendants respectfully submit that they have made a strong showing that sanctions are warranted under §1927 and the Court's inherent authority. The Seventh Circuit expressly noted in *Methode* that Rule 11 has not robbed the district courts of their inherent power to impose sanctions for the above of the judicial system. *Methode* at 927.

Defendants respectfully request that the Court enter an Order for sanctions in the form of attorney's fees and costs against Duffy in and in favor of Defendants.

V.  CONCLUSION

The sanction of dismissal of these actions under Rule 11, §1927 and the Court's inherent authority is appropriate. If the Court is not inclined to impose dismissal as a sanction against

9

```
```

both Prenda and Duffy, Defendants respectfully request that the Court order Prenda and Duffy to pay all costs and attorneys' fees incurred because of their conduct with regard to the amended complaint and the removal issues, as well as a sanction payable to the Court in an amount sufficient to deter such future conduct.

                Respectfully submitted,

                /s/ Erin Kathryn Russell
                Counsel for Defendants
                Paul Godfread and Alan Cooper

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

                /s/ Jason L. Sweet
                Counsel for Defendants
                Paul Godfread and Alan Cooper
                *Admitted Pro Hac Vice*

Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 7, 2013, she caused the foregoing to be filed via the Court's CM/ECF electronic filing system, thereby serving a copy on all parties of record.

                /s/ Erin Russell