Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# GENERAL ORDER 2011-24

## GENERAL ORDER ON ELECTRONIC CASE FILING

Meeting in executive session on November 16, 2004, the Court approved the following procedures for Electronic Case Filing (ECF). Revisions to these procedures were approved by the Court on May 19, 2005, May 21, 2006, October 25, 2007, April 30, 2009, and July 6, 2011

## I. Preamble

    (A) Whereas:
        (1) this court implemented the Case Management/Electronic Case Filing System in 2005;
        (2) Federal Rules of Civil Procedure Rules 5, 77, and 79, and Federal Rules of Criminal Procedure Rules 49 and 55, now permit the creation, retention, and storage of court records and service of notice and court orders by electronic means; and
        (3) This court has provided for the creation, retention, and storage of court records and service of notice and court orders by electronic means;

    (B) The Court hereby enters this general order which may be referred to as the "General Order on Electronic Case Filing."

    (C) This General Order shall be available through the Court Web Site. Any additional procedures established by the Clerk of the Court pursuant to this General Order should also be available through the Court Web Site.

## II. Definitions

    (A) "Electronic Case Filing System" or "ECF" is the court's electronic system for receiving, recording, docketing, filing, and retrieving pleadings and other court documents in electronic form and for generating, recording, retrieving, and transmitting court orders and notices in electronic form.

    (B) "E-Filer" is a person registered to use ECF in the Northern District of Illinois and who has been issued a login and password.

    (C) "Notice of Electronic Filing" is the notice generated by ECF upon the completion of an electronic filing.

    (D) "Court Web Site" is the official Internet web site of the United States District Court for the Northern District of Illinois, the present address of which is http://www.ilnd.uscourts.gov.

(E) A document is in "Compatible Format" if it is in Portable Document Format ("PDF") created by Adobe Acrobat or another similar and compatible program, or in such other format as the Clerk of the Court may designate and post on the Court Web Site.

(F) "Paper," when used in this General Order to describe forms, documents, etc., means a tangible, hard copy version in contrast to electronic versions.

### III. Scope of Electronic Filing

(A)    (1) All civil, criminal, and admiralty cases are assigned to ECF except those categories of cases specifically excepted below.

(2) The following categories of cases do not qualify to be assigned to ECF:
   (a) petty offenses;
   (b) grand jury matters;
   (c) sealed cases, until a point in the proceedings when the case is unsealed ; and
   (d) any other specific case where the court expressly orders that it not be assigned to ECF, until a point in the proceedings that the court may order otherwise.

(B)    (1) Except as expressly provided and in exceptional circumstances preventing a E-Filer from filing electronically, all petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the court after September 30, 2005 in connection with a case assigned to ECF shall be electronically filed.

(2) The following categories of documents are not to be filed electronically:
   (a) charging documents in a criminal case, including superceding indictments, superceding informations, and superceding complaints;
   (b) warrants for arrest and summons in criminal cases;
   (c) all documents that require the signature of a criminal defendant;
   (d) sealed complaints;
   (e) bonds;
   (f) letters of request;
   (g) other designated documents in accordance with procedures established by the Clerk of the Court; and
   (h) documents that the court expressly orders or permits to be filed in paper form.

(3) Subject to restrictions on access approved by the Executive Committee, the following categories of documents shall be filed electronically:
   (a) administrative records;
   (b) state court records in a habeas corpus case;
   (c) restricted, sealed, or *in camera* documents;

    (d)  *ex parte* motions; and
    (f)  documents filed by the Pretrial Services and Probation Offices.

    (4) As to those documents listed in § III(B)(2) and any other documents filed in paper form, the Clerk of the Court may establish procedures for creating and storing electronic versions of such documents. Those procedures (a) may contain provisions for creating redacted versions of documents and (b) shall not provide for the maintenance of electronic versions of pretrial services reports, presentence reports, restricted documents, sealed documents, *in camera* documents, or *ex parte* motions unless the Clerk of the Court specifically determines that the then-current version of ECF contains adequate protections for securing and restricting access to such documents.

(C) Prior to filing an emergency motion or matter, as defined in Local Rule 77.2, an E-Filer shall contact the judge's courtroom deputy or chambers by telephone or in person. Chambers information, including standing orders, is posted on the Court Website.

(D) The Clerk of Court is hereby granted the authority to authorize refunds upon written request by a party who has inadvertently made erroneous or duplicate payments on line. All approved refunds shall be processed through the electronic credit card system. In the event that a particular attorney or law firm continues to make repeated mistakes when submitting fees and requesting refunds, the Clerk of Court may request that the Court issue an order to show cause why further requests for refunds should be considered. If a credit card transaction is invalid for any reason or if the credit card processing function in CM/ECF is experiencing problems, payment must be made within two business days. Summons will not be issued until the fee is paid by credit card, check, cash, or money order. If the case is an emergency filing, the filer must bring the paper document.

## IV. Eligibility, Registration, and Passwords

(A) (1) Attorneys admitted to the bar of this court, including those admitted *pro hac vice*, and attorneys representing the United States in the attorney's official capacity, may register as E-Filers.

   (2) Registration shall be in accordance with procedures established by the Clerk of the Court and shall require that the applicant provide his or her name, address, telephone number, Internet e-mail address, and a declaration that the applicant is admitted to the bar of this court or admitted *pro hac vice*. Registration also requires that the applicant have or obtain an account on the Public Access to Court Electronic Records ("PACER") system.

(B) (1) A party to a pending civil action who is not represented by an attorney and who is not under filing restrictions imposed by the Executive Committee of this Court, may register as an E-Filer solely for purposes of the case.

   (2) Registration shall be in accordance with procedures established by the Clerk of the Court and shall require that the applicant identify the action as well as the name,

3

address, telephone number, and Internet e-mail address of the applicant. Registration also requires that the applicant have or obtain an account on the Public Access to Court Electronic Records ("PACER") system.

(3) Parties who are in custody are not permitted to register as E-Filers. If, during the course of the action, a party who is registered as an E-Filer is placed in custody, the E-Filer shall promptly advise the Clerk of the Court to terminate the E-Filer's registration as an E-Filer.

(4) If, during the course of the action, the party retains an attorney who appears on the party's behalf, the attorney must advise the Clerk of the Court to terminate the party's registration as an E-Filer upon the attorney's appearance.

(C) Registration as an E-Filer constitutes consent to electronic service of all documents as provided in this General Order and in accordance with the Federal Rules of Civil Procedure and Federal Rules of Criminal Procedure. The Clerk of the Court shall use an electronic and/or paper registration form that contains an express consent to service by electronic means in accordance with Fed. R. Civ. P. 5(b)(2)(D) and Fed. R. Crim. P. 49(b).

(D) The Clerk of the Court may establish registration procedures that require an E-Filer applicant complete on-line and/or in-person ECF training prior to being provided full access as an E-Filer.

(E) Once registration and/or training is completed in accordance with procedures established by the Clerk of the Court, the Clerk of the Court shall provide the E-Filer with notification of the E-Filer's login and password.

(F) E-Filers agree to protect the security of their passwords.

(1) An E-Filer shall immediately notify the Clerk of the Court if he or she learns that the E-Filer's password has been compromised.

(2) Use of the login and password is limited to the E-Filer and agents specifically authorized by the E-Filer. The E-Filer shall be responsible for all applicable charges associated with use of the E-Filer's password, and any documents filed by use of the password shall be deemed authorized and signed by the E-Filer.

(3) If the Clerk of the Court believes that an E-Filer's password has been compromised, the Clerk of the Court shall notify the E-Filer. In such instances, the Clerk of the Court may make necessary corrections to ECF and shall issue a new password to the E-Filer.

(4) E-Filers may be subject to sanctions for failure to comply with the provisions of this General Order or any ECF procedures established by the Clerk of the Court.

(G) It is the responsibility of the E-Filer to maintain adequate facilities and equipment to participate in ECF, including maintaining a current and active e-mail address. The E-Filer shall promptly notify the Clerk of the Court and opposing litigants in pending cases of any changes in the E-Filer's e-mail address. An E-Filer who lacks the necessary facilities, equipment, or active e-mail address, other than for a temporary period of limited duration, shall promptly seek withdrawal from ECF.

(H) An E-Filer may, for cause, be terminated from using ECF. The Clerk of the Court shall establish rules and procedures for such termination, which shall provide for review by petition to the Executive Committee of the court or a designated district judge or magistrate judge.

(I) (1) An E-Filer who is transferred to inactive status in accordance with LR 83.18 or suspended or disbarred pursuant to the court's disciplinary procedures, LR 83.25-.31, shall have his or her registration as an E-Filer automatically terminated.

(2) Following reinstatement under LR 83.18 or LR 83.30, a previously registered E-Filer must request reinstatement of his or her registration as an E-Filer. Such request must include then-current information as to the E-Filer's name, address, telephone number, and Internet e-mail address and any other information that may be required under procedures established by the Clerk of the Court.

## V. Consequences of Electronic Filing

(A) Electronic transmission of a document to ECF consistent with these rules, together with the transmission of a Notice of Electronic Filing from the court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the local rules of this court, and constitutes entry of the document on the docket kept by the Clerk of the Court under Fed. R. Civ. P. 58 and 79 and Fed. R. Crim. P. 49 and 55.

(B) (1) When a document has been filed electronically or created by the court electronically, the official record is the electronic recording of the document as stored by the court, except as provided for in section V(B)(2) below.

(2) Redacted stored electronic versions of paper documents filed with the court shall not constitute the official record of the court and the paper document shall be maintained as the official record of the court.

(C) Where the Clerk determines that a legible scanned image cannot be produced of a document filed in paper form, the paper document shall be maintained as the official record of the court except as provided for in sections V(D) and V(E) below.

(D) Where a document filed in paper form is suitable for scanning, but one or more exhibits attached to the document cannot be readily scanned due to the quality of text or images included in the exhibit, the clerk may scan the document as provided for in section (B)(1) above and retain the exhibit in paper form.

(E) Where a document filed in paper form is otherwise suitable for scanning but includes color text or images, the clerk may scan the document as provided for in section (B)(1) above to create a black and white electronic version of the document.

(F) The filing party is bound by the document as filed. The clerk of court may, where necessary and appropriate, modify the docket to comply with quality control standards.

(G) Except in the case of documents first filed in paper form and subsequently submitted electronically under § III(B)(4), a document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the court.

(H)　　Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight Central Time in the Northern District of Illinois in order to be considered timely filed that day. To the extent local rule or an order of the court requires filing with the court or service on an opposing party by a specific time of day, the document must be filed or served by that time of day to be timely and a courtesy copy submitted to the court within one business day.

## VI. Entry of Court Orders

(A)　　(1) All orders, decrees, judgments, and proceedings of the court will be filed in accordance with this General Order which will constitute entry on the docket kept by the Clerk of the Court under Fed. R. Civ. P. 58 and 79 and Fed. R. Crim. P. 49 and 55. All signed orders will be filed electronically by the court or court personnel. Any order filed electronically by the court or court personnel without the original signature of a judge (or, where applicable, the Clerk of the Court) has the same force and effect as if the judge or Clerk of the Court had affixed the judge's or Clerk of the Court's signature to a paper copy of the order and it had been entered on the docket in the manner otherwise provided.

(2) The Clerk of the Court may establish additional procedures for filing, creating, and storing electronic versions of orders, decrees, and judgments.

(B)　　An E-Filer submitting a document electronically that requires a judge's signature must promptly deliver the document in such form as the court requires.

## VII. Documents, Attachments, and Exhibits

(A)　　E-Filers must file all documents in electronic form, except where this General Order or the court permits otherwise. All electronic documents must be submitted in Compatible Format. Each document filed electronically must be titled using one of the categories contained in ECF.

(B)　　Documents filed electronically must not exceed 5 megabytes in size. Any document that exceeds these limits must be broken into multiple PDF files and filed as a document and attachments. By way of example, most filings include a foundation document (e.g., motion) and other supporting attachments (e.g., memorandum and exhibits). The foundation document as well as the supporting attachments will each be deemed a separate component of the filing, and each component shall be uploaded separately in the filing process

(C)　　 E-Filers may be excused from filing a particular component electronically under certain limited circumstances, such as when the component cannot be reduced to an electronic format. Such component shall not be filed electronically, but instead shall

be filed with the Clerk of the Court and served upon the parties in accordance with the applicable Federal Rules of Civil Procedure or Federal Rules of Criminal Procedure and the local rules for filing and service of paper documents. E-Filers filing a paper component shall file electronically a Notice of Paper Filing setting forth the reason(s) why the component cannot be filed electronically.

(D) An E-Filer, unless otherwise instructed by the court, may submit as exhibits or attachments only those excerpts of the referenced documents that are directly germane to the matter under consideration by the court. Excerpted material must be clearly and prominently identified as such. E-Filers who file excerpts of documents as exhibits or attachments under this rule do so without prejudice to their right to timely file additional excerpts or the complete document. Responding parties may timely file additional excerpts or the complete document that they believe are directly germane.

(E) (1) Nothing in section VII of this General Order shall override the local rules regarding page limitations on specific types of documents. The pages of electronic documents should substantially comply with the page limitations contained in LR 5.2. Absent leave of court, the page limitations set forth in LR 7.1 apply to briefs filed in electronic form.

(2) Nothing in section VII of this General Order shall prevent the court from ordering that other rules will apply in a particular case.

## VIII. Retention Requirements for Documents with Signatures of Persons Other Than E-Filers

(A) Documents that are electronically filed and require original signatures other than that of the E-Filer, *e.g*, affidavits, declarations, must be maintained in paper form by the E-Filer until 4 years after all time periods for appeals expire.

(B) On request of the court, the E-Filer must provide original documents for review.

## IX. Signatures of E-Filers

(A) The user login and password required to transmit documents to ECF serve as the E-Filer's signature on all electronic documents filed with the court. They also serve as a signature for purposes of Fed. R. Civ. P. 11, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the local rules of this court, and any other purpose for which a signature is required in connection with proceedings before the court. Each document filed electronically must, if possible, indicate that it has been electronically filed. Electronically filed documents must include a signature block and must set forth the name, address, telephone number and the attorney's bar registration number, if applicable. In addition, the name of the E-Filer under whose

      login and password the document is submitted must be preceded by an "/s/" and typed in the space where the signature would otherwise appear.

(B)     No E-Filer or other person may knowingly permit or cause to permit an E-Filer's password to be used by anyone other than an authorized agent of the E-Filer. Electronic filing may be delegated to an authorized agent, who may use the login and password to transmit a filing. However, use of the login and password to transmit the filing constitutes a signature by the E-Filer, even when the E-Filer does not perform the physical act of filing.

(C)     In cases assigned to ECF, documents requiring signatures of more than one party must be electronically filed either by: (1) transmitting a scanned document containing all necessary signatures; (2) representing the consent of the other parties on the document; (3) identifying on the document the parties whose signatures are required and by the submission of a notice of endorsement by the other parties no later than three court days after filing; or (4) in any other manner approved by the court.

## X. Service of Documents by Electronic Means

(A)     All E-Filers shall maintain a current and active e-mail address to receive Notices of Electronic Filing through ECF.

(B)     When a pleading or other document is filed electronically in a case assigned to ECF, ECF will automatically generate a Notice of Electronic Filing, which will automatically be transmitted by e-mail to all E-Filers in the case.

(C)     Except where sealed documents are filed electronically, subject to the provisions of Fed. R. Civ. P. 5(b)(3), the Notice of Electronic Filing constitutes service under Fed. R. Civ. P. 5(b)(2)(D) and Fed. R. Crim. P. 49(b) as to all E-Filers in a case assigned to ECF.

(D)     Parties to a case assigned to ECF, who are not E-Filers or represented by an E-Filer and who have not otherwise consented to service by electronic means under Fed. R. Civ. P. 5(b)(2)(D), are entitled to receive a paper copy of any electronically filed document. Service of such paper copy must be made in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the local rules of this court.

(E)     Where service is made as to any party who is not an E-Filer or is represented by an E-Filer, a certificate or affidavit of service must be included with all documents filed electronically. Such certificate or affidavit shall comply with LR 5.5 Such certificate or affidavit is not required as to any party who is an E-filer or is represented by an E-filer.

## XI. Notice of Court Orders and Judgments

(A) Immediately upon the entry of an order or judgment in a case assigned to ECF, the Clerk of the Court will transmit to E-Filers in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed. R. Civ. P. 77(d) and Fed. R. Crim. P. 49(c). The Clerk of the Court must give notice in paper form to a person who is not an E-Filer or represented by an E-Filer in accordance with the Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, and the local rules of this court.

## XII. Technical Failures

(A) An E-Filer whose filing is made untimely as a result of a technical failure may seek appropriate relief from the court.

(B) Any difficulty connecting to ECF and any other technical failure experienced should be immediately reported to the ECF Help Desk. The Court Web Site shall provide information as to how to contact the ECF Help Desk.

## XIII. Public Access

(A) Anyone desiring to view documents and court records maintained on ECF from a location other than the office of the Clerk of the Court, must have an account on the Public Access to Court Electronic Records ("PACER") system. Information about PACER, including applicable fees and how to register for it, may be found on the Court Web Site.

(B) The public will have electronic access to ECF at the offices of the Clerk of the Court for viewing during regular business hours. The offices of the Clerk of the Court are located at 219 South Dearborn Street, Chicago, IL 60604 and 211 S. Court Street, Rockford, IL 61101.

(C) Paper copies and certified copies of the electronically maintained documents on ECF may be purchased at the offices of the Clerk of the Court. The fees for copying and certifying will be in accordance with 28 U.S.C. § 1930.

ENTER:
FOR THE COURT

*James F. Holderman*
Chief Judge

Dated at Chicago, Illinois this 6th day of July, 2011