**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PRENDA LAW, INC. | ) | |
| | ) | CASE NO.: 1:13-cv-4341 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge: Hon. John W. Darrah |
| | ) | |
| PAUL GODFREAD, ALAN COOPER, and | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PRENDA LAW INC.'S MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS, *INSTANTER***

Plaintiff, by and through its undersigned attorneys, as and for its Motion For Leave To File Surreply To Defendants' Reply in Support of its Motion for Sanctions, *Instanter,* states as follows:

1. Defendants filed their Reply in support of their Motion for Sanctions on or about October 7, 2013. (ECF #52.) In it, Defendants raise several arguments for the first time. Plaintiff respectfully requests that the Court grant it leave to file a Surreply, attached at ***Exhibit "A"*** hereto, to Defendants' Reply In Support of Motion for Sanctions.

2. Specifically, Defendants raise at least five (5) issues for the first time in their Reply, which Plaintiff seeks the opportunity to respond to through its Surreply. *First,* Defendants argue that sanctions are appropriate because "Prenda has never withdrawn its argument regarding the validity of the amended complaint." (ECF No. 52 at 2.) But Rule 11governs papers, not arguments, and Defendants' argument fails.

3. *Second,* Defendants argue time that Plaintiff waived Rule 11's 21-day Safe-Harbor provision. (*See* ECF No. 52 at 3-4.) However, Plaintiff clearly did not waive that requirement in any way, shape or form, and Defendants rely upon a gross misstatement of the Seventh Circuit's ruling in *Methode Electronics, Inc. v. Adam Technologies, Inc.*, 371 F.3d 923 (7th Cir. 2004) as support for its failed argument in support of waiver.

4. *Third,* Defendants argue time that Plaintiff was properly served with a pre-filing Rule 11 notice because the undersigned is registered with the Court's CM/ECF system. But Defendants did not serve Prenda with any pre-filing copy of their motion, and in any event, CM/ECF registration is irrelevant because Defendants sent their notice by e-mail and did not file it on the CM/ECF system.

5. *Fourth,* Defendants argue for the first time that the Illinois Supreme Court's decision in *Ragan v. Columbia Mut. Ins. Co.*, 183 Ill.2d 342 (1998) stands for the proposition that an amended complaint that adds a party is a legal nullity unless filed with leave of court. However, the Illinois Court of Appeals, First District, disagrees. (*See* ECF No. 52 at 6.) In *Johnson v. Ingalls Memorial Hosp.*, 402 Ill. App. 3d 830, 931 N.E.2d 835 (1st Dist. 2010), the Illinois Court of Appeals interpreted *Ragan* and held, "the failure to obtain leave of court to add a party is not, in and of itself, a jurisdictional defect, rendering the amendment a 'nullity.' Rather, the failure to obtain leave of court to amend a complaint is a procedural deficiency, and any failure to timely object to it is subject to forfeiture." *Id.* 931 N.E.2d at 846.

6. *Fifth,* the Defendants allege time that they "have never filed a motion for sanctions of any kind against Prenda or any of its principals in any jurisdiction." (*Id.* at 8),

which is false. The Defendants have alleged that AF Holdings is an alter-ego of John Steele, one of the individuals the Defendants refer to as a "principal" of Prenda Law. Yet, Defendant Cooper recently asked a Magistrate Judge in the District of Minnesota to impose "any other sanction that would be reasonable and just to deter [AF Holdings] and its attorneys from engaging in similar conduct." *See AF Holdings LLC v. John Doe*, No. 0:12-cv-1448-JNE-FLN (ECF No. 42, Sept. 20, 2013).

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully requests that this Court grant it leave to file the attached Surreply, *instanter;* and grant it any and all further relief that the Court deems to be reasonable and appropriate under the circumstances. .

                Respectfully submitted,
                PRENDA LAW, INC.,
                Plaintiff

                By: /s/ Paul Duffy
                      One of its attorneys

Paul Duffy, Esq.
Duffy Law Group
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602
Telephone: (312) 952-6136
Dated: November 4, 2013