**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PRENDA LAW, INC., ) | |
| ) | CASE NO.: 1:13-cv-4341 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge: Hon. John W. Darrah |
| ) | |
| PAUL GODFREAD, ALAN COOPER, and ) | |
| JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PRENDA LAW INC.'S SURREPLY
TO REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

Plaintiff Prenda Law, Inc. respectfully submits this surreply to respond to the new arguments raised in the Defendants' Reply in Support of Motion for Sanctions. (ECF No. 52.)

**I. RULE 11 GOVERNS PAPERS, NOT ARGUMENTS**

For the first time, Defendants argue that Prenda should be sanctioned under Federal Rule of Civil Procedure 11 because "Prenda has never withdrawn its *argument* regarding the validity of the amended complaint." (ECF No. 52 at 2) (emphasis added). Yet, Rule 11 governs papers, not arguments. *See Simpson v. Putnam Nat'l Bank of Carmel*, 112 F. Supp. 2d 284, 291 (S.D.N.Y. 2000) (noting that the rule "refers repeatedly to the signing of papers; its central feature is the certification established by the signature"); *cf Insurance Benefit Adm'rs, Inc. v. Martin*, 871 F.2d 1354, 1361 (7th Cir. 1989) ("[T]he loss of an opportunity for settlement should not be considered as a factor in determining the propriety or amount of sanctions); *National Ass'n of Gov't Employees, Inc. v. National Fed'n of Fed. Employees*, 844 F.2d 216, 223 (5th Cir. 1988) (reversing sanctions because plaintiff's refusal to accept the settlement suggested by the court did not constitute grounds for imposing sanction).

On its face, Rule 11 does not purport to penalize a litigant for disagreeing with an opposing party's argument. Defendants do not cite to any legal authority to the contrary. Instead, Rule 11 applies to papers, and Defendants cannot point to any paper that was not withdrawn prior to the expiration of Rule 11's 21-day safe harbor window.[1]

## II. PRENDA DID NOT WAIVE RULE 11'S 21-DAY SAFE-HARBOR

For the first time, Defendants assert that Prenda waived Rule 11's 21-day safe harbor. (*See* ECF No. 52 at 3-4.) Defendants assert that there are "two viable theories under which the Court could find that Prenda and Duffy are not entitled to a 21-day safe harbor." (*Id.* at 4.) First, Defendants argue that the 21-day safe harbor might have started running in June, 2013, when Prenda was first presented with the Defendants' arguments regarding Plaintiff's amended complaint. (*Id.*) Second, Defendants argue that Prenda waived the 21-day safe harbor by "reasserting the argument that is the subject of Defendants' Rule 11 motion" in papers filed after Prenda withdrew its motion to remand. (*Id.*) Both of these arguments lack merit.

As for Defendants' first argument, nothing in Rule 11 suggests that merely becoming aware of a party's position on an issue triggers Rule 11's 21-day safe harbor. *See* Fed. R. Civ. P. 11. Taken to its logical extreme, this argument would mean that any position taken by a party that is contrary to a statement in a complaint or answer, for example, would trigger Rule 11's 21-day safe harbor. The Defendants do not cite to any provision of the Federal Rules or interpreting case law that would support this theory. As for Defendants' second argument, as discussed in Section I, *supra*, Rule 11 does not apply to arguments; Rule 11 only applies to papers that are

---

[1] In fact, due the Defendants' failure to properly serve their Rule 11 notice, no 21-day safe harbor window was ever even triggered.

filed. Defendants mis-cite to[2] *Methode Electronics, Inc. v. Adam Technologies, Inc.*, 371 F.3d 923 (7th Cir. 2004), and state that the Seventh Circuit held that "the target of the Rule 11 motion waived its 21-day safe harbor by proceeding with a hearing on the issue, thereby rejecting the earlier warning." (ECF No. 52 at 2.) This statement is demonstrably false. *See Methode*, 371 F.3d at 927 ("Even though there may be a basis in this case for finding … that Methode waived its rights to the 21-day safe-harbor provision, *we will not decide [that] issue*") (emphasis added). The Defendants' representation to the Court regarding the holding of *Methode* is therefore false.

### III. DEFENDANTS' PRE-FILING RULE 11 NOTICE WAS NOT PROPERLY SERVED

system. The Defendants' argument is a straw man, because Prenda is not challenging whether it was properly served with the Defendants' Rule 11 motion. Instead, Prenda is challenging whether it was properly served with Defendants pre-filing Rule 11 notice.

Rule 11(c)(2) states that a Rule 11 motion "must be served under Rule 5" but "not presented to the court if the challenged paper … is withdrawn … within 21 days after service…." Fed. R. Civ. P. 11(c)(2). Defendants did not serve Prenda with a pre-filing copy of their intended motion. Instead, they sent the undersigned an e-mail indicating that they viewed the Renewed Motion to Remand to be sanctionable.[3] It is this filing that Prenda argued was not properly served, as Rule 5 requires service via mail. The undersigned's registration for CM/ECF filings is irrelevant to the question because the Defendants' pre-filing notice was not delivered via the Court's CM/ECF system.

### IV. THE DEFENDANTS' INTERPRETATION OF *RAGAN* CONTRADICTS CASE LAW

---

[2] The proper case citation is *Methode Electronics, Inc. v. Adam Technologies, Inc.*, 371 F.3d 923 (7th Cir. 2004). The Defendants cite to it as *Methode Electronics, Inc. v. Adam Technologies, Inc.*, 372 [*sic*] F.2d [*sic*] 923, 926-927 (7th Cir., June 14, 2004).

[3] Prenda is not challenging the sufficiency of the substance of the Defendants' pre-filing notice.

For the very first time, the Defendants argue that the Illinois Supreme Court's decision in *Ragan v. Columbia Mut. Ins. Co.*, 183 Ill.2d 342 (1998) stands for the proposition that an amended complaint that adds a party is a legal nullity unless filed with leave of court. The Illinois Court of Appeals, First District, disagrees. (*See* ECF No. 52 at 6.) In *Johnson v. Ingalls Memorial Hosp.*, 402 Ill. App. 3d 830, 931 N.E.2d 835 (1st Dist. 2010), the Illinois Court of Appeals interpreted *Ragan* and held, "the failure to obtain leave of court to add a party is not, in and of itself, a jurisdictional defect, rendering the amendment a 'nullity.' Rather, the failure to obtain leave of court to amend a complaint is a procedural deficiency, and any failure to timely object to it is subject to forfeiture." *Id.* 931 N.E.2d at 846. Defendants' arguments regarding service fail to challenge, much less rebut, Prenda's arguments regarding the distinction between filing and service under the Illinois Code of Civil Procedure.

V.   **THE DEFENDANTS' "ENUMERATIONS" ARE FALSE**

The Defendants make a patent misrepresentation to the Court in their closing Rule 11 argument[4]. The Defendants state that they "have never filed a motion for sanctions of any kind against Prenda or any of its principals in any jurisdiction." (*Id.* at 8.) Once again, this statement is patently false. The Defendants have alleged that AF Holdings is an alter-ego of John Steele, one of the individuals the Defendants refer to as a "principal" of Prenda Law. Yet, Defendant Cooper recently asked a Magistrate Judge in the District of Minnesota to impose "any other sanction that would be reasonable and just to deter [AF Holdings] and its attorneys from engaging in similar conduct." *See AF Holdings LLC v. John Doe*, No. 0:12-cv-1448-JNE-FLN (ECF No. 42, Sept. 20, 2013), ECF No. 42 at 15. One of the plaintiff's attorneys in that matter is

---

[4] Plaintiff notes that the U.S. District Court for the Southern District of Illinois in *Lightspeed v. Smith,* Cas. No. 12-cv-889 allowed a motion for the recovery of fees pursuant to 28 U.S. C. § 1927, a case in which Prenda was counsel record for Plaintiff, but did not initiate.  The order is presently subject to a motion for reconsideration.

Paul Hansmeier, another individual whom the Defendants describe in their counterclaims as a principal of Prenda. Thus, as recently as three weeks ago, the Defendants have asked a court to sanction two "principals" of Prenda. *Id.* Defendant Godfread cannot claim ignorance of this filing: he is Mr. Cooper's attorney in that matter. *Id.* This misrepresentation merits sanctions.

### VI. THE DEFENDANTS' ARGUMENTS REGARDING THE PROPRIETY OF SANCTIONS UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT POWERS ARE UNAVAILING

The Defendants' arguments regarding the propriety of sanctions under 28 U.S.C. § 1927 and the Court's inherent powers are unavailing. The Defendants fail to cite a single case that would establish the availability of the sanctions they seek under these circumstances or the propriety of imposing them. Indeed, because their core argument—that the amended complaint is a nullity—is incorrect under Illinois law, sanctions are not on the table as to Prenda, at least.

### CONCLUSION

The Defendants' sanctions motion was improperly brought, filled with brazen misrepresentations of fact, lacks legal merit and has significantly burdened Prenda. The Court should find that sanctions are unavailable under the theories advanced by the Defendant and award Prenda its legal fees as the prevailing party on Defendant's Rule 11 motion. Prenda will be pleased to submit an application and affidavit detailing its expenses and fees. An award of fees and expenses is particularly appropriate here because the Defendants made repeated, inexcusable misstatements of fact, failed to disclose contrary legal authority and have no colorable excuse for these violations.

Respectfully submitted,
PRENDA LAW, INC.

By:  /s/ Paul A. Duffy
        One of Its Attorneys

Paul A. Duffy

2 N. LaSalle St., Suite 1300
Chicago, IL 60602
Telephone: (312) 952-6136
Fax: (312) 346-8434

E-mail: pduffy@pduffygroup.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on November 4, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

      /s/ Paul Duffy

      Paul Duffy