UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRENDA LAW, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 13-cv-4341 |
| PAUL GODFREAD, ALAN COOPER, | ) | |
| and JOHN DOES 1-10, | ) | Judge John W. Darrah |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Paul Godfread and Alan Cooper filed a Motion for Sanctions against Plaintiff Prenda Law, Inc. ("Prenda") pursuant to Fed. R. Civ. P. 11. For the reasons stated below, this Motion [51] is granted.

## BACKGROUND

Prenda, an Illinois corporation, filed suit against Defendants Paul Godfread, Alan Cooper (both citizens of Minnesota), and John Does 1-10, in the Circuit Court for the Twentieth Judicial Circuit, State of Illinois, St. Clair County, on February 12, 2013. (Petition for Removal at 1.) Prenda alleges claims of libel, defamation, and tortious interference with contractual relationships against Defendants Godfread and Cooper and unidentified John Doe Defendants. Thereafter, on March 1, 2013, Defendants removed the case to the Southern District

of Illinois on the basis of diversity, 28 U.S.C. § 1441.  Counsel for Prenda is attorney Paul A.

Duffy.[1]

Prenda filed a motion to remand the case to state court in the Southern District of Illinois.

In this first motion for remand, Prenda asserted that an Amended Complaint was filed on

February 21, 2013, which included Alpha Law Firm, LLC ("Alpha") as a Plaintiff.  (First Motion

for Remand at 2.)   However, because Alpha[2] is a Minnesota company, Prenda asserted,

diversity was destroyed and remand was proper.  That Amended Complaint never appeared on

the docket of this federal case.

On June 6, 2013, the Honorable David R. Herndon, Chief Judge of the Southern District

of Illinois, entered an order transferring this action to the Northern District of Illinois, noting that

"a virtually identical, first-filed action is currently pending in the Northern District of Illinois."

(June 6, 2013 Opinion at 2.)  *See Duffy v. Godfread*, Case No 13-cv-1569.  In that Opinion,

Judge Herndon further noted, "[P]laintiff has filed a motion to remand (Doc. 12).  The Court

adopts the reasoning and assertions of defendants' response in opposition to remand (Doc. 24)

and accordingly denies plaintiff's motion to remand."  (June 6, 2013 Opinion at 1 n.1.)  The

---

[1] Prenda, Duffy, and his affiliates are well known to this Court and many other courts around the country.  As Judge Murphy of the Southern District of Illinois recently noted, Duffy and his colleagues "have shown a relentless willingness to lie to the Court on paper and in person, despite being on notice that they were facing sanctions in this Court, being sanctioned by other courts, and being referred to state and federal bars, the United States Attorney in at least two districts, one state Attorney General, and the Internal Revenue Service."  *Lightspeed Media Corp. v. Smith*, Case No. 12-889-GPM, 2013 WL 3225093, at *5 (S.D. Ill. Nov. 27, 2013) (collecting cases).

[2] It is unclear what part, if any, Alpha plays in the complicated business model of Prenda, which is rife with aliases, alter egos, and purported "clients."  *See Lightspeed Media Corp.*, 2013 WL 3225093, at *3 ("It would not be a wise use of the Court's limited resources to *sua sponte* attempt to fully untangle the relationship" between these individuals and entities.) (citation omitted).

Defendants' reasoning for rejecting Prenda's motion for remand based on the lack of diversity was as follows:

> The crux of Plaintiff's argument in support of remand is that, prior to removal, they allegedly filed an amended complaint in St. Clair County that would destroy diversity by adding a Minnesota plaintiff, Alpha Law Firm. [ECF No. 12, p. 4]. However, the amended complaint referred to by Plaintiff is a legal nullity, and cannot be considered for the purposes of assessing diversity, or for any other purpose.
>
> Under Illinois law, unlike under the Federal Rules of Civil Procedure, the court must authorize all amendments to pleadings, except those made to conform pleadings to the proof. Plaintiff never filed a motion for leave to amend the St. Clair County complaint, and no order granting such relief was ever issued. Instead, their counsel, Kevin Hoerner, personally delivered the amended complaint to the clerk's office and falsely represented to a supervisor in the clerk's office that no motion to amend was required because none of the defendants had yet been served. Based on that representation, the supervisor accepted the amended complaint and stamped it. However, at the time the amended complaint was filed with the clerk's office, both Defendant Godfread and Defendant Cooper had been served with summons and copies of the original complaint, a fact that was known to Prenda.

(Dkt. No. 24 at 1-2.) Additionally, Defendants assert that Prenda *knew* Defendants had been served with the original complaint but represented to the Clerk of the St. Clair County Court that Defendants had not yet been served in order to file the Amended Complaint, naming Alpha as a Plaintiff, without leave of the court. The supervisor in the Clerk's Office stated in a sworn affidavit that she was informed by one of Prenda's lawyers, Hoerner, on February 21, 2013, that no one had been served with the Original Complaint, and that she stamped the Amended Complaint without a motion for leave to file based on Hoerner's representations. However, it is evident from the affidavits of service that Defendants had been served prior to February 21, 2013, in direct contradiction of Hoerner's representations to the Clerk's Office.

Moreover, Defendants assert that "there is not a single substantive difference between the sham amended complaint and the original complaint other than counsel for Plaintiff having

slapped the name Alpha Law on the caption of the case and at the beginning of the document as a party.  Not a single factual allegation was changed or added to reflect any reason for Alpha to be added as a party."  (Motion for Sanctions at 4 n.2.)  Judge Herndon adopted Defendants' "reasoning and rationale" and rejected Prenda's motion to remand the case to state court.  (June 6, 2013 Opinion at 1 n.1.)

Upon transfer of the case to the Northern District of Illinois, it was reassigned to this Court.  At the first status hearing here, on August 14, 2013, Prenda presented a motion for remand that was essentially *identical* to the motion that had been denied by Judge Herndon in his June 6, 2013 Opinion.  In the renewed remand motion, Prenda changed the caption of the motion to indicate that "Alpha Law Firm" was a named Plaintiff, though counsel for Prenda knew Alpha was not properly named as a Plaintiff in this case.  At that hearing, Paul Duffy, attorney and sole officer of Prenda, stated to the Court that the Southern District "denied the motion.  They indicated - - the Court indicated that on the four corners of the complaint, it stated that it was a Minnesota corporation.  However, the complaint also states that its principal place of business is in Minnesota."  (Mot. for Sanctions, Ex. B, 4:18 – 4:22.)  Counsel for Defendants addressed the Court and explained its position and the facts and reasoning previously adopted by Judge Herndon (set out above) when he denied Prenda's motion for remand.  Nowhere in the record does the Southern District of Illinois Court address Alpha and whether or not it was a Minnesota corporation, contrary to Duffy's statement before this Court.

Prenda then filed a motion to withdraw this "Renewed Motion to Remand" and stated, "Plaintiff vehemently disagrees with representations made by Defendants [sic] counsel at the August 14, 2013 hearing regarding its Motion, but nevertheless due to the apparent confusion arising from Plaintiff's Motion, Plaintiff seeks to withdraw it [sic] motion.  Rather than renew its

motion, Plaintiff intends to, at the appropriate time if any, amend its complaint to ad [sic] Alpha

Law Group LLC as a Plaintiff." (Motion to Withdraw Renewed Mot. to Remand ¶ 2.)

Thereafter, Defendants filed a Motion for Sanctions. The Motion has been fully briefed.

Prenda filed a motion for leave to file a surreply on November 4, 2013, but did not provide

proper notice or notice of presentment. Local Rule 78.2 states: "Where the moving party, or . . .

counsel for the moving party, delivers a motion . . . without the notice required by LR 5.3(b) and

fails to serve notice of a date of presentment within 14 days of delivering the copy of the motion

. . . to the court as provided by LR 5.4, the court may on its own initiative deny the motion."

Accordingly, Prenda's Motion for Leave to File a Surreply [53] is denied.

## LEGAL STANDARD

Sanctions are governed, in part, by Federal Rule of Civil Procedure 11. In filing a

pleading and advocating for it, an attorney certifies, to the best of its knowledge, information,

and belief, that its legal contentions are warranted by existing law and that its factual contentions

have evidentiary support. Fed. R. Civ. P. 11(b). Sanctions are appropriate where the party has

not filed a pleading for proper purposes but, instead, asserts its claims simply to harass or cause

unnecessary delay or expense. Fed. R. Civ. P. 11(b)(1). The purpose of Rule 11 sanctions "is to

deter baseless filings in the district court." *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013).

Also, "[a]ny attorney or other person admitted to conduct cases in any court of the United

States or any Territory thereof who so multiplies the proceedings in any case unreasonably and

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. An attorney's

liability under Section 1927 is appropriate where an attorney's conduct is marked by bad faith.

*Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 120 (7th Cir. 1994). "The Seventh Circuit

has concluded that such sanctions are appropriate (1) in instances of a serious and studied disregard for the orderly processes of justice, (2) when an attorney pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, and/or (3) where a claim is without a plausible legal or factual basis and lacking in justification." *Krukowski v. Omicron Technologies, Inc.*, Case No. 10 C 5282, 2013 WL 708042, at *5 (N.D. Ill. Feb. 26, 2013) (internal quotations and citations omitted). Whether to award sanctions pursuant to Section 1927 is within the discretion of the court. *Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

Additionally, "[j]udges have inherent authority to impose sanctions for misconduct by litigants, their lawyers, witnesses, and others who participate in a lawsuit over which the judge is presiding." *S.E.C. v. First Choice Management Services, Inc.*, 678 F.3d 538 (7th Cir. 2012). An award of sanctions under a court's inherent authority can be assessed against an attorney, a party, or both, while an award of sanctions under Section 1927 may only be levied against attorneys. *Goldberg v. 401 N. Wabash Venture LLC*, Case No. 09 C 6455, 2013 WL 5376556, at *1 (N.D. Ill. Sept. 25, 2013) (citation omitted).

## ANALYSIS

Based on the conduct of Prenda and its counsel, it is clear that sanctions are warranted. Each of their actions with respect to Defendants' Motion is considered in turn.

First, Prenda's conduct before the Clerk's Office of St. Clair County must be addressed. The following assertions, made by Defendants in response to Prenda's motion for remand, were adopted by Judge Herndon and are therefore taken to be true for purposes of this analysis. Prenda filed its Complaint in St. Clair County on February 13, 2013. Cooper was served with the Complaint on February 20, 2013; Godfread was served on February 18, 2013, as mentioned

above.  On February 21, 2013, Kevin Hoerner, counsel for Prenda, sought to file an Amended

Complaint in St. Clair County.  Judy Kent, the Supervisor in the Small Claims and Civil Division

of the St. Clair County Circuit Clerk's Office, noted that there was no motion for leave to file an

Amended Complaint and no order from the Circuit Court granting leave for an Amended

Complaint.  Hoerner represented to Kent that "no one had been served with the original

Complaint," which is why Kent file-stamped the Amended Complaint.  However, it is clear from

the record that Defendants *had*, in fact, been served with the original Complaint, despite

Hoerner's assertions to the contrary.  Prenda did not file the affidavits of service to Defendants

until March 5, 2013, so Kent would have no way of knowing whether or not Defendants had

been served, beyond Hoerner's false assertion.

The purported Amended Complaint merely added Alpha Law, a Minnesota corporation,

as a plaintiff to the case, in an attempt to destroy diversity; the purported Amended Complaint is

completely identical to the Original Complaint beyond the addition of that party.  "A plaintiff

may not file an amended complaint adding new parties without leave of court."  *Fischer v.

Senior Living Properties, L.L.C.*, 771 N.E.2d 505, 514 (Ill. App. Ct. 2002); *see also

Callaghan Paving, Inc. v. Keeneyville Const. Co., Inc.*, 557 N.E.2d 228, 229 (Ill. App. Ct. 1990)

("An amended complaint adding additional parties filed without leave of court is a nullity.").

As discussed above, despite the deception regarding the Amended Complaint, counsel for

Prenda moved for remand in the Southern District of Illinois based on the purported Amended

Complaint.

After the case was transferred to the Northern District of Illinois, Prenda again moved to

remand, filing essentially the same motion that the Court of the Southern District of Illinois had

denied.  Prenda had no legal basis for "renewing" this previously rejected motion.

7

When pressed, at the remand hearing on August 14, 2013, Duffy, counsel for Prenda, admitted he "filed substantially the same motion in the Southern District." (Mot. for Sanctions, Ex. B, 4:15 – 4:16.) As discussed above, when asked what the Southern District of Illinois said about the motion, Duffy stated to the Court: "They denied the motion. They indicated - - the Court indicated that on the four corners of the complaint, it stated that it was a Minnesota corporation. However, the complaint also states that its principal place of business is in Minnesota." (Mot. for Sanctions, Ex. B, 4:17 – 4:22.) However, the record reflects that the Southern District of Illinois Court said nothing of the sort. Duffy had the opportunity to address this lie in his response to the Motion for Sanctions and did not. To fabricate what a federal judge said in a ruling before another court falls well outside the bounds of proper advocacy and demonstrates a serious disregard for the judicial process.

Following this duplicitous behavior before the Court, Duffy sought to withdraw the renewed motion for remand, generously explaining that the reason for the withdrawal was "due to the apparent confusion arising from [the] motion." (Motion to Withdraw Renewed Mot. to Remand ¶ 2.) At a status hearing on August 20, 2013, the Court granted the motion to withdraw and set a briefing schedule for Defendants' Motion for Sanctions.

*Prenda's Response*

Prenda, through its counsel, Paul Duffy, filed a response to the Motion for Sanctions. In it, they argue that "Defendants have made no showing that attorney Hoerner *was aware* that service had been accomplished at the time he attempted to file the amended complaint." (Resp. to Motion for Sanctions at 10 (emphasis added).) Demonstrating Hoerner was aware that service

*had* been accomplished is not necessary to determine the deception inherent in Hoerner's affirmative (and false) representation to Kent that service *had not* been accomplished.[3]

Indeed, rather than explain their conduct, they seek to attack the form and procedure by which Defendants filed their Motion for Sanctions. Prenda contends it is entitled to the safe harbor provision under Fed. R. Civ. P. 11(c)(2), which provides that a motion for sanctions may not be filed "if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." Here, however, Prenda does nothing to explain or withdraw its assertions regarding what the Southern District of Illinois purportedly said about Alpha. Moreover, in its motion to withdraw the renewed motion for remand, Prenda continues to stand on its rejected assertions, insisting that "there was not diversity jurisdiction in this Court" and that Prenda "vehemently disagrees with representations made by Defendants . . . regarding its motion, but nevertheless due to the apparent confusion arising from Plaintiff's motion, Plaintiff seeks to withdraw it." (Motion to Withdraw Renewed Mot. to Remand ¶ 2.) The purpose of Rule 11 is to, in part, emphasize "the duty of candor by subjecting litigants to potential sanctions for **insisting upon a position after it is no longer tenable.**" Fed. R. Civ. P. 11 1993 Advisory Committee's Notes (1993 Amendments) (emphasis added). Moreover, sanctions under Section 1927 and pursuant to the Court's inherent authority are not subject to the safe harbor provision.

Additionally, Prenda asserts that the Motion for Sanctions must be denied because the request for sanctions under Rule 11 was not filed separately from the other requests for sanctions pursuant to Section 1927 and the Court's inherent authority to sanction. Courts are split as to

---

[3] This type of sophistry alone approaches sanctionable conduct.

whether or not separate motions for sanctions are required under Rule 11. *See Hasham v. California State Board of Equalization*, Case No. 96 C 3326, 2008 WL 4091002, at *4 n.9 (N.D. Ill. Aug. 21, 2008) (collecting cases).  However, this Court declines to require multiple separate motions for sanctions which stem from the same vexatious conduct. *See Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997) ("The drafters instruct that a 'separate' motion is one that is 'not simply included as an additional prayer for relief contained in another motion.' As we understand it, this requirement is intended to highlight the sanctions request by preventing it from being tacked onto or buried in motions on the merits, such as motions to dismiss or for summary judgment. The requirement does not foreclose combining a Rule 11 request with other provisions regulating attorney behavior, such as § 1988 and § 1927.") (quoting Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments)).

Grasping at straws, Prenda next asserts Defendants failed to serve their Rule 11 motion pursuant to Fed. R. Civ. P. 5 and that "Duffy has never consented in writing (or otherwise) to accept service of papers via electronic means." (Resp. to Motion for Sanctions at 5.)  This is clearly rebutted by the docket itself, which indicates that Duffy is an E-Filer of the Northern District of Illinois.  "[S]ubject to the provisions of Fed. R. Civ. P. 5(b)(3), the Notice of Electronic Filing constitutes service under Fed. R. Civ. P. 5(b)(2)(D) . . . as to all E-Filers in a case assigned to ECF."  N.D. Ill. General Order 2011-24 – General Order on Electronic Case Filing ¶ X(C).  Therefore, whether or not Duffy realizes it, as an E-Filer, he has accepted service by electronic means.

Prenda and Duffy's arguments against the Motion for Sanctions are unpersuasive at best. In a final act of audacity, Prenda, in response to Defendants' Motion for Sanctions, contends that

the "Court should award Prenda the fees it incurred in defending against Defendants' patently

frivolous motion."

## CONCLUSION

For the reasons provided above, Defendants' Motion for Sanctions [51] is granted.

Sanctions are awarded to Defendants against Prenda Law, Inc. and Paul A. Duffy, pursuant to

the Court's inherent authority to sanction, 28 U.S.C. § 1927, due to his unreasonable and

vexatious conduct, and Federal Rule of Civil Procedure 11(c), for violating Rule 11(b)(1),(2),

and (3).  Defendants shall submit an itemized statement of attorneys' fees occasioned by the

misconduct of Prenda Law, Inc. and Paul A. Duffy.  Prenda's Motion for Leave to File a

Surreply [53] is denied.


Date:   February 3, 2014

_____

JOHN W. DARRAH
United States District Court Judge