**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PRENDA LAW, INC., ) | |
| ) | CASE NO.: 1:13-cv-4341 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge: Hon. John W. Darrah |
| ) | |
| PAUL GODFREAD, ALAN COOPER, and ) | |
| JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## **PRENDA LAW, INC.'S OPPOSITION TO ATTORNEYS' FEES ITEMIZATION**

Plaintiff Prenda Law, Inc. respectfully submits this opposition to the Defendants' proposed attorneys' fees itemization. (ECF No. 61.)

### **INTRODUCTION**

Undersigned counsel filed a motion to remand the case to State court on or about August 12, 2013 (ECF No. 39) and filed a motion to withdraw it on August 14, 2013 (ECF No. 41) after counsel for Defendants objected to it during a status hearing that day. During that hearing, I mistakenly incorrectly described a decision issued by the U.S. Court for the Southern District of Illinois in denying a prior motion to remand this case to State court. In reality, what I described was what I recall having argued; it was not what the Southern District of Illinois held in its Order. The statements were a result of my memory, not an attempt to mislead anyone as to what was in the Order. I apologize to the Court, counsel and the parties for my error.

**ARGUMENT**

I.  **DEFENDANTS' COUNSEL SHOULD BE NOT ENTITLED TO FEES RESULTING FROM OPPOSING REMAND**

Defendants' counsel should not be entitled to fees incurred in connection with responding to the motion to remand. Plaintiff's motion to remand gave rise to Defendant's sanctions motion. (ECF No. 39.) Plaintiff's motion to remand was the subject of an August 14, 2013 motion to withdraw. (ECF No. 41.) Although the motion to withdraw was not granted until August 20, 2013, its filing evidenced Plaintiff's clear intent to abandon its attempts to have the case remanded on the grounds set forth in the motion. Further, unless Defendants intended to oppose the motion to withdraw—and they did not oppose the motion—then there was no reasonable prospect that it would be denied. Yet, instead of simply consenting to Plaintiff's motion to withdraw, the Defendants took the far-costlier approach of opposing the motion to remand. (ECF No. 44.) The first (and less expensive) approach would have been a much more cost-effective approach of preventing remand.

In pursuing the more expensive approach, Defendants did not live up to their duty of mitigating damages. Under Rule 11, as amended in 1993, parties have a continued obligation to mitigate damages resulting from a Rule 11 violation. *See Noga v. Kimco Corp.*, No. 96 C 6108, 1997 U.S. Dist. LEXIS 21128, at *12-21 (N.D. Ill. Jan. 6, 1998) (reducing amount of sanctions because counsel failed to mitigate damages); *see also In re Addon Corp.*, 231 B.R. 385, 391 (Bankr. N.D. Ga. 1999) (sanctions sought must be reasonable and directly related to the actionable conduct to "prevent a creditor from 'padding' expenses in an attempt to mete out punishment of its own"); *Pollution Control Indus. of Am. v. Van Gundy, 21 F.3d 152, 156* (7th Cir. 1994) (vacating sanctions against plaintiffs and remanding for appropriate award, where defendants had duty to mitigate costs, but failed to raise the dispositive issue in prompt and cost-

efficient manner); *Thomas v. Capital Sec. Serv.*, 836 F.2d 866, 879 (5th Cir. 1988) ("A party seeking Rule 11 costs and attorneys' fees has a duty to mitigate those expenses by correlating his response, in hours and funds expended, to the merit of the claims".); *Melrose v. Shearson/American Express, Inc.*, 898 F.2d 1209, 1216 (7th Cir. 1990) (party defending against filing must tailor response in hours and funds expended to the merits of the claim); *KRW Sales, Inc. v. Kristel Corp.*, No. 93 C 4377, 1993 U.S. Dist. LEXIS 17246, at *8 (N.D. Ill. Dec. 3, 1993) (sanctions denied because plaintiff should have mitigated its damages by notifying defendant and attempting to have the problem corrected instead of waiting and filing Rule 11 motion).

Here, Defendants could have inexpensively disposed of Plaintiff's motion to remand by consenting to Plaintiff's motion to withdraw the motion. Instead, they chose the unnecessarily expensive option of filing an opposition. As such, Defendants did not adequately mitigate costs, and should not be entitled to recover fees resulting from opposing the motion to remand.

## II. FEES INCURRED IN SEEKING SANCTIONS ARE NOT RECOVERABLE.

In *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 406-07 (1990), the Supreme Court held that Rule 11 did not authorize recovery of attorney's fees incurred to defend an award of Rule 11 sanctions of appeal. Relying on language in the version of Rule 11 in effect at that time, the Court reasoned that Rule 11 sanctions were limited to "those expenses directly caused" by the improper filing. At least one court has extended this principle to hold that the trial court should limit sanctions to the opposing party's direct costs, and not award attorneys' fees and costs for preparing a motion for sanctions. *See Lockary v. Kayfetz*, 974 F.2d 1166, 1178 (9th Cir. 1992) (holding that movants for sanctions under the Court's inherent powers are not entitled to recover fees for preparing a motion for sanctions).

Indeed, Rule 11 disfavors monetary awards to a Rule 11 movant. As revised, it provides that a sanction "must be limited to what is sufficient to deter repetition of conduct or comparable conduct by others similarly situated." The rule lists several suggested sanctions — directives of a nonmonetary nature, an order to pay a penalty into court, or, if necessary for effective deterrence, payment to the movant of some or all of the reasonable attorneys' fees incurred as a direct result of the violation. Rule 11(c)(4).

The 1993 Advisory Committee Notes emphasize that when monetary sanctions are imposed, they "should ordinarily be paid into court as a penalty." Indeed, the Committee Notes state that only "under unusual circumstances," particularly for violations of Rule 11's improper purpose subsection, will monetary sanctions payable to the opposing party be an effective deterrent. 1993 Advisory Committee Notes. *See also Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1030 (7th Cir. 1999). Further, any monetary sanction payable to the opposing party should be commensurate with the fees "directly and unavoidably" caused by the violation. 1993 Advisory Committee Notes; *see, e.g., In Divane v. Krull Electric Co.*, 200 F.3d 1020, 1030-31 (7th Cir. 1999) (remanding case to the district court for a determination of which of the defendant's legal costs were the direct result of plaintiff's sanctioned counterclaim; disagreeing that conduct sanctioned could have "infected" the entire proceeding so as to make all of defendant's legal expenses the direct result of the sanctionable conduct. Id. at *28-29.

### III.     FEE REQUEST IS EXORBITANT.

The Court should also deny the fee petition because the amount requested is exorbitant. Courts may decline to award fees where the amount requested is exorbitant. *See Budget Rent-A-Car Sys., Inc. v. Consol. Equity LLC*, 428 F.3d 717, 718 (7th Cir. 2005) (pursuant to Federal Rule 38; "When an award of fees is permissive, denial is an appropriate sanction for requesting

an award that is not merely excessive, but so exorbitant as to constitute an abuse of the process of the court asked to make the award.") *Cf. Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 283-84 (4th Cir. 2006) (holding that, although sanctions were mandatory under the PSLRA, "[i]t does not follow, however, that [the fee claimant] had no duty to present proper documentation for its fee request.").

Here, Defendants seek over $25,000—a significant portion of which was expended for the task of responding to a motion to remand that was pending withdrawal. This amount is exorbitant by any standard. Furthermore, Defendant's counsel has failed to substantiate the reasonableness of that amount. First, she indicates that she should be allowed to bill in excess of $400 because of her experience as an intellectual property attorney. Yet, this Court can take judicial notice that neither Ms. Russell nor Mr. Sweet appear to be admitted to practice before the United States Patent and Trademark Office. Thus, there is no basis on which they can justify a rate applicable to intellectual property attorneys. Further, the rate proposed is unsupported by the table attached to her filing for an attorney with Ms. Russell's experience. Ms. Russell has only been practicing for eight years and the median billing rate listed for actual intellectual property partners with that level of experience is $300. (*See* ECF No. 61-2.) In any event, however, Ms. Russell is not an intellectual property attorney. Nor is this an intellectual property case. Defendants' counsel have failed their burden of establishing a reasonable hourly rate.

### IV. DEFECTS IN THE FEE ITEMIZATIONS PREVENT THE COURT FROM PERFORMING AN ADEQUATE REVIEW

One of the most unusual aspects of the fee itemizations is the lack of any dates associated with Ms. Russell's entries. The lack of dates associated with the entries prevents the Court from determining whether the time entries are associated with the original motion to remand or the second motion to remand. Further, the lack of time entries prevents the Court from cross-

referencing the fee itemizations submitted by Ms. Russell and Mr. Sweet to check for consistency. For example, Mr. Sweet apparently racked up 8.7 hours of billable time on February 7, 2014—the day the fee petition was submitted. Plaintiff estimates that Ms. Russell filed the fee petition at 2:00 p.m. Central that day, suggesting that Mr. Sweet, who practices in Massachusetts started his day at 4:00 a.m. Eastern and billed straight through the entire day up until the time the fee itemizations were filed. Such discrepancies merit closer scrutiny.

### V. ANY AWARD SHOULD EXCLUDE SANCTIONS ATTRIBUTABLE TO COUNSEL NOT IN THIS CASE.

The Court in its memorandum and opinion granting sanctions included a significant number of references to an attorney who appeared in State court in this action but not in the Federal court action. That attorney, Kevin Hoerner, works for a law firm in or near Belleville, Illinois. He does not work for the undersigned, and (upon information and belief after a review of the court docket) he did he did not file an appearance in this case after it was removed to Federal Court.

Any sanction relating to or arising from acts or omissions of co-counsel in the State Court proceeding should not be attributed to the undersigned. Liability, under Section 1927, is direct, not vicarious. *See FM Indus., Inc. v. Citicorp Credit Servs.,* 614 F.3d 335, 341 (7th Cir. 2010). (*Cite Easterbrook individual liability case.*) Accordingly, Plaintiff's counsel respectfully requests that the Court reduce any sanction imposed in direct correlation to the extent to which it relates to acts or omissions of individuals not in this case.

### CONCLUSION

For all of the reasons set forth herein, Plaintiff's counsel respectfully requests that the Court deny her petition for fees; deny any payment of a sanction to Defendant's counsel; and

grant any and all further relief that it deems to be reasonable and appropriate under the circumstances.

                                      Respectfully submitted,
                                      PRENDA LAW, INC.

                                      By:  <u>/s/ Paul A. Duffy</u>
                                               One of Its Attorneys

Paul A. Duffy
2 N. LaSalle St., Suite 1300
Chicago, IL  60602
Telephone:  (312) 952-6136
Fax:  (312) 346-8434

E-mail:  pduffy@pduffygroup.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on March 4, 2014, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

      /s/ Paul Duffy

      Paul Duffy