IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRENDA LAW, INC., | ) | Case No. 1:13-cv-04341 |
| | ) | |
| | ) | Removed from: |
| Plaintiff, | ) | |
| | ) | The Circuit Court of St. Clair County, IL |
| v. | ) | Case No. 13-L-0075 |
| | ) | |
| PAUL GODFREAD, ALAN COOPER and JOHN DOES 1-10, | ) | Consolidated with 1:13-cv-01569 |
| | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' REPLY IN SUPPORT OF ITEMIZATION OF ATTORNEY'S FEES

COME NOW Defendants Paul Godfread and Alan Cooper, and support of their Itemization of Attorneys' Fees show the Court as follows:

I. INTRODUCTION

On February 3, 2014, this Court issued its Memorandum Opinion and Order granting Defendants' Motion for Sanctions and awarding sanctions against Prenda and Duffy pursuant to the Court's inherent authority to sanction, 28 U.S.C. §1927 due to Duffy's unreasonable and vexatious conduct and Federal Rule of Civil Procedure 11(c), for violating Rule 11(b)(1)(2) and (3). *See* ECF No. 60, a copy of which is attached hereto as Ex. A.

The Court noted in its Order that Duffy and his colleagues (including Prenda) "have shown a relentless willingness to lie to the Court on paper and in person, despite being on notice that they were facing sanctions in this Court, being sanctioned by other courts, and being referred to state and federal bars, the United States Attorney in at least two districts, one state Attorney General, and the Internal Revenue Service."

Prenda's opposition to Defendants' itemization of attorneys' fees is yet another example of the relentless willingness to deceive noted by Judge Herndon and again by this Court. Their Opposition consists of a cowardly and inept attempt to shift responsibility for their actions to their former counsel in St. Clair County, misstatements of fact and an apology of dubious credibility. The Court should disregard Prenda's opposition brief in its entirety and consider sanctioning Prenda and Duffy for the claims and statements made therein.

II. ARGUMENT

A. <u>Prenda and Duffy Were Properly Sanctioned for Their Direct Conduct in This Matter</u>.

Prenda has asked the Court to reduce its sanctions award to the extent they contend the sanctions were based on the actions of attorney Kevin Hoerner, Plaintiff's former counsel, in St. Clair County. This suggests two things: Prenda and Duffy have failed to understand the reason for the Court's award of sanctions, and they are yet again, in the face of sanctions, turning on and blaming Mr. Hoerner for their wrongful conduct.

Prenda and Duffy were not sanctioned for the actions of Kevin Hoerner, in St. Clair County. They were sanctioned for relying on the sham amended complaint in the Southern District, and again in the Northern District, in support of their frivolous attempt to get the case remanded to St. Clair County. (Ex. A, p. 7). Duffy was sanctioned for later lying about Judge Herndon's ruling in the Southern District when asked about it by this Court on August 14, 2014. (Ex. A, p. 8; Ex. B).

Prenda and Duffy were sanctioned not for their actions in state court, but for relying on the sham amended complaint in their attempts to get this case remanded to St. Clair County after the circumstances of its filing were revealed both to the Southern District of Illinois and to this Court. They were also filed for Duffy's misrepresentations regarding these events in open court.

Prenda and Duffy expressed outrage that Attorney Russell refused to acknowledge their sham amended complaint and removed this case to the Southern District. They defended their amended complaint in their filings with the Southern District Court in support of their Motion to Remand and again before this Court in support of their Renewed Motion to Remand as well as in their opposition to Defendants' Motion for Sanctions. [ECF No. 14, 44 and 50]. Duffy also defended the amended complaint on the record in open court before this Court on more than one occasion. Finally, and not insignificantly, Duffy admitted on the record before this Court that the amended complaint was his in the following colloquoy on that issue:

> THE COURT: You say that the – the amended complaint that you filed in St. Clair County averred that the – this plaintiff, Alpha Law Firm, was an Illinois corporation. And then you hook up two exhibits to this motion, Exhibits A and B, that clearly point out that the corporation, this Alpha corporation, is organized under the laws of Minnesota. And then you say that the defendant had full knowledge of this when they removed the case to federal court. Were these two exhibits attached to the amended complaint you filed at St. Clair County?
> MR. DUFFY: They were not attached to the –
> THE COURT: Well then, how would the defendant possibly know that? You pled in the complaint that they were an Illinois corporation.
> MR. DUFFY: Yes. I informed defendants' counsel that was a typo –
> …
> THE COURT: You pled in the complaint that it was an Illinois corporation, did you not?
> MR. DUFFY: I did, and also that it has a principal place of business in Minnesota…

Transcript of proceedings, August 14, 2014 (Ex. C; 2:20-3:25)

It should be no surprise to anyone, and least of all Kevin Hoerner, that Prenda and Duffy now seek to shift blame to Hoerner. The truth laid bare, they now seek to distance themselves from Hoerner and the sham amended complaint in which they previously had such great confidence. Hoerner no doubt saw this coming, as Prenda and Duffy are also throwing him under the bus for the sanctions trouble they are in with Judge Herndon in the Southern District in *Lightspeed Media Corp. v. Smith*, Case No. 12-889-GPM, now on appeal to the Seventh Circuit

Court of Appeals. No matter how many courts sanction Prenda and Duffy, they continue their pattern of unethical behavior unabated. Their actions in this matter, continuing after the Court's Order issuing sanctions against them, suggest they do not intend to stop.

B.  <u>Defendants' Fees are Reasonable and Appropriate</u>.

The fees incurred by attorneys Erin Russell and Jason Sweet in responding to Prenda's attempt at manufacturing a lack of diversity to have this matter remanded to St. Clair County are absolutely reasonable. Counsel have not claimed fees for any tasks other than those related directly to the remand issue, and to the investigation of the sham amended complaint filed in St. Clair County. Attorney Russell engaged the services of her local counsel in St. Clair County to expedite the investigative process and to avoid having to expend resources to travel to St. Clair County from Chicago.

Defendants have claimed $26,012.50 in fees in this matter, an amount Prenda describes as "exorbitant". *See* Prenda's Opposition to Defendants' Fee Petition at p. 4-5. Considering that Prenda has been sanctioned by several other federal courts in the past year to the tune of many hundreds of thousands of dollars, Defendants struggle to understand how a sanction of approximately $26,000 can be described as exorbitant.

The truth is that $26,012.50 is abundantly fair and, relatively speaking, a bargain. Prenda's dishonest conduct in this matter was unsophisticated and not terribly hard to prove. The sham amended complaint speaks for itself. The timing issues with regard to its filing as compared to the dates of service on Godfread and Cooper are obvious to anyone with a calendar and basic math skills. Prenda principal John Steele provided the evidence showing Prenda's knowledge that Godfread was served before the sham amended complaint was filed with the ill-advised voice mail he left for Godfread shortly after he was served. None of the fees were incurred until

4

after the case was removed to the Southern District of Illinois, and all were required to show that the removal had been done properly.

The vast majority of the fees were not incurred investigating Prenda's basic St. Clair County ruse, but rather addressing the remand issue after Prenda had been put on notice of the sham amended complaint and chose to proceed with its attempts to have the case remanded. A reasonably prudent attorney in Duffy's position, having been informed, if he was not already aware, of the defects in the sham amended complaint, would have conducted an investigation and reconsidered attempting to remand the case in the Southern District. Duffy did not do that, and instead insisted that their actions were purposeful and legal. Defendants argued that not only was the sham amended complaint insufficient to defeat diversity, but also that Prenda and Duffy had nonetheless filed their motion to remand the case late, and as it was untimely, it must also be denied. Judge Herndon adopted <u>all</u> of Defendants' assertions and reasoning and denied Prenda's motion to remand in a footnote to his order granting Defendants' motion to transfer the case to the Northern District. Even without the issue of the shenanigans with the amended complaint in St. Clair County, Judge Herndon held that their attempt to remand the case was untimely.

Undeterred by their defeat in the Southern District, and ignoring Judge Herndon's ruling, Prenda and Duffy attempted their remand motion a second time in the Northern District, necessitating additional briefing and expense of time and resources by Defendants. They completely ignored the timeliness issue and attempted once again to pass the sham amended complaint as valid, going so far as to amend the caption of the complaint to add Alpha Law as a party, an act that was addressed by the Court on the record on August 14, 2014. (Ex. C; 5:10-6:4).

They now argue that it was unfair of Defendants to not agree to allow them to withdraw their improper second motion to remand and ignore their improper conduct. Defendants were under no obligation to turn a blind eye to the wrongdoing by Prenda and Duffy.

Now, their bizarre arguments regarding sanctions having failed on all counts, Prenda and Duffy have turned to making odd inaccurate statements in attacking Defendants' fee itemization. They allege that Attorney Russell has only been practicing law for eight years. Ms. Russell was first licensed to practice law in the State of Georgia in 2004 and remains licensed to practice there, and in good standing, to date. Ms. Russell has been practicing law for ten years, not eight.

Prenda then noted that neither Attorney Russell nor Attorney Sweet is admitted to practice before the United States Patent and Trademark Office. No such admission is required to handle intellectual property litigation, and this fact is absolutely irrelevant to the Court's analysis of Defendants' fee itemization in this matter.

Prenda also made the bizarre claim that Attorney Russell is not an intellectual property attorney. The Court is aware that this is untrue, as Attorney Russell appears before this Court on a regular basis on a variety of copyright infringement matters. It is also a matter of public record that in the past 18 months, Attorney Russell has appeared on behalf of 130 defendants in copyright infringement and trademark cases in the Northern District of Illinois alone, and represents defendants in copyright matters in the Eastern and Western Districts of Wisconsin, the Central District of Illinois, the Southern District of Illinois, the Southern District of Indiana, the Northern District of Georgia, and the District of Colorado. These facts are readily ascertained by viewing public records on PACER and are irrefutable.

Prenda and Duffy have failed to make a single credible argument to support their contention that Attorney Russell's hourly rate of $400 per hour, and Attorney Sweet's rate of $409 per hour

are unreasonable. The Court should approve Defendants' fee itemization at the requested rates, as the hourly rates are reasonable based on the skill and experience of Attorneys Russell and Sweet, and the time expended and claimed in the fee itemization is fair and reasonable[1].

C. Duffy's Explanation for his Untrue Statements Regarding Judge Herndon's Order Does Not Comport With the Evidence.

Prenda's opposition brief begins with an apology and an attempt to explain away Duffy's untruthful statements regarding Judge Herndon's Order denying Prenda's motion to remand in the Southern District of Illinois. Duffy made these statements on the record on August 14, 2014. (Ex. C).

On that date, the following colloquy regarding the amended complaint, the motion to remand and Judge Herndon's ruling occurred:

THE COURT: The second question I have is: When they moved to remove the matter to this Court, why didn't you bring this up then?
MR. DUFFY: I originally brought it up in the Southern District of Illinois before it was transferred to the Northern District, and I initially was going to depose relating to –
THE COURT: How did you bring it up to the –
MR. DUFFY: This is –
THE COURT: -- District Court in --
MR. DUFFY: I filed substantially the same motion in the Southern District.
THE COURT: And what did they say?
MR. DUFFY: They denied the motion. They indicated – the Court indicated that on the four corners of the complaint, it stated that it was a Minnesota corporation. However, the Complaint also states that its principal place of business is in Minnesota. So for the purposes of citizenship under diversity –

(Ex. C; 4:5-5:3)

Moments later, Attorney Erin Russell corrected this false assertion on the record by informing the Court that "Judge Herdon read our brief regarding these issues and denied the

---

[1] One accurate observation Prenda and Duffy did manage to make in their opposition brief was that the detailed bills submitted by Attorneys Russell and Sweet did not contain the correct dates the services were provided. A corrected invoice from Attorney Russell is attached hereto as Exhibit D. Similarly, Attorney Sweet's invoice is resubmitted with the correct dates of service reflected, and is attached hereto as Exhibit E.

7

motion for remand in a footnote to his order granting my transfer motion, simply saying that he had adopted the reasoning and assertions of my response and denied the motion to remand." (Ex. C; 7:4-8). That was Duffy's chance to correct the record. Moments after Attorney Russell explained to the Court that what Duffy said about Judge Herndon's order was inaccurate. But Duffy made no such correction on August 14, 2013. Nor did he do so in any of the briefing that followed. It is only now, after the Court issued sanctions, that Duffy's memory regarding what was said on the record in August of last year is refreshed and he offers this explanation.

Defendants cannot know, and will not speculate, on what Duffy knew to be true when he drafted and filed the opposition brief containing this strange explanation for his false representation on the record in August. Defendants can only point out that Duffy has had many chances prior to being sanctioned to explain his conduct and failed to do so until after the Court sanctioned him for it.

III. CONCLUSION

Prenda and Duffy have failed to make a single credible argument in support of their opposition to Defendants' Itemization of Fees. Their brief is little more than a continuation of their known pattern of providing misinformation, misrepresentations and a refusal to accept actual responsibility for their actions by blaming others. The pattern of deception identified by Judge Murphy and this Court continues to this date. Prenda and Duffy should be further sanctioned for the specious claims and untrue assertions made in their opposition brief.

WHEREFORE, Defendants respectfully request that the Court enter a judgment in their favor for the entire amount of fees claimed in their Itemization of Fees and order Prenda and Duffy to pay those sanctions forthwith. Defendants further request that the Court permit them to file a

supplemental itemization of fees for the cost of responding to all briefing on the sanctions issue, including Prenda and Duffy's opposition to Defendant's Itemization of Fees.

                                        Respectfully submitted,

                                        /s/ Erin Kathryn Russell
                                        Counsel for Defendants
                                        Paul Godfread and Alan Cooper

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 21, 2014, she caused the foregoing to be filed via the Court's CM/ECF electronic filing system, thereby serving a copy on all parties of record.

                                                                     /s/ Erin Russell