UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRENDA LAW, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 13-cv-4341 |
| PAUL GODFREAD, ALAN COOPER, | ) | |
| and JOHN DOES 1-10, | ) | Judge John W. Darrah |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM OPINION AND ORDER**

Plaintiff Prenda Law, Inc. ("Prenda") filed a Motion Opposing Attorneys' Fees with respect to the fees that were awarded to Defendants Paul Godfread and Alan Cooper as a sanction against Prenda. For the reasons stated below, this Motion [63] is denied.

### **BACKGROUND**[1]

On August 12, 2013, Prenda filed a renewed motion to remand for lack of subject matter jurisdiction. (Dkt. No. 39.) At a hearing on August 14, 2014, the renewed motion to remand was entered, Defendants objected, and a briefing schedule was set. (Dkt. No. 43.) Rather than move orally to withdraw its motion to remand at the hearing, Prenda later that day filed a notice of motion to withdraw its motion to remand. (Dkt. No. 41.) On August 20, 2013, Defendants filed their response to the motion to remand and Prenda presented its motion to withdraw noticed on August 14, 2013. (Dkt. No. 44.) The motion to withdraw the remand motion was granted,

---

[1] In an attempt to limit the inordinate amount time spent addressing Prenda's deceptive conduct, the specifics are omitted here. A more detailed account of the facts giving rise to the underlying complaint as well as those giving rise to the sanctions imposed can be found in the previous Memorandum Opinion and Order. (Dkt. No. 60.)

and a briefing schedule was set with regard to Defendants' petition for sanctions pursuant to Federal Rule of Civil Procedure 11. (Dkt. No. 46.)

On September 24, 2013, Defendants filed their petition for sanctions, alleging Prenda's actions with respect to its motion to remand amounted to frivolous litigation and abusive practice, pursuant to Rule 11(c)(2). (Dkt. No. 51.) Specifically, Defendants sought sanctions for Prenda's motion to remand, which was shown to contain substantial misrepresentations, and Prenda's related misrepresentations made in open court. (*Id*. at 18.) Defendants' petition demonstrated that: (1) Prenda had previously filed a motion to remand before the Honorable David R. Herndon in the Southern District of Illinois; (2) Judge Herndon denied the motion because it was shown that Prenda lied to the Clerk of Court in order to amend its complaint without leave; (3) Prenda represented to this Court that its motion to remand (which was virtually identical to the motion denied by Judge Herndon) had not been previously denied; and (4) Prenda misrepresented in this Court the reasons that the motion had been denied by Judge Herndon. (*Id*. at 19.) Based on Prenda's misrepresentations in this Court – both in its motion to remand and orally – sanctions were ordered against Prenda in the amount of attorneys' fees incurred by Defendants occasioned by the misconduct of Prenda Law and Paul A. Duffy in this Court. (Dkt. No. 60.)

On February 7, 2014, Defendants submitted an itemization of fees associated with their opposition to Prenda's motion to remand. (Dkt. No. 61.) On March 5, 2014, Prenda was granted leave to file its Motion Opposing to Attorneys' Fees. (Dkt. No. 66.) For the reasons set forth below, Prenda's Motion is denied.

## LEGAL STANDARD

When a party submits a motion, and later advocates it, the party certifies that the motion is supported by existing law and evidence and that it is not brought to harass an opponent or delay the proceedings. Fed. R. Civ. Pro. 11(b). If any of these certifications is determined or shown to be invalid, the court may impose appropriate sanctions. Fed. R. Civ. P. 11(c). Rule 11 sanctions aim "to deter baseless filings" and "will be disturbed only where the [district] court abuses its discretion." *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013).

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Like Rule 11, this statute serves "to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (citation omitted). Section 1927 applies to cases marked by a litigant's bad faith, which is shown when "counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013) (citations and internal quotations omitted). Whether to impose sanctions pursuant to Section 1927 is within the discretion of the court. *Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

Moreover, a district court may sanction under its "inherent power . . . where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Tucker v. Williams*, 682 F.3d 654, 662 (7th Cir. 2012) (citations omitted).

**ANALYSIS**

Prenda opposes the attorneys' fees sanction, alleging five reasons: (1) Defendants failed to mitigate their attorneys' fees; (2) fees incurred in seeking sanctions are not recoverable; (3) the fees itemized by Defendants are exorbitant; (4) the itemization contains defects preventing proper review; (5) fees should not be awarded for actions taken by counsel not involved in this case.

"A party defending against a frivolous paper has a duty under Rule 11 to mitigate its legal fees and expenses by resolving frivolous issues quickly and efficiently."[2] *Divane v. Krull Elec. Co.*, 319 F.3d 307, 321 (7th Cir. 2003) (quoting *Dubisky v. Owens*, 849 F.2d 1034, 1037 (7th Cir. 1988)). Therefore, the court must examine the "promptness and method" with which the Defendants illustrated Prenda's sanctionable conduct to determine whether Defendants' attorneys' fees "could have been avoided or [were] self-inflicted." *Divane*, 319 F.3d at 321. The basis of Prenda's mitigation argument is that Defendants chose not to trust Prenda to withdraw its motion to remand. Defendants' failure to trust Prenda was not unreasonable, given Prenda's vigorous defense of its motion to remand on the same day it filed its motion to withdraw the motion. In any event, Defendants' response to Prenda's motion to remand was sufficiently quick and efficient. Not only did Defendants file their response within

---

[2] A party moving for sanctions pursuant to Rule 11 is required to give notice to the nonmoving party, who is then afforded 21 days to withdraw or correct the challenged motion. Fed. R. Civ. Pro. 11(c)(2). Because this notice and time to correct were not given here, Rule 11 is an inappropriate basis for sanctions. However, a Rule 11 analysis is particularly useful in determining sanctions under the Court's inherent authority.

six days, they filed it on the *same day* that Prenda presented its motion to withdraw. Prenda's opposition with respect to Defendants' fees being self-inflicted or avoidable is denied.

Prenda next argues that Defendants are not entitled to attorneys' fees associated with preparing or presenting their motion for sanctions. In support of this argument, Prenda cites *Lockary v. Kayfetz*, 974 F.2d 1166, 1178 (9th Cir. 1992). Even if this case was precedential and had not been superseded by the 1993 Amendment to Rule 11, its reasoning is inapposite here. As was made clear in the previous Memorandum and Opinion, (Dkt. No. 60.), the sanction of attorneys' fees is appropriate in this Court's inherent authority after a finding of bad faith.

However, even if appropriate, the award of attorneys' fees must be reasonable. According to the American Intellectual Property Law Association's 2013 Report of the Economic Survey, intellectual property attorneys based in Chicago and Boston within the first quartile bill $400 per hour, in line with the amount billed by Defendants' counsel, who are based in Chicago and Boston. (Dkt. No. 61, Ex. B.) Yet, Prenda argues that this rate is "exorbitant" because Defendants' attorney Erin Russell is not registered before the United States Patent and Trademark Office and, therefore, not an intellectual property attorney. (Dkt. No. 63-1 at 5.) Prenda cites no law supporting this contention, and its claim of exorbitant rates fails.

Lastly, Prenda argues that Defendants' itemization of fees should be rejected because it lacks any dates, making review impossible, and that fees should not be awarded for conduct not attributable to Prenda's current counsel. These arguments are addressed together. Defendants concede that the absence of dates on which services were rendered was a defect in their original itemization. Therefore, they have submitted a complete version of their invoices as an appendix to their Response to Prenda's Opposition. (Dkt. No. 67, Exs. D, E.) The dates reflect fees from both of Defendants' counsel, beginning on March 1, 2013. However, sanctions were imposed

5

only for Prenda's conduct in this Court.[3]  Accordingly, only the fees itemized which occurred on or after the August 14, 2013 initial status hearing will be awarded.

## CONCLUSION

For the reasons provided above, Prenda's Motion Opposing Attorneys' Fees [63] is denied.  However, the itemized amount is reduced to reflect sanctions only related to the conduct that occurred in this Court.  Sanctions are awarded to Defendants against Prenda Law, Inc., pursuant to the Court's inherent authority to sanction, in the amount of $11,758.20**.**

Date:_____June 12, 2014_____   _____
                                    JOHN W. DARRAH
                                    United States District Court Judge

---

[3] As set forth above, Judge Herndon was quite apparently aware of the circumstances surrounding the original motion to remand and could have imposed sanctions in the earlier stages of this case.

6