IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PRENDA LAW, INC.,

    Plaintiff,

v.

GODFREAD, et al.,

    Defendants.

Case No. 13-cv-4341

Honorable Judge John W. Darrah

**PLAINTIFF'S MOTION TO STAY PAYMENT OF SANCTION
DUE TO INABILITY TO PAY**

Plaintiff, PRENDA LAW, INC. ("Prenda"), as and for its Motion to Stay Payment of Sanction Due To Inability To Pay, states as follows:

**INTRODUCTION**

Plaintiff respectfully requests that the Court stay the obligation of Plaintiff Prenda to pay the sanction in excess of $11,000 that it imposed upon Prenda on or about June 12, 2014, on the ground that Prenda does not have assets with which to pay it. Indeed, it appears that the only asset that Prenda now has are the proceeds, if any, that it may derive from this lawsuit and other litigation that it may initiate. As such, Prenda respectfully requests that the Court stay its obligation to pay the sanctioned amount until the completion of this litigation.

**ARGUMENT**

**I. SANCTIONED PARTY.**

The Court in its June 12, 2014 Order stated "sanctions awarded to Defendants against Prenda Law, Inc. in the amount of $11,758.20." ECF Dkt. 69 at p. 6. However, at the

1

August 27, 2014 status hearing in this matter, counsel for Defendants advised the Court that she believed that the sanction was also against the undersigned attorney personally. Given the extent to which Defendants' counsel sought, and apparently publicized, sanctions in this matter, it is inconceivable that she legitimately believed that the sanction award was made against any entity other than Prenda Law, Inc., which is what the plain terms of the Order stated. Defendants' motion alleges related conduct against several individuals whom they claim acted on behalf of Prenda, rather than the actions of one person. It appears that Defendants' counsel has made no attempt to withdraw her patently incorrect statement to this Court. Ironically, the situation is analogous to the grounds upon which Defendants alleged that they sought sanctions in the first place.

 Plaintiff also notes that the June 12, 2014 Order did not specify a date for payment of the sanction.

## II. PRENDA'S INABILITY TO PAY.

Prenda brings this Motion that it presently lacks liquid assets to pay the sanction. (*See* declaration attached at Exhibit A hereto and made a part hereof.)

As set forth in Illinois Secretary of State Records, Prenda was formed on or about November 7, 2011, and voluntarily dissolved on July 26, 2013. (*See* Illinois Secretary of State Corporation File Detail Report, http://www.ilsos.gov/corporatellc/CorporateLlcControll). Prenda discontinued operations before July 26, 2014. At present, it appears any and all of its former bank and/or other accounts are closed. (*See* Ex. A.) As such, Prenda does not presently appear to have any liquid assets with which to pay the June 12, 2014 sanction.

The very reason that Prenda initiated this litigation was to seek to recover damages from Defendants for libelous statements made in publicly-available websites relating to Prenda.

Among those statements were those that Prenda was somehow responsible for an unauthorized signature of Defendant Cooper on a copyright assignment form (Prenda was formed November 7, 2011 and thus it is legally impossible for it to have procured an invalid signature before that, despite what Defendants persist in alleging). The signature of an assignee was also wholly unnecessary under Federal Copyright law and cases interpreting it. As such, the allegedly unauthorized signature from before November 2011 cannot have been attributed to Prenda because Prenda was not in existence, and cannot excuse the defamatory statements of Godfread and Cooper alleged in the Complaint.

Those defamatory statements, repeated *ad naseum* through the echo chamber of Internet hate groups to which they were made, drove Prenda out of business. It no longer actively represents any entity in litigation, has no liquid assets, it was involuntarily dissolved, and has no present ability to pay the June 12, 2014 sanction. Prenda has been sanctioned in other matters (one is pending on appeal in the Ninth Circuit Appellate Court; if the decision is reversed, Defendants will be obligated inform many Courts of the outcome), those matters served to drain whatever liquid assets, if any, that it had. The prospect of receiving from this litigation, possible claims against another Prenda officer, and possibly other legal claims, are the only other, intangible assets that Prenda presently has. Prenda is willing to assign its rights in any judgment in this case, and in any other case, to Defendants in the amount of the June 12, 2014 sanction. Prenda is also willing to assign any right it has in any other intangible assets in the amount of the sanction to Defendants.

Defendants will likely seek to confuse this matter in an effort to hold other entities financially responsible for the sanction. For example, they have in this case relied upon the trick of alleging actions against many discrete entities, and then attempting to collapse those entities

3

into a fictitious, straw-man whom they seek to hold liable for the acts of the many. It is anticipated that the response to this Motion will be a quagmire of misdirection and inadmissible factual allegations. But the central issue is clear: Prenda does not presently have liquid assets to pay the June 12, 2014 sanction, and requests that the Court continue its obligation to pay until the end of this litigation.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court stay payment of the June 12, 2014 sanction ordered in connection with this matter until the end of this litigation; and to grant any and all further relief that the Court deems to be reasonable and appropriate under the circumstances.

                          Respectfully submitted,

                          PRENDA LAW, INC.

DATED: September 2, 2014

                    By:   /s/ Paul A. Duffy
                            Paul Duffy, Esq. (Bar No. 6210496)
                            321 N. Clark St. 5TH Floor
                            Chicago, IL 60654
                            Telephone: (312) 952-6136
                            E-mail: pduffy@pduffygroup.com

                            *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 2, 2014, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                                /s/ Paul Duffy
                                                PAUL DUFFY