IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRENDA LAW, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-1569 |
| | ) | |
| | ) | Consolidated with: |
| | ) | |
| | ) | Case No. 13-cv-4341 |
| | ) | |
| | ) | Judge: Honorable John W. Darrah |
| PAUL GODFREAD, ALAN COOPER, and | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION REGARDING INABILITY TO PAY SANCTIONS, AND
MOTION TO FILE FINANCIAL STATEMENT UNDER SEAL**

Paul Duffy, in accordance with the Court's November 18, 2014 Order, presents this Motion Regarding Inability To Pay Sanctions.

Initially, the movant notes that there are two cases consolidated for purposes of this proceeding, Case No. 13-cv-4342 (the "Prenda Case") and Case No. 13-cv-1569 (the "Duffy Case"). On or about September 2, 2014, this Court ordered that "Plaintiff is granted leave to file a motion showing its inability to pay the sanctions award on 9/24/14". ( Prenda Case, ECF #72). On September 2, 2014, Prenda Law Inc. ("Prenda") filed its "Motion To Delay Payment Of Sanctions Due To Inability To Pay." (Prenda Case, ECF#71). The Court denied that motion two days later, on September 4, 2014. (Prenda Case, ECF #74.) Given that the Order to file a motion showing inability to pay sanctions was issued in the Prenda Case, and allowed the "Plaintiff" leave to file the motion, and that Prenda is the Plaintiff under that case number, Duffy did not understand that the Order applied to him

personally. The Court on November 18, 2014 granted Duffy leave to file a motion relating to inability to pay in connection with the Prenda Case. (Prenda Case ECF #78.)

## I. JUNE 2014 SANCTIONS ORDER

The Court in its June 12, 2014 Order (Prenda Case ECF#68) did not impose a monetary sanction against Duffy; it held "Sanctions are awarded to Defendants ***against Prenda Law, Inc.,*** pursuant to the Court's inherent authority…" (emphasis added). While the Court's February 3, 2014 Order did reprimand and thus sanction Duffy (Prenda Case ECF #59), it did not impose a monetary sanction; the grounds for imposing a sanction differed in the June 12 Order from the February 3 Order in ways Plaintiffs believe are significant; only the June 12 Order imposed a monetary sanction, and it was imposed against Prenda.

Defendants in the Prenda Case filed a motion for a rule to show cause relating to the payment of the sanction in the Duffy Case. (Duffy Case ECF#60). Duffy responded to that Motion on the ground that the monetary component of the sanction pertained to Prenda Law, Inc. alone and not to him. (Duffy Case ECF#62.) That argument is repeated in this section due to the confusion caused (at least to Duffy) by the filing of motions in cases other than those in which orders were issued.

The seriousness of this matter cannot be understated. its February 3, 2014 Memorandum Opinion (Prenda Case ECF #60), the Court sanctioned and reprimanded Prenda and Duffy. It did not impose costs in that Order, and the Court granted Defendants leave to submit documents supporting its alleged costs. In the June 12, 2014 Order (Prenda Case ECF #69), the Court concluded as follows: "Sanctions are awarded to Defendants against Prenda Law, Inc., pursuant to the Court's inherent authority to sanction, in the amount of $11,758.20." The Court did not state that it had imposed a monetary sanction against Duffy. While Defendants argue that the June 12 Order should be read to impose the same monetary sanction against Duffy as it imposed

upon Prenda, the Order simply does not state that. Only the violation of an unambiguous court order is punishable as a contempt of court. *See, e.g., SEC v. Hyatt*, 621F.3d 687, 692 (7th Cir. 2010); *Prima Tek II, L.L.C. v. Klerk'sPlastic Industries*, *B.V.*, 525 F.3d 533, 542 (7th Cir. 2008); *Goluba v. School District of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995); *Salazar ex rel. Salazar v. District of Columbia*, 602 F.3d 431, 442 (D.C. Cir. 2010); *In re Grand Jury Investigation*, 545 F.3d 21, 25 (1st Cir. 2008). Here, the June 12, 2014 Order was unambiguous: It imposed the monetary sanction on Prenda alone. It did not state that that Duffy was sanctioned in an amount of money. The February 3, 2014 Order sanctioned Duffy, but did not impose a monetary sanction. The sanction arising from the February 3 Order was substantial. But it did not direct Duffy to pay an amount.

Furthermore, Defendants' attempt to conflate the June 12, 2014 Order with the February 3, 2014 Order fails because the basis for the two orders differed. While each Order, of course, speaks for itself, the Court in its February 3, 2014 Order indicated that it was based upon Federal Rule of Civil Procedure 11 and 28 U.S.C. 1927. The June 12, 2014 Order imposing a monetary sanction was not and, in fact, the Court stated that it was imposing the sanction (against Prenda) "pursuant to the Court's inherent authority to sanction…" The June 12 Order did not state that it was issuing a sanction pursuant to Rule 11. Given the different legal grounds stated in the June 12 Order than those stated in the February 3 Order, Plaintiffs were justified in concluding that the Court intended what it wrote on June 12: that monetary sanctions were awarded against Prenda. The Order did not state that it awarded sanctions against Duffy.

Finally, Defendants' argument that the time in which Prenda acted to seek to stay payment of the sanction was excessive is misleading. Prenda's motion (which the Court denied) sought a stay until the conclusion of the matter based upon its inability to pay. (Prenda Case ECF

#70.) And as set forth in the declaration supporting that motion (ECF #70-1, also attached here) Prenda does not have assets with which to satisfy the sanction. It dissolved voluntarily on July 26, 2013; discontinued operations; and has not represented any client in any action commenced since mid-2013. (*See* attached declaration.) It has no bank or checking accounts. It has no liquid assets. (*Id.*) Prenda undertook this litigation in order to recover damages caused to it through Defendants' conduct; the potential proceeds from this litigation are the only asset it appears to have now. Prenda now has a complete inability to pay the sanction against Penda set forth in the June 12 Order.

Furthermore, Defendants appear to acknowledge that the June 12, 2014 Order does not impose a monetary sanction upon Duffy personally. Among other things, Defendants in the Duffy Case (but not the Prenda Case) have recently filed a Motion for Joint and Several Liability" (Duffy Case ECF#66) in which they request that the Court hold Duffy and other individuals liable for the monetary sanction imposed under the terms of the June 12, 2014 Order to Duffy and other individuals.

## II. INABILITY TO PAY SANCTIONS

In the alternative, and to the extent the Court finds that the June 12, 2014 Order imposes a financial sanction upon Duffy, Duffy responds that he has a current inability to pay the sanction. Initially, Duffy requests that the Court grant him leave to file a personal financial statement under seal with the Court. The reason for that request is a consequence of Defendants', their attorneys and Internet hate groups with which they appear to have a working relationship (*e.g.,* "DieTrollDie") practice of publishing substantial personal information about any and all attorneys associated with Prenda on the internet. Indeed, Booth & Sweet, counsel for Defendants here, published Duffy's social security number in connection with a brief filed in the U.S. District Court for the Southern District of Illinois in a court filing there, in violation of

Federal rules governing the redaction of personal information in filings made in ECF. Duffy has also been subjected to inappropriate and unethical posting of personal information on the Internet by various Internet hate groups; Duffy firmly believes that if his personal financial information is made available to Defendants, it will virtually immediately be posted and available to literally every person in the world through the Internet, and it will expose him to an unreasonable risk of harassment and misappropriation of that personal information. Indeed, the posting of such information is one of the reasons that the Duffy Case was filed in the first place. Personal information published about him to date has included photographs and the street address of his home; posting personal information about his spouse and young children; posting of information regarding his childrens' kindergarten; and as set forth above, posting of his social security number on ECF in violation of court rules.

Duffy therefore respectfully requests that the Court grant him leave to file a personal financial statement under seal with the Court. That personal financial statement would show, among other things, that Duffy is currently a sole practitioner without a regular income. He has no equity in his house, which is under foreclosure. His personal checking account, as of this moment, has a balance of $258.10. Duffy does not personally have assets, or other accounts, sufficient to pay the June 12, 2014 sanction. If the Court denies this Motion to submit a personal financial statement under seal, Duffy requests leave to simply supplement this filing by filing it on ECF, despite the consequences.

WHEREFORE, Duffy respectfully requests that this Court (i) confirm that the June 12, 2014 Order imposed a monetary sanction only on Prenda and not Duffy; (ii) in the alternative, allow Duffy to file a personal financial statement under seal; and (iii) conclude that Duffy currently has an inability to pay the June 12, 2014 sanction.

Respectfully submitted,

PRENDA LAW, INC. and PAUL DUFFY

By: /s/ Paul. Duffy
 One of their attorneys

Paul A. Duffy
321 N. Clark Street, 5th Floor
Chicago, IL 60654
Telephone: (312) 952-6136
E-mail: pduffy@pduffygroup.com
Dated: September 11, 2014

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on November 25, 2014, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

                                          /s/ Paul Duffy
                                          Paul Duffy