IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL DUFFY, | ) | Case No. 1:13-cv-04341 |
| | ) | Honorable John W. Darrah |
| Plaintiff, | ) | Consolidated with 1:13-cv-01569 |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL GODFREAD, ALAN COOPER, | ) | |
| | ) | |
| | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| PAUL GODFREAD AND ALAN | ) | |
| COOPER, | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PRENDA LAW, INC. AND PAUL | ) | |
| DUFFY, | ) | |
| | ) | |
| Counter-Defendants. | ) | |

**RESPONSE IN OPPOSITION TO DUFFY'S MOTION REGARDING INABILITY TO PAY SANCTIONS AND MOTION TO FILE FINANCIAL STATEMENT UNDER SEAL**

COME NOW Defendants Paul Godfread and Alan Cooper, by and through counsel, and in opposition to Plaintiff/Counter-Defendant Duffy's Motion Regarding Inability to Pay Sanctions and Motion to File Financial Statement Under Seal show the Court as follows:

I.  INTRODUCTION AND STATEMENT OF FACTS

On November 25, 2014, Attorney Paul Duffy filed a Motion Regarding Inability to Pay Sanctions and Motion to File Financial Statement Under Seal. In that document, Mr. Duffy made misrepresentations about the facts of this case, and reasserted arguments that have already been addressed by this Court. Prior to the November 25 filing by Duffy, the Court had warned him <u>numerous</u> times about making false statements in this case. Moreover, the sanctions at issue in this filing were levied against Duffy for the same type of conduct.

Duffy was to have filed a Motion Regarding Inability to Pay Sanctions by September 24, 2014. He failed to do so. The Court set this matter for status on November 18, 2014 *sua sponte* to inquire as to why. On that date, Duffy was given leave to file his motion no later than November 25, 2014.

On November 25, 2014, Duffy filed a document containing one paragraph alluding to his financial condition. The remaining five pages are dedicated to a) rearguing the issue of whether the Court's sanctions order applies to him in violation of the Court's express instruction to him to cease making such representations; b) making false and irresponsible statements about counsel for Godfread and Cooper; and c) making scandalous and outrageous claims implying that Defendants and/or counsel for Defendants would be in any way involved in creating or fostering threats against his family, all of which will be the subject of a new Motion for Sanctions to be filed at the beginning of January[1].

---

[1] Godfread and Cooper's new Motion for Sanctions will be filed in January 2015 because the undersigned is aware that the Court will not be sitting for the remainder of December.

Duffy has failed to meet his burden of showing a complete inability to pay the sanctions awarded to Godfread and Cooper due to Duffy's unprofessional and inappropriate conduct in this matter. His motion should be denied in its entirety.

II. LEGAL STANDARD

Inability to pay is a valid defense in a contempt proceeding, but the party raising the defense has the burden of proving its inability to pay. *In re Research Tech. Corp.*, 624 F.3d 376, 387 (7th Cir. 2010) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983). Where "there has been no effort at even partial compliance with the court's order, the inability-to-pay defense requires a showing of a "complete inability to pay"; Duffy has the "burden of establishing clearly, plainly and unmistakably that compliance is *impossible*. *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 712 (7th Cir. 2014) (Affirming a sanctions award in favor of defendants and against Prenda and its principals, including Duffy, in an amount exceeding $260,000, for which the Prenda principals had posted a supersedeas bond with the Seventh Circuit Court of Appeals.)

III. ARGUMENT

Duffy has utterly failed to satisfy his burden under *Research Tech* and *Lightspeed*. As a party to *Lightspeed*, he is well aware of this standard. And yet, he filed a five page motion in which only a paragraph plus a single sentence are dedicated in any way to showing his alleged inability to pay the sanctions awarded by this Court.

Duffy did manage to plead that if provided, a personal financial statement would reflect that he is a sole practitioner without a regular income; that he has no equity in his home, which is in foreclosure; and that he has $258.10 in his personal checking account.

As noted above, the remainder of his brief is comprised of an attempt to reargue the issue of whether the sanctions order even applies to him against the direct instructions of the Court

3

given on the record in open court at the December 4, 2014 status conference. (Defendants are ordering the transcript of the proceedings from that day and will supplement with the transcript upon receipt.) Duffy also seems to be re-arguing whether Prenda can afford to pay the sanctions, despite the fact that the Court has already considered and denied Prenda's motion regarding inability to pay. Additionally, the motion contains an odd assertion that Defendants appear to concede that the sanctions order does not apply to him because of a recently-filed Motion for Joint and Several Liability. [ECF No. 66]. Any such assertion is patently ridiculous, as Defendants have made clear, as has the Court, that the sanctions order has always included both Prenda and Duffy.[2]

Duffy also dedicated part of his motion to informing the Court that in another matter, Mr. Sweet filed un-redacted documents containing Duffy's social security number. In what appears to be a sly attempt to divert this Court's attention from the nature of that proceeding, Duffy simply referred to it as "a brief filed in the U.S. District Court for the Southern District of Illinois in a court filing there". See Duffy's Motion Regarding Inability to Pay Sanctions at p. 4. In fact, Duffy is referring to the *Lightspeed* case, in which he and his cohort were ordered to pay sanctions in excess of $261,000 to Mr. Sweet and counsel for two other defendants after protracted litigation in the Southern District and an ill-fated appeal to the Seventh Circuit.

Duffy also neglected to inform the Court that he never complained to Judge Herndon about the inadvertent disclosure of his social security number in *Lightspeed*. However, Prenda principal Paul Hansmeier did file a motion for contempt against Sweet for the error. However,

---

[2] Duffy also persists in referring to these consolidated cases as if they are unrelated matters. The cases were consolidated *by agreement* on June 28, 2014. [ECF No. 26; 13-cv-1569] Duffy appears to feign confusion between the two matters, which is ludicrous considering that the Court has already held that they are virtually identical, and Duffy is well aware that they are identical. Any argument suggesting Duffy has been in any way "confused" by the existence of the two cases, filed by him for claims by him and by the former law firm of which he claims to have been the sole officer, is preposterous and should be disregarded by the Court in considering Duffy's Motion Regarding Inability to Pay.

4

Jude Herndon found that Mr. Sweet made an error and committed no wrongdoing. (Lightspeed Order Ex. A). That order was issued on October 17, 2014.

Duffy simply elected to not fully disclose the full truth about the *Lightspeed* proceeding to this Court. Instead, he made a misleading statement to try to damage Mr. Sweet's credibility in aid of convincing this Court that he should be permitted to file his personal financial statement "under seal".[3]

It is worth noting that Duffy has requested that he be permitted to file a personal financial statement "under seal", but appears to be asking for more. It appears that was he is actually requesting is that he be permitted to submit it to the Court for *in camera* review. Defendants take no position on whether Duffy should be permitted to file his personal financial statement and whatever supporting documents are appropriate under seal. Doing so would permit Defendants to review the information for accuracy and to compare it to financial information already in the possession of Attorney Sweet, who represents defendant Anthony Smith in the *Lightspeed* case, as well as with any other information appropriate to determine the veracity of the information provided by Duffy in support of his claimed inability to pay.

Defendants absolutely object to Duffy being permitted to submit any financial statement to the Court for *in camera* review. The proceedings in *Lightspeed* illustrate clearly that Duffy cannot be trusted to submit accurate or complete financial information in a sanctions proceeding.

As officers of the Court attorneys are afforded a certain degree of trust in court proceedings. It is clear that Duffy long ago forfeited any right he ever had to such trust. He has abused it at every opportunity in this case, and in other cases in federal courts across the country in which judges have entered orders expressly describing him as untrustworthy. *Lightspeed v.*

---

[3] Defendants will be seeking sanctions for Duffy's deliberate attempt to hide the true nature of the mistaken filing by Attorney Sweet and his failure to disclose Judge Herndon's October 17, 2014 order in their new Motion for Sanctions, to be filed in January 2015.

*Smith, et al*, 761 F.3d 699, 706 (7th Cir. 2014) ("While Duffy argues that after he withdraw from the case he did not receive those emails, the district court dis not find him to be credible. We have no reason to upset that assessment.); *Lightspeed v. Smith, et al.*, 2013 U.S. Dist. LEXIS 168615 (S.D.Ill. November 27, 2013) ("The Court also finds that Duffy, Hansmeier and Steele exhibited a serious and studied disregard for the orderly process of justice. These men have shown a relentless willingness to lie to the Court on paper and in person, despite being on notice that they were facing sanctions in this Court, being sanctioned by other courts, and being referred to state and federal bars, the United States Attorney in at least two districts, one state Attorney General, and the Internal Revenue Service." (Internal quotes omitted.)); *Cooper v. Steele*, 2014 U.S. Dist. LEXIS 103095 (Dist. Minn. July 29, 2014) (*citing Cooper v. Steele*, State of Minnesota, District Court of Hennepin County, Court File No. 13-cv-2622)  ("This Court finds that the Prenda Law Firmis or has been conducting fraudulent business; therefore, Paul Duffy, as agent of the Prenda Law Firm, is entirely incredible and his Affidavit will not be considered for any purpose."); *Ingenuity 13 v. John Doe*, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. May 6, 2013) (In reference to Duffy, Steele and Hansmeier: "Plaintiffs have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared. Plaintiff's representations about their operations, relationships, and financial interests have varied from feigned ignorance to misstatements to outright lies"; adopted as part of the court's findings of fact and conclusions of law by the Honorable William C. O'Kelley in *AF Holdings, LLC v. Patel*, United States District Court for the Northern District of Georgia, Case No. 2:12-cv-00262-WCO, on November 20, 2014. (Ex. B).

Defendants' ability to independently confirm Duffy's claim of inability to pay is critical to the resolution of the sanctions issue in this case. Duffy's conduct in this case has been

consistently, unwaveringly and unapologetically hostile to the authority of this Court and to the orderly administration of justice. Mr. Duffy's ruined credibility is a matter of public record, and it is reasonable for Defendants to continue to seek compensation from him with reasonable safeguards against further damage caused by his recalcitrant refusal to alter his conduct to conform to the legal and ethical standards of the Court and the Bar.

Finally, Duffy's failure to make a meaningful presentation of his financial circumstances in his November 25, 2014 motion and his request to produce actual information at a later time puts Defendants in an impossible position. Defendants cannot verify or, if necessary, challenge the veracity of information not provided to them. Consequently, Defendants respectfully request that the Court deny Duffy's motion in its entirety. In the alternative, if the Court is persuaded to permit Mr. Duffy to file a personal financial statement under seal, Defendants respectfully request that the Court permit Defendants to file a sur-reply to Duffy's Motion Regarding Inability to Pay within 21 days of receipt of Duffy's financial statement. This will afford Defendants the opportunity they should have had in this response to challenge information presented by Duffy regarding his inability to pay.

IV. CONCLUSION

Duffy failed to satisfy his burden to show a complete inability to pay the sanctions award in this case. His filing is not only insufficient; it is also scandalous and designed to harass Defendants and their counsel. Duffy has attempted to re-argue whether the sanctions motion applies to him, despite the Court's stern warning, delivered on the record, in which the Court advised Duffy to discontinue issuing such denials or face further sanctions. Duffy also appears to be asking the Court to permit him to file his personal financial statement for *in camera* review rather than "under seal", as stated on his motion. Defendants respectfully request that the Court

7

deny any such request for an *in camera* review, which would place the burden on the Court to distill truth from misrepresentation in any financial statement provided outside the view of counsel for Defendants.

In light of Duffy's failure to satisfy his burden, and in light of the nature of his motion and the relief it seeks, Defendants respectfully request that the Court;

    A.    deny Duffy's motion in its entirety; or, in the alternative;

    B.    permit Duffy to file his personal financial statement and grant Defendants leave to file a sur-reply within 21 days of receipt thereof.

Respectfully submitted,

/s/ Erin K. Russell
Counsel for Defendants
Paul Godfread and Alan Cooper

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

/s/ Jason L. Sweet
Counsel for Defendants
Paul Godfread and Alan Cooper
*Admitted Pro Hac Vice*

Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 10, 2014, she caused the foregoing to be filed with the Court via its CM/ECF electronic filing system, thereby serving a copy on all parties of record.

/s/ Erin Russell