UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRENDA LAW INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PAUL GODFREAD, ALAN COOPER, | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | Case No. 13-cv-4341 |
| | ) | |
| PAUL GODFREAD and | ) | Judge John W. Darrah |
| ALAN COOPER, | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| PRENDA LAW INC., | ) | |
| | ) | |
| Counter-Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court awarded sanctions to Defendants against Prenda Law, Inc. ("Prenda") and Paul A. Duffy on February 3, 2014. The Court then awarded a specific monetary penalty on June 12, 2014. Defendants have moved to hold Duffy and Prenda in civil contempt for failure to pay the imposed sanctions, or, in the alternative to hold a hearing to show cause why Duffy and Prenda should not be held in contempt.[1]

---

[1] Defendants filed their motion [60] under the related case No. 13-cv-1569. Defendants are urged to be more careful in filing under the correct case number in the future.

## BACKGROUND

In brief, Prenda and Duffy filed a motion to remand this case to state court, advancing arguments that had already been rejected by a federal court in the Southern District of Illinois without any legal basis for doing so. Additionally, Duffy misrepresented the basis of the Southern District's ruling to this Court. On February 3, 2014, Defendants were awarded sanctions "against Prenda Law, Inc. and Paul A. Duffy, pursuant to the Court's inherent authority to sanction, 28 U.S.C. § 1927, due to his unreasonable and vexatious conduct, *and* Federal Rule of Civil Procedure 11(c), for violating Rule 11(b)(1), (2), and (3)." (Emphasis added.) (Dkt. 60, p. 11.) Defendants were ordered to submit an itemization of fees. On June 12, 2014, the Court limited the monetary sanctions to the conduct that occurred in this court and awarded Defendants "against Prenda Law, Inc., pursuant to the Court's inherent authority to sanction, in the amount of $11,758.20." (Dkt. 69, p. 6.)

## LEGAL STANDARD

To succeed in their motion for contempt, Defendants must demonstrate by clear and convincing evidence that Prenda and Duffy "violated the express and unequivocal command of a court order." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014). The evidence must show that: (1) there was an order setting forth an unambiguous command; (2) Prenda and Duffy violated that command; (3) Prenda and Duffy's violation was significant; and (4) Prenda and Duffy failed to take steps reasonably and diligently to comply with the order. *See Id.*

## ANALYSIS

Prenda and Duffy contend that they should not be held in contempt for three reasons:

2

(1) the Court's June order imposed monetary sanctions solely against Prenda; (2) the grounds for imposing sanctions differed in the February order and the June order ; (3) Prenda's non-payment is due to its inability to pay.

The February order is quite clear that both Prenda and Duffy were sanctioned by the Court. Now Duffy claims confusion about whether the order was directed at Prenda or at him; this is not a new tactic. To quote the Southern District Court of Illinois:

> The Court also finds that Duffy, Hansmeier, and Steele exhibited a "serious and studied disregard for the orderly process of justice." *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir.2006), quoting *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir.1994). These men have shown a relentless willingness to lie to the Court on paper and in person, despite being on notice that they were facing sanctions in this Court, being sanctioned by other courts, and being referred to state and federal bars, the United States Attorney in at least two districts, one state Attorney General, and the Internal Revenue Service.

*Lightspeed Media Corp. v. Smith*, Case No. CV 12-889-GPM, 2013 WL 6225093, at *5 (S.D. Ill. Nov. 27, 2013). Additionally, in Prenda's Illinois corporate filings, Duffy is listed as the Corporate Agent and the President. Furthermore, Prenda was dissolved before the sanctions were levied. Interpreting the sanctions order as solely being against Prenda, which did not exist, and not Duffy, the President and Agent of Prenda, is unreasonable. However, to obviate any possible claim of ambiguity, the June 12, 2014 order will be amended as provided below.

Contrary to Duffy's assertion, the grounds for imposing sanctions did not differ in significant ways. The February 3 order imposed sanctions under multiple grounds against Duffy and Prenda. The June 12 order imposed a monetary fine under one of those multiple grounds. The argument that this somehow makes a material difference is disingenuous, at best. The Court

3

found several bases for sanctions and awarded a monetary sanction based on one of them. However, to avoid any uncertainty, the June 12, 2014 order will FURTHER be amended as provided below.

Inability to pay is a valid defense in contempt proceedings. *Lightspeed*, 761 F.3d at 712 (citing *In re Resource Tech. Corp.*, 624 F.3d 376, 387 (7th Cir. 2010)). Duffy argues that Prenda was voluntarily disbanded and holds no assets and submitted a supporting declaration. However, "where, as here, there has been no effort at even partial compliance with the court's order, the inability-to-pay defense requires a showing of a "complete inability" to pay; stated differently, under the circumstances here, [Duffy and Prenda have] the burden of establishing 'clearly, plainly, and unmistakably' that 'compliance is impossible.'" *In re Res. Tech. Corp.*, 624 F.3d at 387 (quoting *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995)). Duffy's declaration is insufficient to show that compliance is impossible.

This is not the first time that Prenda has been dissolved. *See AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 992 (D.C. Cir. 2014) ("Until very recently, Duffy was associated with "Prenda Law," an organization that, since representing AF Holdings in the district court, appears to have disbanded and then reconstituted itself in a similar form."). There is no reason to believe that Prenda will not appear again. Defendants, in their reply, argue that piercing the corporate veil is appropriate. This may be true, but it is generally inappropriate to consider new arguments raised in a reply brief. *See McKay v. Town & Country Cadillac, Inc.*, Case No. 97-CV-2102, 2002 WL 664024, at *8 (N.D. Ill. Apr. 23, 2002) (citing, *inter alia*, *Marie O. v. Edgar*, 131 F.3d 610, 614 n. 7 (7th Cir. 1997)).

**CONCLUSION**

For the reasons discussed above, the order of June 12, 2014, shall be amended to provide that, pursuant to Rule 11, 28 U.S.C. § 1927, and the Court's inherent ability to sanction, Prenda Law, Inc. and Paul Duffy are jointly and severally liable for sanctions awarded to the Defendants in the amount of $11,758.20. This sum will be paid within fourteen days of the entry of this order.

It is further ordered that, if either Prenda or Duffy assert an inability to pay the ordered amount, Duffy shall submit, on his own behalf, a financial statement from a certified public accountant, verifying his financial status. Duffy shall also present a financial statement from a certified public accountant, stating any and all of Prenda Law, Inc.'s assets. The statement regarding Prenda Law, Inc.'s assets shall include the distribution of any and all assets before it ceased doing business. These financial documents shall be submitted within fourteen days of the entry of this Order.

This matter is continued to February 12, 2015 at 9:30 a.m. for status.

Date: _____January 22, 2015_____

JOHN W. DARRAH
United States District Court Judge