UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL DUFFY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL GODFREAD, ALAN COOPER, | ) | Case No. 1:13-cv-04341 |
| | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| PAUL GODFREAD AND ALAN COOPER, | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | Honorable John W. Darrah |
| | ) | |
| PRENDA LAW, INC. AND PAUL DUFFY, | ) | |
| | ) | |
| Counter-Defendants. | ) | |

DEFENDANTS' MOTION FOR CONTEMPT, OR IN THE
ALTERNATIVE, FOR AN ORDER REQUIRING PRENDA AND DUFFY TO SHOW CAUSE
WHY EACH SHOULD NOT BE HELD IN CONTEMPT FOR THEIR FAILURE TO
COMPLY WITH THE COURT'S JANUARY 22, 2015 ORDER

COME NOW Defendants/Counter-Plaintiffs Paul Godfread and Alan Cooper, by and through counsel, and hereby move the Court for an order holding in contempt Prenda Law, Inc. and Paul Duffy for their failure to comply with the Court's January 22, 2015 Order. [Memorandum Opinion ECF No. 83], or in the alternative, that Prenda and Duffy be ordered to show cause why each should not be held in contempt for their failure to comply, and in support thereof show the Court as follows:

I.     PROCEDURAL HISTORY AND RELEVANT FACTS

The procedural history of the sanctions award against Prenda and Duffy is lengthy, and was set forth in detail in Defendants' Motion for Contempt and/or Motion to Show Cause, which was filed with the Court on September 12, 2014. [ECF No. 60]. The Court set this matter for a ruling on that motion on January 22, 2015. Counsel for Defendants appeared in court on that date. Neither Prenda nor Duffy appeared, nor did they provide any notice that they would not appear.

On January 22, 2015, the Court issued a memorandum opinion amending the June 12, 2014 sanctions order. The January 22 Order specifically provides that, pursuant to Rule 11, 20 U.S.C. § 1927 and the Court's inherent ability to sanction, Prenda Law, Inc. and Paul Duffy are jointly and severally liable for sanctions awarded to Defendants in the amount of $11,758.20. The Court ordered Prenda and Duffy to pay sanctions in that amount to Defendants within fourteen days of the Court's Order. The Court further ordered that if either Prenda or Duffy assert an inability to pay the ordered amount, Duffy must submit, on his own behalf, a financial statement from a certified public accountant verifying his financial status. Moreover, the Court ordered that Duffy must also present a financial statement from a certified public accountant stating any and all of Prenda's assets, as well as the distribution of any and all assets before it ceased doing business. [ECF No. 83, p. 5].

II.    LEGAL STANDARD

Federal courts have both inherent and statutory authority to punish for contempt and to coerce compliance with their orders. *International Union UMWA v. Bagwell*, 512 U.S. 821, 831-833 (1994). To prevail on a request for a contempt filing, the moving party must establish by clear and convincing evidence that: 1) a court order sets forth an unambiguous command; 2) the

alleged contemnor violated that command; 3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and 4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

"All orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes [it] is incorrect, the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Thomas v. City of Evanston*, 636 F.Supp. 587, 588-89 (N.D. Ill. 1986) (quoting *Maness v. Meyers*, 419 U.S. 449, 458-59 (1975)) (internal edit omitted).

Sanctions for civil contempt are designed either to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the continuancy. *U.S. v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001). Remedial sanctions compensate the complainant for the contemptuous conduct. *Id.* Coercive sanctions aim to coerce the contemnor's compliance with a court order. *Id.* A coercive sanction must afford the contemnor the opportunity to "purge" the contempt, to avoid punishment by complying with the order. *Id.* The factors to be considered in imposing a civil contempt sanction include: 1) harm from noncompliance; 2) probable effectiveness of the sanction; 3) contemnor's financial resources and the burden the sanctions may impose; and 4) contemnor's willfulness in disregarding the court's order. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947). The court must "consider the character and magnitude of the harm threatened by continued contumacy…". *Id.* at 304.

III. ARGUMENT AND CITATION TO AUTHORITY

Prenda and Duffy should be held in contempt for violating the Court's January 22, 2015 Order. Moreover, Prenda and Duffy should be subject to both remedial and coercive sanctions for civil contempt.

A. <u>Defendants Can Show by Clear and Convincing Evidence That Prenda and Duffy Should be Held in Contempt.</u>

Defendants can and have shown by clear and convincing evidence that they can meet the standard for civil contempt[1].

On January 22, 2015, the Court issued a Memorandum Opinion and Order in which it ordered Prenda and Duffy to pay sanctions to Defendants within fourteen days, or by February 5, 2015. [ECF No. 83]. The Order is clear and unambiguous. It expressly provides a deadline by which the sanctions were to be paid, and a mechanism and time frame by which Prenda and Duffy should have asserted their inability to pay if they did not remit payment as ordered.

No payment has been received. No motion asserting an inability to pay, either by Duffy personally or on behalf of Prenda, has been filed. No financial statements have been filed, nor have any been provided to counsel for Defendants, or filed with the Court.

Defendants have shown by clear and convincing evidence that Prenda and Duffy are now in contempt of the Court's January 22, 2015 Order. Defendants respectfully request that the Court grant their motion, and find Prenda and Duffy in contempt of court.

---

[1] In the interest of judicial economy, Defendants adopt and incorporate the Argument and Citation to Authority section of their previous Motion for Contempt, filed with the Court on September 12, 2014.

B.  A Combination of Remedial and Coercive Sanctions is the Appropriate Remedy for Prenda and Duffy's Failure to Obey the Court's Sanctions Order.

Both remedial and coercive civil contempt sanctions are appropriate remedies for Prenda and Duffy's contempt. *Zivitz v. Greenberg*, NO. 98-5350, 2000 U.S. Dist. LEXIS 7842, at *10 (N.D. Ill. Jun. 5, 2000) (as a civil contempt remedy, imposing a daily fine of $250 per day for seven days following contempt order, $500 per day for seven days after that, and $1,000 per day thereafter). Prenda and Duffy have made no good faith efforts to comply with the January 22, 2015 sanctions Order. In fact, they made no efforts at all. No payment has been received. No motion regarding inability to pay has been filed in lieu of payment. No financial statement by a certified public accountant has been filed or tendered by either Prenda or Duffy. All in violation of the Court's clear and unequivocal January 22, 2015 Order.

Prenda and Duffy have flagrantly ignored the Court's January 22, 2015 sanctions Order as part of a continuing pattern of deception and delay for which remedial and coercive civil contempt sanctions are appropriate, and likely necessary, in order to maintain the orderly administration of justice in this matter. As noted in Defendants' previously filed contempt motion, such sanctions have been effective in compelling Prenda and Duffy to comply with sanctions orders in the past. *See Ingenuity 13, LLC v. John Doe*, No. 12-cv-08333-ODW-JC (C.D. Cal. entered May 21, 2013) (In which the Prenda principles, including Duffy, among others, failed to properly seek a stay of an attorney's fee award against them and were ordered to pay $1,000 per day, per person, per entity, until the attorney's fee award was paid or a bond for the amount due was posted).

Similarly, on March 24, 2014, Prenda and Duffy were held in contempt for failure to pay sanctions in a matter in the Southern District of Illinois. *See Lightspeed Media Corp. v. Anthony Smith, et al.*, No. 3:12-cv-889-DRH-SCW. [ECF No. 136]. In *Lightspeed*, Prenda and Duffy

assumed the same recalcitrant posture they assume in the case before this Court. Judge Herndon entered an order awarding more than $261,000 in attorneys' fees to counsel for Mr. Smith, Comcast and AT&T. (Ex. B, p. 3). The same arguments regarding inability to pay were made on behalf of Prenda, and rejected not only by Judge Herndon, but later by the Seventh Circuit Court of Appeals. (Ex. C).

Defendants have shown that both remedial and coercive contempt sanctions are appropriate and likely necessary to bring Prenda and Duffy to heel with regard to obeying this Court's Sanctions Order. At a minimum, the Court should issue an order requiring Prenda and Duffy to show cause why they should not be held in contempt and sanctioned further.

IV.    CONCLUSION

Defendants respectfully request that the Court grant their motion and hold Prenda and Duffy in contempt of court and award both remedial and coercive sanctions for their failure to obey the Court's January 22, 2015 Order. In the alternative, Prenda and Duffy should be ordered to show cause as to why they should not be held in contempt.

Defendants also seek their attorney's fees incurred in filing the instant motion, and all fees related thereto, which have been incurred as a direct result of Prenda and Duffy's defiance of the Court's January 22, 2015 Order, as well as interest and additional daily fines for each day Prenda and Duffy fail to make payment as ordered.

        Respectfully submitted,

        /s/ Erin K. Russell
        Counsel for Defendants and Counter-Plaintiffs
        Paul Godfread and Alan Cooper

The Russell Firm, LLC
233 South Wacker Drive, 84th Floor
Chicago, Illinois 60611
T: 312-994-2424
F: 312-706-7966
erin@russellgroupchicago.com
ARDC # 6287255

        /s/ Jason E. Sweet
        Counsel for Defendants and Counter-Plaintiffs
        Paul Godfread and Alan Cooper

Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com
admitted *pro hac vice*

## CERTIFICATE OF SERVICE

    The undersigned certifies that on February 6, 2015, she caused the foregoing to be filed with the Court via the CM/ECF electronic filing system, thereby serving all parties of record.

        /s/ Erin Kathryn Russell