UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRENDA LAW, INC., <br><br> Plaintiff, <br><br> v. <br><br> PAUL GODFREAD, ALAN COOPER, and JOHN DOES 1-10, <br><br> Defendants. | Case No. 13-CV-4341 <br><br> Judge John W. Darrah |

**REPORT TO THE COURT**

1.   John L. Steele (hereinafter "Steele") has been referred to in several recent minute orders entered by this Court in the above-captioned case. In those minute orders, this Court has required the attendance of a "representative of Plaintiff's law firm" at a hearing in this matter. Although the above-captioned matter was consolidated with case number 13-CV-1569 in June 2013, the minute entries referring to Steele appear on the docket only of the above-captioned matter.

2.   As set forth more fully below, Steele is not a "representative of Plaintiff's law firm" or in any other way involved in the above-captioned case or case number 13-CV-1569, and he has had no involvement with either of those cases. Steele expressly does not submit to jurisdiction in either of those cases, and he remains a nonparty to those cases. Because he is not a party, he cannot file a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, or otherwise request any relief of this Court.

3. Steele is filing the instant Report in order to apprise the Court that he is not a party whose attendance should be sought or compelled in this matter. He further apprises the Court that to the extent that Defendants/Counter-Plaintiffs have suggested that this Court has jurisdiction over him, or that it should have jurisdiction over him, they are incorrect.

### A. STEELE HAS HAD NO INVOLVEMENT IN CASE NUMBERS 13-CV-4341 AND 13-CV-1569

4. Case number 13-CV-4341 was originally filed by Illinois attorney Kevin Hoerner as a state court action in the Circuit Court of St. Clair County, Illinois on February 12, 2013.

5. Case number 13-CV-1569 was originally filed by Paul Duffy as a state court action in the Circuit Court of Cook County, Illinois on February 15, 2013.

6. John L. Steele (hereinafter "Steele") did not draft either the St. Clair County complaint or the Cook County Complaint. He did not cause or direct either complaint to be filed. Mr. Steele is not a plaintiff or other party to either complaint, and the allegations of those complaints do not refer to him.

7. On March 1, 2013, the St. Clair County case was removed to the United States District Court for the Southern District of Illinois, and it was then assigned case number 13-CV-4341.

8. On April 12, 2013, the Cook County case was removed to the United States District Court for the Northern District of Illinois, and it was then assigned case number 13-CV-1569.

2

9. On June 12, 2013, case number 13-CV-4341 was transferred to the United States District Court for the Northern District of Illinois, and on June 28, 2013, it was consolidated with case number 13-CV-1569.

10. At no time before, during, or after any of the proceedings described in paragraphs 1 through 6, *supra*, did Steele participate in any proceedings relating to either case number 13-CV-4341 or case number 13-CV-1569, direct any proceedings relating to either case, or otherwise have any involvement in either case.

11. At no time relevant to either case number 13-CV-4341 or case number 13-CV-1569 was Steele a principal, officer, owner, director, shareholder, operator, agent, or employee of Prenda Law, Inc.

12. At no time relevant to case number 13-CV-4341 or case number 13-CV-1569 was Steele a principal, officer, owner, director, shareholder, operator, agent, or employee of Duffy Law Group.

13. At no time relevant to case number 13-CV-4341 or case number 13-CV-1569 was Duffy an agent or employee of Steele.

14. Steele has never appeared in either case number 13-CV-4341 or in case number 13-CV-1569 as an attorney, as a party, or in any other capacity.

15. Steele has never been served with process in either case number 13-CV-4341 or case number 13-CV-1569.

### B.  RELEVANT RECENT PROCEDURAL HISTORY

16. On February 3, 2014, this Court entered an order in case number 13-CV-4341 providing that sanctions would be imposed against Prenda Law, Inc. and attorney Paul Duffy

3

(who, in addition to being the sole attorney representing Prenda in case number 13-CV-4341, is the plaintiff in case number 13-CV-1569).

17. On April 4, 2014, Defendants/Counter-Plaintiffs filed their Second Amended Counterclaims in case number 13-CV-1569. The Defendants/Counter-Plaintiffs did not name Steele as a counter-defendant, or as a party to either case number 13-CV-1569 or 13-CV-4341, in their Second Amended Counterclaims or in any other pleading. Rather, they named Prenda Law, Inc. and Paul Duffy as Counter-Defendants.

18. Defendants/Counter-Plaintiffs did not serve Steele with a copy of the Second Amended Counterclaims at any time, or in any manner.

19. On June 12, 2014, this Court entered an order in case number 13-CV-4341 fixed the amount of the sanctions referred to in the February 3, 2014 order at $11,758.20. This Court specifically limited the amount of the sanctions by finding that only "conduct that occurred in this Court" would be deemed to be sanctionable, *i.e.*, not conduct that occurred outside of case numbers 13-CV-4341 or 13-CV-1569.

20. On October 30, 2014, Defendants/Counter-Plaintiffs filed a pleading entitled "Renewed Motion to Dismiss Pursuant to the Minnesota Anti-SLAPP Act, Minn. Stat. § 554.01, *et al*. Prompted by a Change in Law" in case number 13-CV-1569. The Defendants/Counter-Plaintiffs did not name Steele as a counter-defendant, or as a party to either case number 13-CV-1569 or 13-CV-4341, in the Renewed Motion to Dismiss. Rather, they named Prenda Law, Inc. and Paul Duffy as parties and Counter-Defendants.

21. Defendants/Counter-Plaintiffs did not serve Steele with a copy of the Renewed Motion to Dismiss at any time, or in any manner. Nevertheless, they asked this Court to

4

impose "[a]ny and all liabilities of Counterdefendant Prenda Law, Inc....upon John Steele, Paul Hansmeier, and Counterdefendant Paul Duffy jointly and severally."

22. Also on October 30, 2014, Defendants/Counter-Plaintiffs filed their Motion for an Order of Joint and Several Liability (referred to in later proceedings as their "Motion to Impose Liabilities"). In that Motion, Defendants/Counter-Plaintiffs requested that this Court hold Steele, Paul Hansmeier, and Paul Duffy jointly and severally liable for monetary sanctions and damages based on any claims brought against Prenda for alleged conspiracy and alleged anti-SLAPP statute violations.

23. On January 22, 2015, this Court entered an order in case number 13-CV-4341 providing that Prenda Law, Inc. and Paul Duffy were to be held jointly and severally liable for the $11,758.20 in sanctions referred to in the Court's June 12, 2014 order.

24. On April 9, 2015, this Court entered an order in case number 13-CV-1569 granting the Defendants'/Counter-Plaintiffs' Renewed Motion to Dismiss (referred to in paragraph 17, *supra*).

25. Also on April 9, 2015, this Court entered an order in case number 13-CV-1569 denying the Defendants'/Counter-Plaintiffs' Motion to Impose Liabilities. In its order, this Court correctly found that Steele and Hansmeier

> have not been designated parties to the present litigation, nor have they been made parties by service of process. As such, this Court has not gained jurisdiction over Steele and Hansmeier. Further, if Hansmeier and Steele were made parties, it would destroy diversity jurisdiction, as Counterclaimants and Hansmeier are citizens of Minnesota.

26. Steele did not receive notice of either order entered on April 9, 2015 at any time, or in any manner.

5

27. On August 10, 2015, Paul Duffy died.

28. Upon information and belief, as of August 10, 2015, Duffy was the only owner, officer, shareholder, director, employee, or agent of Prenda Law, Inc. As of August 10, 2015, Steele was not an owner, officer, shareholder, director, employee, or agent of Prenda Law, Inc.

29. On August 20, 2015, this Court entered an order in case number 13-CV-1569 awarding Defendants/Counter-Plaintiffs reasonable attorney's fees and costs "for the entirety of this lawsuit." This Court also ordered Defendants/Counter-Plaintiffs to submit a petition for itemized attorney's fees and costs incurred, excluding those previously awarded; a statement of actual damages; and a statement of punitive damages "related to this action." This Court ordered that the statement be filed within 30 days.

30. Steele did not receive notice or a copy of the August 20, 2015 order in case number 13-CV-1569 at any time, or in any manner.

31. Also on August 20, 2015, this Court entered an order in case number 13-CV-4341 continuing the matter for further status to September 30, 2015. Steele did not receive notice of the August 20, 2015 order in case number 13-CV-4341 at any time, or in any manner.

32. On September 29, 2015, Defendants/Counter-Plaintiffs filed the Statement of Damages referred to in this Court's August 20, 2015 order. Defendants/Counter-Plaintiffs did not serve a copy of the Statement of Damages on Steele at any time, or in any manner.

33. On September 30, 2015, this Court entered an order in case number 13-CV-4341 continuing the matter for further status to October 14, 2015, and ordering that a

6

"representative from plaintiff's law firm" be present at the October 14 hearing. Steele did not receive notice or a copy of the September 30, 2015 order in case number 13-CV-4341 at any time, or in any manner.

34. On October 14, 2015, this Court entered an order in case number 13-CV-4341 continuing the matter for further status to November 4, 2015. This Court also entered a Rule to Show Cause against "the representative from plaintiff's law firm" and granted Defendants/Counter-Plaintiffs leave to file a motion for sanctions.

35. On or about October 23, 2015, attorney Erin K. Russell sent Steele a copy of this Court's October 14, 2015 order in case number 13-CV-4341 via FedEx.

36. As of October 23, 2015, Steele was not a representative of Prenda Law, Inc., or of Duffy Law Group.

37. On November 4, 2015, this Court entered an order in case number 13-CV-4341 continuing the matter for further status to December 1, 2015. The Court's order further provided as follows:

> [r]eturn on the rule to show cause against the representative from plaintiff's law firm is set for 12/1/15 at 9:30 a.m. Counsel for the defendants advised the Court that they spoke to Mr. John Steel(e) and he was aware of the 11/4/15 status.

38. On November 20, 2015, the undersigned, as counsel for Steele, wrote and sent a letter to Ms. Russell concerning the instant matter. (A copy of the letter is attached hereto as Exhibit 1.) In the letter, counsel informed Ms. Russell that Steele was not and is not a representative of Prenda Law Inc., or of Duffy Law Group. Counsel informed Ms. Russell that Mr. Steele was not and is not an officer, director, employee, or agent of either of those entities.

7

Counsel further informed Ms. Russell that Mr. Steele had no authority to appear on behalf of either Prenda Law, Inc. or Duffy Law Group at any hearing in this matter.

39. Counsel for Steele received no response of any kind from Ms. Russell to the November 20, 2015 letter.

40. On November 30, 2015, this Court entered an order amending its November 4, 2015 order "to reflect that counsel for the defendants advised the Court that Mr. John Steel(e) was advised via mail of the status and he was unable to be present." The Court also reset the status hearing in this matter to January 26, 2015, and continued the return on the rule to show cause against "the representative from plaintiff's law firm" until that time.

41. Shortly after November 30, 2015, Ms. Russell sent Steele a copy of this Court's November 30, 2015 order via FedEx.

**C. ARGUMENT**

42. In their September 29, 2015 Statement of Damages (filed in case number 13-CV-1569), Defendants/Counter-Plaintiffs purport to articulate a theory under which Steele should be held liable for sanctions and damages, both actual and punitive, in this matter.

43. As this Court pointed out in its April 9, 2015 order, however, Defendants/Counter-Plaintiffs are incorrect. They have never served Steele with process in either case number 13-CV-4341 or case number 13-CV-1569, or provided him notice of any pleading they have filed. They have recently sent him copies of orders after they were entered, but that alone cannot subject him to any kind of jurisdiction or liability. They have made no allegation that Steele has engaged in any conduct of any kind relating to either case number 13-CV-4341 or case number 13-CV-1569, and in fact he has not done so.

8

44. Further, as this Court observed in its April 9, 2015 order, for Defendants/Counter-Plaintiffs to plead Steele and Hansmeier into this case, or serve them with process, would destroy diversity jurisdiction.

45. To attempt to solve their conundrum, Defendants/Counter-Plaintiffs are apparently suggesting to this Court that Steele is somehow already in the case by virtue of some alleged involvement with Prenda Law, Inc. But the evidence belies that claim. As the Court observed in its January 22, 2015 order holding Duffy personally liable for $11,728 in sanctions, the facts presented to the Court in this case demonstrated that Duffy himself was the sole owner and officer of Prenda. This Court took that as true in its January 22, 2015 order, and it was true.

46. Defendants/Counter-Plaintiffs suggest to this Court that it should consider Steele to be involved somehow with Prenda now, or to have been involved with Prenda for the duration of this case, because of a prior order or orders in other matters finding that Steele participated in Prenda. They claim that issue preclusion requires this Court to find the same things as other courts found, and in so doing to hold Steele personally liable for things he did not do in cases in which he was not involved.

47. As this Court observed in its April 9, 2015 order in case number 13-CV-1569, the United States Supreme Court recently unanimously reaffirmed the "principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process," *Taylor v. Sturgell*, 128 S.Ct. 2161, 171 L.Ed.2d 155, 553

9

U.S. 880, 884. The Court emphasized the "fundamental nature" of that general rule. *Id*., at 898.

48. That fundamental principle is fully applicable here, even though Steele was not actually a "litigant" in case numbers 13-CV-4341 or 13-CV-1569. He was, and is, purely a nonparty.

WHEREFORE, John L. Steele reports the foregoing matters to this Court.

Respectfully submitted,
John L. Steele


 /s/ Mary Robinson
BY: Mary Robinson


 /s/ James A. Doppke, Jr.
BY: James A. Doppke, Jr.
Counsel for John L. Steele

James A. Doppke, Jr.
Robinson Law Group, LLC
20 South Clark Street, Suite 1060
Chicago, IL 60603
(312) 676-9875
mrobinson@robinsonlawillinois.com
jdoppke@robinsonlawillinois.com

10