UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRENDA LAW, INC., <br><br> Plaintiff, <br><br> v. <br><br> PAUL GODFREAD, ALAN COOPER, and JOHN DOES 1-10, <br><br> Defendants. | Case No. 13-CV-4341 <br><br> Judge John W. Darrah |

**REPLY TO DEFENDANTS' RESPONSE TO JOHN L. STEELE'S REPORT TO THE COURT**

John L. Steele ("Steele"), a nonparty to this action, as and for his Reply to Defendant's Response to his January 20, 2016 Report to the Court, states as follows:

1. John L. Steele (hereinafter "Steele") is not a party to the instant case, having not been served with process or otherwise interpled. He was referred to in several recent minute orders entered by this Court in the above-captioned case. In those minute orders, this Court has required the attendance of a "representative of Plaintiff's law firm" at a hearing in this matter. Although the above-captioned matter was consolidated with case number 13-CV-1569 in June 2013, the minute entries referring to Steele appear on the docket only of the above-captioned case.

2. On January 20, 2016, Steele filed a Report to the Court, the sole purpose of which was to inform this Court that Steele is not a "representative of Plaintiff's law firm" or in any other way involved in the above-captioned case or case number 13-CV-1569. Steele

did not and does not submit to jurisdiction in either of those cases, and he remains a nonparty to those cases.

3. On February 17, 2016, Defendants filed a three-page response to Steele's Report to the Court.

4. The title of the first section of Defendants' response asserts that Steele was, at all times relevant to *this matter*, a principal of Prenda Law, the plaintiff herein.

5. In support of that assertion, Defendants cite a 2012 order in *Ingenuity 13 LLC v. Doe* (12-CV-8333, C.D. Calif.), and an alleged 2011 conversation with counsel for Defendants in which someone purporting to be Steele allegedly said that he was a principal of Prenda.

6. Neither demonstrates that Steele was a principal of Prenda in 2013, when this case was filed, or at any time thereafter up to and including the present.

7. Defendants point out that Steele also filed his own case against them in Florida shortly after the filing of the instant case. That is correct. He dismissed the case 18 days later, never to revive it. Defendants assert that that somehow shows that Steele had something to do with this case. It does not. He filed his own case, and he let it go. He needed nothing to do with this case, and he had nothing to do with it.

8. Defendants also refer to voice mail messages allegedly left by Steele, one in which he identified himself as "opposing counsel" and one in which he was "boast[ful]" about something prior to the filing of this case.

9. Nothing in Defendants' account of the content of the first voice mail message, as reported by Defendants, would indicate that Steele meant to, or did, identify himself as

"opposing counsel" in *this case*. Nothing in Defendants' account of the message indicates that Steele was an officer or agent of Prenda Law at that time. Steele did not subsequently file an appearance as opposing counsel in this case. He did file the Florida case, in which he was opposing counsel to Defendants (in addition to being a party). He then dismissed that case.

10. Nothing in the content of the second voice mail message, as reported by Defendants, indicates that Steele was then taking – or subsequently took – any action with respect to *this case*. Nothing in Defendants' account of the message indicates that Steele was an officer or agent of Prenda Law at that time.

11. Defendants assert that Steele maintains an office in Chicago; is licensed to practice law in Illinois; and has other, unrelated litigation pending before this Court. But none of that is relevant to this Court's inquiry into whether Steele either took any action with respect to this case, or whether he was an officer or agent of Prenda Law at any time during this case (especially as of January 22, 2015, when this Court imposed an $11,728 sanction on Duffy and Prenda based on Duffy's conduct).

12. The salient facts are laid out in Steele's Report to the Court. Neither Defendants nor this Court saw, spoke with, or otherwise dealt with Steele in this case. Only Paul Duffy, now deceased, appeared or filed any documents in this case. There is no evidence that Steele had any interest or position in Prenda during this case, or that he otherwise had anything to do with Duffy's conduct.

13. Defendants cannot claim otherwise. Yet they now assert that for Steele to point it out is somehow sanctionable. Steele has done nothing to multiply the proceedings in this

3

matter (even as Defendants announce their intent to do so), and he is accurately reporting facts to the Court.

14. *Woolard v. Woolard*, 2009 U.S. Dist. LEXIS 88898 (N.D. Ill., September 23, 2009), cited in Defendants' response, is inapposite. That case concerned a litigant who, having once intervened the same case in relation to a citation to discover assets, attempted to resist being forced to participate in a later citation proceeding. The court determined that the non-party had sufficient minimum contacts with Illinois to justify personal jurisdiction, and in particular that the activities which constituted those contacts all related to the citation proceeding at issue.

15. Steele, unlike the litigant in *Woolard*, has not intervened in this case. Further, the question is not whether Steele should be sued in Illinois, or whether he should be sued somewhere else. The point is that he has not sued, or been sued, in this case. He is only here because it appeared that Defendants were wrongfully attempting to summon him to appear before this Court. It was (and is) appropriate for him to inform this Court that he has no connection to this matter.

WHEREFORE, John L. Steele reports the foregoing matters to this Court.

        Respectfully submitted,
        John L. Steele


        __/s/ Mary Robinson_____
        BY:    Mary Robinson


        __/s/ James A. Doppke, Jr._____
        BY:    James A. Doppke, Jr.
                  Counsel for John L. Steele


James A. Doppke, Jr.
Robinson Law Group, LLC
20 South Clark Street, Suite 1060
Chicago, IL  60603
(312) 676-9875
mrobinson@robinsonlawillinois.com
jdoppke@robinsonlawillinois.com